UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.  Case No.: 3:17–cr–00082–TAV–CCS

RANDALL KEITH BEANE

NOTICE OF PRETRIAL CONFERENCE

Pursuant to Rule 17.1, Federal Rules of Criminal Procedure, a pretrial conference is hereby scheduled before C. Clifford Shirley, Jr., United States Magistrate Judge, to commence on **Wednesday, September 13,2017** at **09:00 AM**, in Courtroom 3B.

Counsel who will actually try the case shall be present for the conference. All defendants who are not in custody may attend the pretrial conference. Any defendant who is in custody and who wishes to attend the pretrial conference must file a written request to attend the pretrial conference with the Clerk at least ten (10) days before the scheduled pretrial conference and serve a copy on the United States Marshal. If the Marshal is so notified, the defendant shall be brought to the pretrial conference by the Marshal without further notice by the Clerk or order of the Court. Failure to file a timely request to attend the pretrial conference will be deemed a WAIVER of any such request and a WAIVER of the opportunity to be present. Any time evidence is to be taken at any hearing, the defendant cannot waive his or her appearance and must be present, however. Cf. Rule 43(c)(3), Fed.R.Cr.P. The Clerk shall serve a copy of any order or notice setting an evidentiary hearing in any criminal case on the U. S. Marshal's office.

The proceedings will be in open court and may be electronically recorded. There may be a court reporter. No admissions made by a defendant or his attorney at the conference shall be used against the defendant unless the admissions are reduced to writing and signed by the defendant and his attorney.

At the pretrial conference an attempt will be made to:

1. determine whether Jencks Act statements will be supplied to defense counsel before the witness testifies and, if so, when;

2. settle discovery disputes;

3. resolve any pending motions;

4. promulgate and settle trial procedures, including –

    a. juror lists and questionnaires;
    b. voir dire;
    c. methods of handling cross–examination where multiple defendants are involved;

    d. order of case presentation by multiple defendants;
    e. number and use of peremptory challenges;
    f. use of grand jury transcripts;
    g. <u>Brady v. Maryland</u> motions;
    h. <u>Bruton</u> problems;
    i. identification of evidentiary or legal questions likely to arise at trial which require special attention of Court and counsel;
    j. simplification of issues for trial (e.g., elimination of alibi defense);
    k. estimation of length of trial;
    l. other matters which may be raised by the Magistrate Judge or counsel.

Following the pretrial conference, a pretrial order will be prepared by the Magistrate Judge or by counsel if so directed. If that pretrial order contains stipulations of fact or an agreement between the parties it shall be signed by the defendant, his attorney, the United States Attorney or his assistant, and the Magistrate Judge or District Judge. The pretrial order will be binding on the parties at trial and shall be modified only to prevent manifest injustice.

                                              C. Clifford Shirley, Jr.
                                              UNITED STATES MAGISTRATE JUDGE

                                              By <u>s/ Rachel K. Stone</u>
                                                  Deputy Clerk