IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:17-CR-82-TAV-CCS |
| RANDALL KEITH BEANE, and | ) | |
| HEATHER ANN TUCCI-JARRAF, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Tucci-Jarraf's pending pro se filing entitled Praecipe to Enter Dismissal with Prejudice and Declaration of Due Cause, "Praecipe and Declaration of Facts" [Doc. 43] ("Praecipe to Dismiss") and Defendant Beane's Request to Join in Co-defendant Filing [Doc. 44].[1] The Defendants' joint filing[2] appears to contend that the Court lacks personal and subject matter jurisdiction in this case. The Government responded [Doc. 46] in opposition on October 12, 2017. The parties appeared for a hearing on these filings on October 18, 2017. Assistant United States Attorneys Cynthia F. Davidson and Anne-Marie Svolto appeared on behalf of the Government. Defendant Randall Keith Beane represented himself, assisted by elbow counsel Attorney Stephen G. McGrath.

---

[1] Defendant Beane's motion [**Doc. 44**] to join in Defendant Tucci-Jarraf's filing is **GRANTED**.

[2] Defendant Tucci-Jarraf states that the Praecipe to Dismiss is not a motion [*see* Doc. 54]. At the October 18, 2017 hearing, she alleged that it is a judgment. For reasons explained more fully herein, the undersigned will treat the Praecipe to Dismiss as a joint *pro se* motion challenging the jurisdiction of this Court.

Defendant Heather Ann Tucci-Jarraf also represented herself, with the assistance of elbow counsel Attorney Francis L. Lloyd, Jr.

The Court has considered the parties' filings and arguments at the hearing in light of the Constitution of the United States and the relevant statutes and case law. For the reasons set out below, the undersigned finds that the United States District Court for the Eastern District of Tennessee has jurisdiction over both the subject matter of this case and the persons of Randall Keith Beane and Heather Ann Tucci-Jarraf. Accordingly, the Court recommends that their *pro se* request to dismiss the case for lack of jurisdiction be denied.

## I. BACKGROUND

On July 18, 2017, the Grand Jury returned an Indictment [Doc. 3] charging Randall Keith Beane and Heather Ann Tucci-Jarraf with federal crimes. Defendant Beane stands charged with five counts of wire fraud and one count of bank fraud for an alleged scheme to purchase certificates of deposit ("CDs") via electronic financial transactions using funds from the Federal Reserve Bank, which funds did not belong to Beane; to liquidate the CDs immediately; and to use the funds from the liquidation of the CDs to purchase a motorhome and to pay personal expenses. The Indictment also charges that Defendant Beane and Defendant Tucci-Jarraf conspired to launder the funds from the alleged scheme. Warrants issued for the arrest of Defendants Beane and Tucci-Jarraf on July 19, 2017.

Defendant Beane was arrested in this district and brought to court from state custody on a Writ of Habeas Corpus ad Prosequendum [Doc. 7]. He made an initial appearance and was arraigned on July 27, 2017. At that time, the Court appointed Assistant Federal Defender

Bobby Hutson, Jr., to represent Defendant Beane. Attorney Hutson moved [Doc. 20] the Court to review the attorney-client relationship, stating that Defendant Beane no longer wanted Mr. Hutson to represent him and, instead, wanted to represent himself. The parties appeared for a hearing on the motion on August 29, 2017. At that time, the Court advised Defendant Beane of the risks and perils of self-representation, using the questions provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987). The undersigned found [Doc. 37] that Defendant Beane knowingly and voluntarily waived his right to counsel and permitted Defendant Beane to represent himself. At Defendant Beane's request, the Court subsequently appointed [Doc. 41] elbow counsel to assist Defendant Beane.

Defendant Tucci-Jarraf was arrested in Washington D.C. on July 26, 2017. She had an initial appearance before United States Magistrate Judge Deborah A. Robinson of the United States District Court for the District of Columbia. Defendant Tucci-Jarraf also had an identity hearing on August 4, 2017. Judge Robinson ruled that the individual before her was Heather Ann Tucci-Jarraf and committed the Defendant to this district. On August 24, 2017, Defendant Tucci-Jarraf appeared before United States Magistrate Judge H. Bruce Guyton for her arraignment in this district. At that hearing, Defendant challenged the jurisdiction of the Court over her person and requested a hearing on jurisdiction and a detention hearing.

Defendant Tucci-Jarraf appeared before the undersigned for a detention hearing on August 29, 2017. At that hearing, the undersigned released Defendant Tucci-Jarraf on an Order Setting Conditions of Release [Doc. 35]. Defendant Tucci-Jarraf asked to represent herself. The Court advised Defendant Tucci-Jarraf of the risks and perils of self-representation, using the *McDowell* litany. 814 F.3d at 251. The Court determined [Doc. 37] that Defendant Tucci-Jarraf

3

knowingly and voluntarily waived her right to counsel, permitted her to represent herself, and appointed Attorney Francis L. Lloyd, Jr., to be her elbow counsel. At the detention hearing, Defendant Tucci-Jarraf again sought to challenge the Court's jurisdiction over her. The Court informed Defendant that she could raise her jurisdictional challenge in a motion, which the Court would hear on October 18, 2017.

## II. POSITIONS OF THE PARTIES

In the Praecipe to Dismiss [Doc. 43], the Defendants state that the United States, the prosecutors, the judges in this district, the Clerk of Court, the FBI agent, the Grand Jury foreperson, and the victim banks have no authority or jurisdiction over them. They assert that the party claiming jurisdiction has the burden of proving jurisdiction exists and that a sworn declaration stands as law, if it is not specifically rebutted. As a part of their Praecipe to Dismiss, the Defendants provide a "Declaration of Facts," consisting of fifty-five pages of UCC Financing Statement Amendments and Addenda. The Praecipe to Dismiss concludes by stating that Defendant Tucci-Jarraf (and presumably also Defendant Beane, who has joined in this filing) does not consent to any individual having jurisdiction or authority over her.

The Government responds [Doc. 46] that the Court has subject matter jurisdiction in this case pursuant to 18 U.S.C. § 3231, which gives the Court exclusive jurisdiction over crimes against the United States. The Government argues that the Defendants are charged with crimes against the United States. The Government also contends that the Court has personal jurisdiction over the Defendants. It maintains that federal courts have uniformly rejected arguments that a defendant is sovereign and beyond the jurisdiction of the courts.

4

Both Defendants filed several other documents after the Government's response:

(1) Due Cancellation of True Bill [Doc. 42], filed by Defendant Beane on September 26, 2017;[3]

(2) Notice of Filing of Request for Due Identification and Verification of Authority and Jurisdiction [Doc. 45], by Defendant Beane, filed on October 2, 2017;[4]

(3) Notice of Filing of Original Instrument Cancelled Truebill [Doc. 48], filed by Defendant Tucci-Jarraf on October 13, 2017;[5]

(4) Notice of Filing of Original Instrument Rejected without Dishonor [Docs. 49 & 53 (duplicate)], filed by Defendant Tucci-Jarraf on October 13, 2017;[6]

(5) Notice of Filing of Original Instrument Cancelled Truebill [Doc. 50], filed by Defendant Beane on October 16, 2017;[7]

(6) Notice of Filing of Original Instrument Rejected without Dishonor [Doc. 51], filed by Defendant Beane on October 16, 2017;[8]

---

[3] This document appears to be a supplement to Defendant Beane's Notice of Filing of Due Declaration of Addendum of Law, Presumption, Perpetuity; Cancellation of True Bill [Doc. 19], which was filed on August 11, 2017.

[4] Defendant Beane sent this document via certified mail to Chief United States District Judge Thomas A. Varlan, and it was docketed as a notice on October 2, 2017. The undersigned also received a copy of this document via certified mail.

[5] This is a copy of the Indictment with "VOID" handwritten across each page and bearing handwritten notes by Defendant Tucci-Jarraff purporting to cancel the Indictment.

[6] This is a copy of the Government's response with handwritten notations by Defendant Tucci-Jarraf rejecting the response for lack of verification and authorization by the presenter.

[7] This is a copy of the Indictment with "VOID" handwritten across each page and bearing handwritten notes by Defendant Beane purporting to cancel the Indictment.

[8] This is a copy of the Government's response with handwritten notations by Defendant Beane rejecting the response for lack of verification and authorization by the presenter.

(7) Notice of Filing of Order [Doc. 52], filed by Defendant Tucci-Jarraf on October 17, 2017;[9]

(8) Final Due Notice; Praecipe [Doc. 54], filed by Defendant Tucci-Jarraf on October 17, 2017;[10]

(9) Declaration of Statement of Assessments, Reconciliations, and Settlements Credited to Defendant [Doc. 55], filed by Defendant Tucci-Jarraf on October 17, 2017;[11]

(10)  Notice of Correction of Praecipe (Document 54) [Doc. 56], filed by Defendant Tucci-Jarraf on October 18, 2017;[12] and

(11)  Notice of Original Instrument [Doc. 57], filed by Defendant Beane on October 18, 2017.[13]

At the October 18 motion hearing, Defendant Tucci-Jarraf argued, among other things, that the United States is a corporation, which she has foreclosed; that the courts are the functional equivalent of banks; that judges are the bank tellers; and that the Federal Reserve and Morgan Stanley amortize all indictments. Defendant Tucci-Jarraf asserted that she filed a UCC Financing Statement, which resulted in a perfected judgment against the United States. She

---

[9] This is a copy of Chief Judge Varlan's referral order, with handwritten notes by Defendant Tucci-Jarraf rejecting it.

[10] This document states that the Praecipe to Dismiss is not a motion and directs Chief Judge Varlan and the undersigned to enter an attached order, which is signed by Defendant Tucci-Jarraf and purports to dismiss the case with prejudice, to vacate all detention orders, and to close the case.

[11] In this document, Defendant Tucci-Jarraf claims that she is owed $46 quintillion dollars, payable in pre-1933 gold and silver coins.

[12] Herein, Defendant Tucci-Jarraf states that Documents 18, 25, 43, 48, 49, 52, 54, 55, and "the DAR from hearing on 8/24/17" are unrebutted and accepted.

[13] This is a copy of the Arrest Warrant with "VOID" handwritten across each page and bearing Defendant Beane's handwritten notes purporting to cancel the Arrest Warrant.

claimed that she has also foreclosed all domestic financial institutions, along with various international banks and financial institutions. Defendant Tucci-Jarraf stated that she had filed a proposed order [Doc. 54], which she signed, dismissing the case.

At the hearing, Defendant Beane joined in Defendant Tucci-Jarraf's filings. However, he could not explain the Praecipe to Dismiss or his legal basis for claiming that the Court has no jurisdiction over him.

AUSA Svolto argued that 18 U.S.C. § 3231 gives the Court subject matter jurisdiction in this case. She stated that the charges give the Court jurisdiction over the Defendants. AUSA Svolto maintained that the Defendants did not have to consent to the Court's jurisdiction for the case to proceed, and, in fact, the Defendants were both brought before the Court without their consent by means of an arrest warrant. She stated that the UCC filings submitted by the Defendants have no legal relevance or consequence and that they do not constitute a valid or enforceable judgment. AUSA Svolto argued that many circuits, including the Sixth Circuit in *United States v. Pryor*, 842 F.3d 441 (6th Cir. 2016), which is binding on this Court, have held that federal courts have subject matter and *in personam* jurisdiction over individuals, who claim to be sovereign citizens.

Both Defendant Tucci-Jarraf and Defendant Beane denied that they are sovereign citizens. Defendant Tucci-Jarraf stated that she is not a citizen of a "corporation operating under the guise of government" and that she is not a "constitutionalist," because the Constitution is a contract, to which she was not a party or a signatory. [Doc. 61, Trans., p.88] Instead, she maintained that the Constitution, like the United States and the entire United States Code, no longer exists legally, due to her foreclosure. Moreover, she argued that she did not consent to this Court's

7

jurisdiction because the Court had not proven its authority by providing the verification of United States Attorney Jeff Sessions, bearing his biometric seal (i.e., his fingerprint).

### III. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V.  The instant Defendants have filed in excess of seven hundred twenty-five (725) pages, many of which are duplicates.  These filings are mainly comprised of UCC Financing Statements and are largely devoid of intelligible argument.  However, based upon the Defendants' statements at the hearings on August 24 and August 29 and Defendant Tucci-Jarraf's argument on October 18, the Court gathers that the Defendants contend this case should be dismissed because the Court lacks jurisdiction over them or this case.  For the reasons stated herein, the Court finds no basis for the dismissal of the Indictment or the case as a whole and **RECOMMENDS** that the Praecipe to Dismiss [Doc. 43] and all of the Defendants' filings, to the extent that they can be taken to request relief from the Court, be denied.

#### A. This Court has Jurisdiction Over the Charges and the Defendants

Article III, section 1, of the United States Constitution provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish."  U.S. Const. Art. III, §1.  Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. Art. III, §2, cl.1.  By

statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). The Defendants are charged with wire fraud, bank fraud, and money laundering, allegedly occurring in the Eastern District of Tennessee. Because the Defendants are charged with violations of federal law, i.e., 18 U.S.C. §§ 1343, 1344, and 1956, in this district, the United States District Court for the Eastern District of Tennessee unquestionably has jurisdiction over this case. *See United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (holding the fact that the defendant was charged under federal statutes provide the court "with federal-question subject-matter jurisdiction"), *cert. denied*, 137 S. Ct. 2254 (2017)

Defendant Beane was taken into custody on an arrest warrant and brought into federal custody on a Writ of Habeas Corpus ad Prosequendum. Defendant Tucci-Jarraf was brought before the Court on a federal arrest warrant. Our appellate court has held that "[f]ederal courts have personal jurisdiction over criminal defendants before them, whether or not they are forcibly brought into court." *Pryor*, 842 F.3d at 448 (citing *United States v. Alvarez–Machain*, 504 U.S. 655, 660–62 (1992) and *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)). Accordingly, this Court has *in personam* jurisdiction over the Defendants.

### B. The Defendants' Claims Have No Legal Support and Defy Common Sense

The Defendants' claims fall into three main categories: (1) the United States

9

government (including the judicial branch) no longer exists because it was a corporation, which was foreclosed by Defendant Tucci-Jarraf and others acting on behalf of The Public Trust; (2) various UCC Financing Statement Amendments created and filed by Defendant Tucci-Jarraf and others constitute a "judgment" against the United States government; and (3) as a result of this foreclosure and judgment, the only authority over the Defendants is that to which they consent. The principle idea undergirding the Defendants' arguments is that an unrebutted declaration has the force of law. The Court briefly examines each of the Defendants' claims and finds that they have no basis in law or in fact.

The Defendants claim that the United States is a corporation based upon 28 U.S.C. § 3002(15). This statute only defines certain terms as used in the Federal Debt Collection Procedures Act. Subsection (15) defines the "United States," *when used in the Federal Debt Collection Procedures Act*, as including (A) "a Federal corporation"[14]; (B) "an agency, department, commission, board, or other entity of the United States"; *or* (C) "an instrumentality of the United States." 28 U.S.C. § 3002(15). Thus, even within that Act, the United States is not transformed into a corporation, nor limited to being a corporation, as the Defendants suggest, but includes any agency or department of the United States government. Moreover, the Act itself states that it provides "the exclusive *civil procedures* for the United States" to "recover a judgment or a debt" or "to obtain, before judgment on a claim for a debt, a remedy in connection with such a claim." 28 U.S.C. § 3001 (emphasis added). In other words, the Act does not purport to define the term "United States" for any purpose other than the collection of federal debts. The statute

---

[14]The Corporation for Federal Broadcasting, the National Railroad Passenger Corporation (Amtrack), and the Tennessee Valley Authority are just a few examples of federal corporations.

raised by the Defendants, 28 U.S.C. § 3002(15) does not in any way apply in this case and has no effect on this Court's jurisdiction in this *criminal* case. *See United States v. Harris*, No. 2:09–cr–03, 2009 WL 10681132, *9 (W.D. Mich. Oct. 9, 2009) (Edgar, J.).

In *United States v. Harris*, the court similarly rejected a criminal defendant's contention that the United States is a corporation based upon 28 U.S.C. § 3002(15), holding the statute does not apply because "[t]his criminal case against defendant Harris is not a civil action brought by the United States to recover or collect a judgment on a debt that falls under Chapter 176 of the United States Code, the Federal Debt Collection Procedures Act." *Id.* The court characterized Harris's argument as "frivolous," observing that "[i]n short, the United States of America has the legal authority to bring and prosecute the superseding indictment against defendant Harris." *Id.* at *10. Defendant Tucci-Jarraf's and Defendant Beane's assertion or "declaration" that the United States is a corporation is also frivolous.

The Defendants also contend that the myriad UCC Financing Statement Amendments that they have included with their filings constitute a "perfected judgment" against the United States that somehow prevents the Defendants' prosecution for federal crimes.[15] To the contrary, the Defendants' numerous UCC filings have no relevance whatsoever in this criminal case. First, as Defendant Tucci-Jarraf acknowleged [Doc. 61, Trans., pp.52-3], the Uniform

---

[15] The Defendants apparently do not espouse the definition of "judgment" from the same Federal Debt Collection Procedures Act from which they pluck the definition of "United States." In the Federal Debt Collection Procedures Act, "'Judgment'" means a judgment, order, or decree entered in favor of the United States *in a court* and arising from a civil or criminal proceeding regarding a debt." 28 U.S.C. § 3002(8) (emphasis added). This is but one example of the numerous internal inconsistencies in the Defendants' arguments. This example illustrates how the Defendants pick and choose various snippets of law—the very law that they claim no longer exists—and then misapply those fragments to try to shore up their fantastical legal theory.

11

Commercial Code is not a law and has no legal force or effect in and of itself, but instead is a proposed model code developed to promote uniformity in commercial transactions in the various states. Each state adopts its own commercial code. The Defendants' UCC filings that are part of the Praecipe to Dismiss state that they were filed and recorded in Washington D.C. The Defendants argue that their filings include language that makes these filings applicable in all jurisdictions. However, as discussed at the motion hearing, the Defendants' bare assertion of a fact or premise does not make it true. The Defendants have provided no authority for their contention that they can file a UCC Financing Statement Amendment in Washington D.C. and somehow divest every federal court nationwide of the ability to prosecute them for federal crimes.

Second, the Defendants' filings are sham UCC Financing Statement Amendments, wherein Defendant Tucci-Jarraf purports to amend a UCC Financing Statement but references no current record to be amended or supplemented. The sham UCC Financing Statement Amendments do not allege a bona fide financial transaction but, instead, contain a "Declaration of Facts," made up by Defendant Tucci-Jarraf and others. The fact that the Defendants were able to state their worldview on UCC Financing Statement Amendment forms and have them filed by the Washington D.C. Recorder of Deeds does not shield the Defendants from indictment, prosecution, or liability in this federal criminal case. *See Harris*, 2009 WL 10681132, *3. In *Harris*, the defendant filed a UCC financing statement and "security agreement" in support of his claim that the court lacked jurisdiction over him. *Id.* The court rejected the defendant's "ploy":

> Just because Harris unilaterally chooses to call something a commercial transaction or a UCC financing statement and security agreement does not necessarily make it so. And just because Harris was able to file or record the sham UCC financing statement and security agreement with the Michigan Secretary of State does not necessarily make the documents legally valid and enforceable under

12

> the Michigan UCC. The office of the Michigan Secretary of State merely accepted for filing documents submitted to it. The mere act of filing or recording the sham UCC financing statement and security agreement with the Michigan Secretary of State's office does not automatically make the documents legally valid and enforceable under the Michigan UCC.
>
> The bottom line is that defendant James Deven Harris a/k/[a] James Deven Harris–El cannot avoid indictment, prosecution and liability in this federal criminal case based on his sham UCC financing statement and security agreement.

*Id.* at *3-4. Likewise, Defendants Tucci-Jarraf and Beane gain no traction with their jurisdiction argument by making declarations on UCC Financing Statement Amendment forms.

Finally, the Defendants' UCC filings do not constitute a lawful judgement. At the October 18 motion hearing, Defendant Tucci-Jarraf argued that her "Declaration of Facts," which was stated on the UCC Financing Statement Amendment forms, constituted a "perfected judgment." [Doc. 61, Trans., pp. 4, 7-11, 15, 22] She contends that this "judgment" is binding on the Court because she alleged these facts and no one has rebutted them. She claims, as one of her ten "maxims of law," that a "duly sworn, verified, and validated declaration, made with due signature and seal, duly unrebutted specifically and particularly, stands as law." [Doc. 43, p.3] At the motion hearing, Defendant Tucci-Jarraf could provide no legal authority for this maxim and could only assert that it is universally known. [Doc. 61, Trans., pp.14-16] As Defendant Tucci-Jarraf, who was formerly a licensed attorney, well knows, a "judgment" is "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." *Black's Law Dictionary*, 977 (4th ed. 1968); Fed. R. Crim. P. 32(k) (providing that "in the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence .

13

. . [and] must sign the judgment and the clerk must enter it"). A UCC filing, even a legitimate one, is not a judgment.

The Defendants argue that, as a result of their alleged "foreclosure" and "judgment" (both of which have been discounted above), the only authority over them is that to which they consent. The Defendants contend that they do not give this Court jurisdiction over them and demand that the Court file their proposed order, dismissing the case.[16] While the Defendants deny that they are "sovereign citizens," they assert the typical argument of those espousing sovereign-citizen views, which is that the defendant is sovereign and above the law. Here, the Defendants argue that they are not subject to the jurisdiction of the United States Courts because they have not consented to the Court's authority over them and that indictments may only be issued by the individual who is charged therein. Although the instant Defendants wrap their arguments in the novel package of the One People's Public Trust, the Defendant's assertions are, in essence, the timeworn sovereign citizen arguments that have been uniformly rejected by federal courts for decades. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (rejecting criminal defendants' argument that as a sovereign citizens and "secured-party creditors," they were not subject to the court's jurisdiction and collecting cases); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting defendant's argument that the court "lacked jurisdiction over him

---

[16] At the motion hearing, Defendant Tucci-Jarraf argued that an indictment can only be issued by consent. She claimed this applies to her and all other people. Her incredible and absurd argument is that no criminal charges can be brought against her, or against anyone, without that individual's consent. Under her reasoning, anyone can commit any criminal act (burglary, robbery, assault, drug trafficking, or even murder) but cannot be prosecuted, unless they consent to being prosecuted. Even the least educated among us would scoff at this notion. However, those intent upon preying on others would relish such a proposition. Such a system would be untenable, and no nation, country, state, or community could exist under such a preposterous proposition.

because he was a resident of Michigan and not any 'federal zone'" as "completely without merit and patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (observing the argument that a criminal defendant is not subject to the jurisdiction of the federal courts because he is sovereign is a position that "has no conceivable validity in American law"); *see also Bey v. State of Indiana*, 847 F.3d 559, 560 (7th Cir. 2017) (holding that lawsuit seeking to enjoin property taxes was "frivolous," because plaintiff was not sovereign and was an United States citizen, who "unlike foreign diplomats has no immunity from U.S. law") (Posner, J.). "[T]he laws of the United States apply to all persons within its borders." *Bey v. United States*, No. 1:16–cv–01347–JBM, 2016WL5723655, *1 (C.D. Ill. Sept. 29, 2016) (rejecting defendant's sovereign citizen argument). This is true even if the individual does not consent.

The jurisdiction of this Court is provided by statute, 18 U.S.C. § 3231, and the Defendants were brought before the Court through valid legal process. No UCC filing, special oath or phrasing, or amount of legalese by the Defendants serves to divest the Court of its jurisdiction. The Court finds that the Defendants' contention that this Court must dismiss the case due to a lack of jurisdiction should be denied.

IV.     CONCLUSION

After carefully considering the parties' filings and arguments and the relevant legal authorities, the Court finds no basis to dismiss the Indictment. For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' filing requesting the dismissal of the case [**Doc. 43**] be **DENIED**.[17] The undersigned also **RECOMMENDS** that the Defendants' supplemental filings [**Docs. 42, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, & 57**], which purport to void the Indictment and other parts of the record, also be **DENIED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[17]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).