UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:17-CR-82-TAV-CCS |
| RANDALL KEITH BEANE and HEATHER ANN TUCCI-JARRAF, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the government's Motion in Limine to Prohibit Jurisdictional Argument [Doc. 78]. This is the only motion in limine filed in this case, and the deadline for filing further motions in limine has now passed [Doc. 77 p. 2]. The Court held a final pretrial conference on January 12, at which the defendants requested additional time to review and respond to the government's motion. The Court granted this request and ordered the defendants to file any responses to the government's motion by January 16. Defendant Heather Ann Tucci-Jarraf has now filed a response brief [Doc. 86], as well as an additional filing that the Court likewise construes as a response [Doc. 81]. Defendant Randall Beane has not responded to the government's motion. For the reasons explained below, the Court will grant the government's motion in limine.

**I.    Standard of Review**

"Motions in limine allow the Court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration." *United States v.*

*Amir*, No. 1:10-cr-439, 2011 WL 3862013, at *1 (N.D. Ohio Aug. 31, 2011) (citing *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)). Evidence should be excluded on a motion in limine only if it is clearly inadmissible. *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "If the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Amir*, 2011 WL 3862013, at *1 (citing *Ind. Ins.*, 326 F. Supp. 2d at 846). Furthermore, "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## II.  Analysis

Federal Rule of Evidence 401 defines relevant evidence as that which (1) "has any tendency to make a fact more or less probable than it would be without the evidence," where (2) that fact "is of consequence in determining the action." Rule 402 makes clear that irrelevant evidence is inadmissible. The Sixth Circuit "applies an 'extremely liberal' standard for relevancy." *United States v. Collins*, 799 F.3d 554, 578 (6th Cir. 2015) (quoting *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006)). "[W]hen determining whether evidence is relevant, the district court must not consider the weight or sufficiency of the evidence." *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996). On the other hand, federal district courts are "accorded wide discretion in determining the admissibility of evidence challenged as irrelevant." *McGowan v. Cooper*

*Indus.*, 863 F.2d 1266, 1271 (6th Cir. 1988). The Court also notes that the Sixth Circuit has repeatedly rejected arguments by other sovereign citizens and tax protestors that the federal courts lack jurisdiction over them as "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

Furthermore, Rule 403 grants the Court discretion to exclude otherwise-relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As with relevancy rulings, the Sixth Circuit "has consistently held that '[a] district court has very broad discretion in making [Rule 403] determination[s].'" *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)). However, under Rule 403, "it is not sufficient to suggest that the 'legitimate probative force of the evidence' would result in damage to the [movant's] case." *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011) (quoting *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006)). Rather, the movant must show "that the evidence would 'tend[] to suggest [a] decision on an improper basis.'" *Id.* (alterations in original) (quoting *Newsom*, 452 F.3d at 603).

Here, the government moves to exclude evidence that the Court lacks jurisdiction over the defendants or that the United States is a defaulted or foreclosed entity without lawful authority over the defendants, pursuant to Rules 401, 402, and 403 [Doc. 78]. The government expects the defendants to offer such evidence based on their previous filings and assertions. The government submits that such evidence would be irrelevant, confusing,

3

misleading, and incorrect. The government further argues that the Court's jurisdiction over the defendants is an issue already litigated and decided, and that any evidence on this topic would not be relevant to a material fact under Rules 401 and 402. The government notes that both U.S. Magistrate Judge C. Clifford Shirley, Jr., and this Court have already found the defendants' jurisdictional arguments and many Uniform Commercial Code ("UCC") filings frivolous and devoid of intelligible argument [*See* Docs. 62, 69]. The government further argues that, even if some of this evidence were relevant, it would be misleading, confusing, likely to result in undue delay, and thus subject to exclusion under Rule 403. The government points in particular to the defendants' lengthy and ambiguous UCC filings, which are filled with inappropriately used legal terminology.

For her first response to the government's motion in limine [Doc. 81], defendant Tucci-Jarraf has simply obtained a physical copy of the motion, handwritten ambiguous remarks on each page, signed and marked each page with a red fingerprint, and refiled the altered document with the Clerk of Court. The first of these remarks is exemplary of the rest: "Duly rejected, without dishonor, for due cause. Lacks due verification and validation of presenter's due: 1. identification; 2. authority; 3. authorization; and 4. indorsement" [*Id.* at 1]. Defendant Tucci-Jarraf also lists the CM/ECF numbers of numerous docket entries in this case, without elaboration. This defendant has filed many similar alterations of court documents in this case, and the Court has previously explained why such filings fail to raise any substantive arguments for the Court to consider [*See* Doc. 69 pp. 2–4]. Thus, the defendant's first response lacks merit.

Defendant Tucci-Jarraf's second response [Doc. 86] begins with three "praecipe"[1] that do not seem to pertain at all to the government's motion in limine.  Next, defendant Tucci-Jarraf asserts that the government and the Court have not produced "duly verified, validated, and sworn documentation, with due signature and seal, of their authority and jurisdiction over [the defendants]" [*Id.* 2–3].  Defendant Tucci-Jarraf thus asserts that this criminal case is void *ab initio*.  Furthermore, defendant Tucci-Jarraf appears to argue that the government's motion in limine should be denied for several reasons: (1) it seeks to preclude evidence refuting the requisite element of the defendants' intent to commit fraud; (2) it seeks to preclude evidence of the unlawful actions of various government officials in conspiring against the defendants; (3) it seeks an order validating the U.S. Attorney's Office's authority over the defendants "by its very issuance"; (4) it seeks to relieve the government of its burden to prove the intent element beyond a reasonable doubt; and (5) granting this motion would expose the Court to a "risk of reversible error" [*Id.* at 3–4]. Finally, defendant Tucci-Jarraf reiterates that the record is devoid of evidence authorizing the Court or the government to exercise any authority over her.

Here, the Court finds that any evidence concerning the Court's subject-matter jurisdiction or the legal existence of the United States government would be irrelevant under Rules 401 and 402.  Whether this Court has jurisdiction over the criminal prosecution of these defendants is not "of consequence" to the trial in this matter, Fed. R. Evid. 401(b),

---

[1] A "praecipe" is a common law "motion or request seeking some court action, [especially] a trial setting or an entry of judgment." *Praecipe*, *Black's Law Dictionary* (10th ed. 2014).

because the Court has already conclusively determined that it does have jurisdiction [*see* Docs. 62, 69]. And, as noted above, the defendants' arguments as to the Court's lack of jurisdiction and the nonexistence of the United States are frivolous. *Mundt*, 29 F.3d at 237; *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). Any evidence pertaining solely to jurisdictional issues would thus fail the relevancy test under Rule 401. *See United States v. Schwartz*, No. 1:08-cr-10, 2008 WL 2074018, at *3 (W.D. Mich. May 14, 2008) (granting the government's motion in limine to exclude as irrelevant evidence from the defendant tax protestors that the court lacked jurisdiction over them and that the United States tax and monetary systems were unconstitutional).

Moreover, the Court finds that exclusion of jurisdictional evidence is alternatively appropriate under Rule 403. Admitting the type of jurisdictional evidence the defendants have repeatedly submitted in this case—i.e., numerous UCC filings and marked-up copies of court documents—would likely confuse and mislead the jury and cause undue delay. Fed. R. Evid. 403. The probative value—if any—of presenting to the jury potentially hundreds of pages of handwritten documents containing inapposite legal terminology and ambiguous remarks is substantially outweighed by these tangible risks to the orderly administration of the trial in this matter. And, because the defendants' jurisdictional challenges are meritless, this evidence could serve only to suggest to the jury an "improper basis" for deciding this case. *Poulsen*, 655 F.3d at 509. Thus, exclusion under Rule 403

is warranted to the extent the defendants wish to admit jurisdictional evidence of the same type they have previously submitted to the Court.

Furthermore, the Court finds defendant Tucci-Jarraf's arguments in opposition to the government's motion unpersuasive. The Court has previously rejected the defendants' arguments that the Court and the government's written filings lack proper signatures, seals, or other modes of verification [Docs. 62, 69]. Indeed, despite challenging almost every filing in this case on a similar basis, defendant Tucci-Jarraf has never explained what other modes of authorization she thinks necessary. Moreover, nothing in the government's motion seeks to preclude the defendants from offering evidence relating to the requisite element of criminal intent. Nor does this motion seek to negate the government's burden of proof on the intent element. To the extent the defendants wish to offer evidence that relates to *both* jurisdictional matters and criminal intent at trial, the Court will consider any Rule 403 objections to such evidence when offered.

Next, any evidence as to a conspiracy among government officials to harm the defendants or their property interests would be irrelevant under Rule 401, at least absent a suppression motion or the like. This case concerns the alleged crimes of the defendants, not others. And as for defendant Tucci-Jarraf's claim that the Court is simply declaring the government's authority to prosecute her, the Court's ruling is instead based on the U.S. Attorney's Office's express statutory authority to prosecute federal offenses. 28 U.S.C. § 547. Finally, defendant Tucci-Jarraf's warning regarding a risk of reversal on appeal is not a substantive reason to deny the government's motion in limine.

**III.     Conclusion**

Accordingly, the Court hereby **GRANTS** the government's Motion in Limine to Prohibit Jurisdictional Argument [Doc. 78].  It is therefore **ORDERED** that the defendants are prohibited from offering any evidence, testimony, or argument at trial concerning the following subjects: (1) whether this Court has subject-matter jurisdiction over these proceedings; (2) whether the United States government is defaulted, has been foreclosed, or is otherwise legally impaired; and (3) whether the United States government has legal authority to bring a prosecution of the defendants for the charged offenses.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE