```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TENNESSEE
                           AT KNOXVILLE
_____
                                )
UNITED STATES OF AMERICA,       )
                                )
         Plaintiff,             )
                                )
vs.                             )   Case No.:  3:17-CR-82
                                )
RANDALL KEITH BEANE,            )
HEATHER ANN TUCCI-JARRAF,       )
                                )
         Defendants.            )
_____)
```

**EXCERPT OF JURY TRIAL PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS A. VARLAN**

**January 23, 2018**

**APPEARANCES:**

**FOR THE PLAINTIFF:**         CYNTHIA F. DAVIDSON, ESQUIRE
                               ANNE-MARIE SVOLTO, ESQUIRE
                               Assistant United States Attorney
                               United States Department of Justice
                               Office of the United States Attorney
                               800 Market Street
                               Suite 211
                               Knoxville, Tennessee 37902

**FOR THE DEFENDANT:**         RANDALL KEITH BEANE, PRO SE
**RANDALL BEANE**              Blount County Detention Center
                               920 East Lamar Alexander Parkway
                               Maryville, Tennessee 37904

**FOR THE DEFENDANT:**         STEPHEN G. McGRATH, ESQUIRE
(As Elbow Counsel)             9111 Cross Park Drive
                               Suite D-200
                               Knoxville, Tennessee 37923




                           **REPORTED BY:**

                    Rebekah M. Lockwood, RPR, CRR
                        Official Court Reporter
                           (865) 210-6698
                            P.O. Box 1823

**APPEARANCES (CONTINUED):**

**FOR THE DEFENDANT:**  HEATHER ANN TUCCI-JARRAF, PRO SE
**HEATHER ANN**  105 Orchard Lane
**TUCCI-JARRAF**  Oak Ridge, Tennessee 37830

**FOR THE DEFENDANT:**  FRANCIS LLOYD, ESQUIRE
(As Elbow Counsel)  9111 Cross Park Drive
 Suite D-200
 Knoxville, Tennessee 37923

Rebekah M. Lockwood, RPR, CRR
Official Court Reporter
(865) 210-6698
P.O. Box 1823
Knoxville, Tennessee

Case 3:17-cr-00082-TAV-DCP  Document 128  Filed 02/05/18  Page 2 of 17  PageID #: 15419

(Excerpt of Proceedings)

(Call to Order of the Court)

THE COURT: Thank you. Good morning, everyone. Let's call up the case for trial, please.

THE COURTROOM DEPUTY: Criminal Action 3:17-CR-82, United States of America versus Randall Keith Beane, Heather Ann Tucci-Jarraf.

THE COURT: All right. Thank you. Looks like everyone is present, counsel for the government and the government representatives; the defendant, Ms. Tucci-Jarraf, and her standby counsel, Mr. Lloyd; and the defendant, Mr. Beane, and his standby counsel, Mr. McGrath.

Before we have jury selection in this case, I want to address a few preliminary matters.

First is jury selection. I want to briefly remind the parties how jury selection will proceed in this case. As I informed you last week at the final pretrial conference, the Court will conduct all of the voir dire in this case, that is the questioning of prospective jurors as permitted by Federal Rule of Criminal Procedure 24(a).

The Court also ordered the parties to submit any proposed jury questions they wished the Court to ask by Wednesday, January 17, and the Court later amended this deadline to permit the parties to submit proposed questions by Thursday, January 18, in light of requests made last week due

UNITED STATES DISTRICT COURT

1  to the inclement weather.

2  　　　　The Court did receive proposed jury questions from
3  the government and from the defendant, Mr. Beane.  However, the
4  Court then received a subsequent filing from Defendant Beane
5  that the Court interprets as a request to withdraw his proposed
6  voir dire questions or jury questions.  Those two documents by
7  Defendant Beane being chronologically Document 89 and
8  Document 99 in the record.

9  　　　　The Court has nonetheless carefully reviewed all of
10 these filings and will exercise its discretion under Rule
11 24(a)(2)(B) to determine which questions it considers proper to
12 ask the prospective jurors.  The Court will also ask -- as it
13 stated last week, will ask a number of its own questions.

14 　　　　The Court will not inform the jury panel whether a
15 particular question was suggested by the government,
16 defendants, or the Court itself, but will inform the jury panel
17 that the parties had the opportunity to submit proposed
18 questions and that the Court will be conducting the jury
19 questioning in its entirety.

20 　　　　After the conclusion of the questioning, as a
21 reminder, the parties will be permitted to exercise their
22 peremptory challenges in the manner we discussed at the final
23 pretrial conference.  That, again, being up to seven peremptory
24 challenges by the government and up to 11 peremptory challenges
25 combined by the defendants.  I also remind you that any

1     challenge for cause, other than those directly addressed by the
2     Court during the Court's questioning, should be made at the
3     time any for-cause challenge is brought to the attention of any
4     of the respective parties.
5                So does anyone have any questions about the
6     procedures for jury selection in this case?
7                Ms. Davidson?
8                MS. DAVIDSON:  Yes, Your Honor.  Rule 24 provides
9     that follow-up questions could be submitted.  Is that -- are we
10    allowed to submit follow-up questions to you if we have them?
11               THE COURT:  It provides it could.  Let's see at the
12    end.  I'll make that determination, see if anyone has any.
13               MS. DAVIDSON:  Okay.  Thank you, Your Honor.
14               THE COURT:  All right.  Ms. Tucci-Jarraf, any
15    questions about jury selection?
16               MS. TUCCI-JARRAF:  I don't have any questions about
17    jury selection, but I would like to address a preliminary
18    matter, which was just brought to my attention, and I still
19    need to -- I just received the document, and I need to be able
20    to go over it with Francis.
21               THE COURT:  All right.  We'll give you the
22    opportunity in just a moment.
23               But let me -- Mr. Beane, any questions about jury
24    selection?
25               MR. BEANE:  No.

1                THE COURT:  All right.  Then the next matter I want
2    to take up, and I don't know if this is the document to which
3    you're referring, Ms. Tucci-Jarraf, but the government filed --
4    excuse me -- I believe it was yesterday, a motion to amend the
5    indictment to correct a clerical error, which is Document 97 in
6    the record.
7                The Court had reviewed that motion, but was going to
8    give the defendants, if there is anything further you want to
9    say regarding that particular document, Ms. Tucci-Jarraf, or if
10   you want to refer -- defer to Mr. Lloyd, either way, do you
11   have anything you want to say with respect to Document 97, the
12   government's motion to amend the indictment to correct a
13   clerical error?
14               MS. TUCCI-JARRAF:  I haven't reviewed or received --
15   apparently, Francis did that.  He sent it over with a number of
16   documents.  I received various documents over the last 48 hours
17   from the Department of Justice and as well as -- I believe
18   it's -- it's a division of Department of Justice.
19               And then also I just received notice of Mr. Beane's
20   filings, as well as Document 100, I believe it is, which was
21   entered in for yourself.  And I haven't had a chance to review
22   any of these.
23               So at this time, I'm going to reserve any kind of
24   response until I'm actually able to review it and to make an
25   informed response.

1 THE COURT: All right. Mr. Beane, do you have
2 anything you'd like to say in response to the government's
3 motion to amend the indictment?
4 MR. BEANE: Just that there's not been time to review
5 any of the documents that were just handed and make
6 appropriate --
7 THE COURT: Well, as the Court reminded the
8 individual defendants at the final pretrial conference, while
9 certainly you have chosen, you have the right to represent
10 yourselves and use standby counsel as you see fit, nonetheless,
11 you are bound by the same rules of procedure and adherence to
12 the rules of evidence that an attorney would be in this case.
13 So the Court did receive the motion to amend and is
14 prepared to rule on it at this time.
15 In that regard, the Court notes that generally an
16 indictment in a criminal case may not be amended --
17 MS. TUCCI-JARRAF: I was just -- you told me on the
18 12th to just stand and you would notice and then --
19 THE COURT: But not while I'm giving an order, while
20 I'm announcing an order. I'll give you the chance to address
21 any further matters you want to after the Court rules on the
22 government's motion to amend.
23 MS. TUCCI-JARRAF: Is this the motion that was filed
24 today -- I mean, excuse me, yesterday?
25 THE COURT: Yes. Document 97.

MS. TUCCI-JARRAF: That we haven't been able to review?

THE COURT: Well, it was filed yesterday.

MS. TUCCI-JARRAF: Yes, but we don't have access to the electronic, so we are dependent upon counsel. Mr. Beane, from my understanding, is incarceration, doesn't have access to that until he meets with his counsel, which was brought this morning. I didn't have an opportunity to go over it with Francis either because I just was handed the actual document.

THE COURT: Okay. Thank you.

MS. TUCCI-JARRAF: And this Court is going to make a ruling in this moment?

THE COURT: The Court is. The Court has reviewed it and does note that when an amendment -- proposed amendment to an indictment concerns a matter of form rather than substance, an amendment is proper unless there is resulting prejudice from the amendment.

Furthermore, Federal Rule of Criminal Procedure 7(c)(2) provides that unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss an indictment or information or to reverse a conviction.

The Sixth Circuit has further held that the recitation of specific facts contained within the indictment alone is sufficient to adequately inform a defendant of the

UNITED STATES DISTRICT COURT

Case 3:17-cr-00082-TAV-DCP   Document 128   Filed 02/05/18   Page 8 of 17   PageID #: 15425

nature of the charges.  The Court in that matter, paraphrasing or quoting from the Sixth Circuit 1976 decision, United States v. Garner.  Thus, the Sixth Circuit has upheld amendments of the indictment, even as of the time of trial to correct an erroneous statutory citation, the Court reviewing, among other cases, United States v. Fruchtman, F-r-u-c-h-t-m-a-n, a Sixth Circuit 1970 case.

Here, after reviewing the government's proposed amendment and doing its own independent research and review, the Court finds that the requested amendment is one of form, not substance.  Subparagraph 19(a) of the indictment includes language referencing the statutory elements of a violation of 18 United States Code Section 1956(a)(1)(A)(i), thus, the defendants were put on notice of the substantive charge against them.  The fact that this subparagraph of the indictment then erroneously references Section 1956(a)(1)(B)(i) is, under Rule 7(c)(2), not a basis for dismissing the indictment.

Furthermore, the Court finds that the defendants would not be prejudiced or misled by this error or the requested amendment.  Instead, the language of the indictment was sufficient to inform the defendants of the substantive offense which subparagraph 19(a) alleges they conspired to commit.

Accordingly, the Court will grant the motion to amend, and the Court orders that subparagraph 19(a) on Page 6

UNITED STATES DISTRICT COURT

1  of the indictment is amended to reference, quote, Title 18
2  United States Code Section 1956(a)(1)(A)(i), close quote,
3  rather than, quote, Title 18 United States Code
4  Section 1956(a)(1)(B)(i), closed quote.
5       That addresses the motion to amend.
6       Are there any other preliminary matters that the
7  parties want to address?
8       MS. DAVIDSON: No, Your Honor.
9       THE COURT: Ms. Tucci-Jarraf, you indicated there was
10 something you wanted to address?
11      MS. TUCCI-JARRAF: Yes. Thank you.
12      In regards to this particular motion, I'm sorry, what
13 is the document number, because it's not stated on here?
14      THE COURT: This is the motion the Court --
15      MS. TUCCI-JARRAF: Motion you just ruled on.
16      THE COURT: Motion to amend was Document 97, I
17 believe, as filed by the government.
18      MS. TUCCI-JARRAF: Okay. So Document 97, along with
19 your order, later today, there will be -- or tomorrow morning,
20 there will be a written version entered into the record of my
21 oral due rejection at this moment of both Document 97 as well
22 as your order for lack of verification and validation of
23 authority, authorization, identity, and endorsement. It is
24 duly rejected without dishonor for due cause.
25      This is accepted as proof of exactly the national

1  security threats that this case has been put in place to be
2  able to ferret out so that things could be changed within the
3  judicial branch.  Legislative branches are held by other
4  universal cleanup crews.
5          This particular instance, which I'm going to make on
6  oral record, and then I will file the actual written one as an
7  example of when an indictment is duly canceled for due cause
8  without dishonor, that this is a particular method for DOJ, as
9  well as this Court, to go in and reactivate an indictment
10 unlawfully and illegally, what we call a fabrication of
11 charges.
12         And that particular indictment was canceled,
13 praeterea, preterea, ab initio, so I just wanted to make that
14 part of this record -- excuse me -- and I don't consent or give
15 authority, authorization for Cynthia Davidson to file such a
16 blatant deceptive act and practice to reinstate an indictment,
17 which had already been duly canceled, without my authorization
18 to reinstate it, and as well as putting you into a position
19 where you have to issue an order, which essentially legalizes
20 such deceptive acts and practices.
21         Thank you.
22         THE COURT:  All right.  Thank you.
23         Mr. Beane, anything further you need bring up on your
24 own behalf?
25         MR. BEANE:  No.

 1           THE COURT:  All right.  Then the Court does duly
 2   consider the additional comments made by the defendant,
 3   Ms. Tucci-Jarraf, and to the extent they're made to ask the
 4   Court to reconsider its oral order granting the government's
 5   motion to amend the indictment, the Court would deny that
 6   motion for reconsideration.
 7           All right.  Unless there are any other preliminary
 8   matters, what we'll do next is we'll take about a ten-minute
 9   recess.  I would ask the parties to stay seated, unless they
10   take a brief restroom break, but you can stay in here and talk
11   or discuss, if need be, and the jury will come and sit in this
12   middle section.  And as soon as they're all present, the Court
13   will come back in to -- we'll open court again, and we'll go
14   right into jury selection.
15           Thank you, everyone.
16           THE COURTROOM DEPUTY:  All rise.  This honorable
17   court shall stand in recess.
18       (Recess from 9:30 a.m. to 9:43 a.m.)
19           THE COURTROOM DEPUTY:  All rise.
20           THE COURT:  All right.  Ms. Tucci-Jarraf -- thank
21   you, everyone may be seated -- the Court understands you'd like
22   to make an objection or something for the record before the
23   jury comes in?
24           MS. TUCCI-JARRAF:  Thank you.  That's very kind.  I
25   was told that that wouldn't be possible till after.  Thank you

so much for initiating that.

We're preparing right now a written one just in the event that it was permitted. I now give you notice to principal, which is notice to agent, notice to agent is notice to principal, that orally -- and I will file a written one afterwards to what I say now -- is I'm making a standing notice of filing with the standing due declaration and notice that is duly made, that I, Heather Ann Tucci-Jarraf, do not consent to the actions and proceedings against me to be held and conducted by Thomas Varlan, Cynthia Davidson, including a trial and the jury selection and any other proceeding.

Also, number two is that this alleged Court, including yourself, Thomas Varlan, and Cynthia Davidson, Department of Justice do not have the authority, nor my authorization, to conduct and hold any proceedings against me.

Thank you.

THE COURT: All right. Thank you. Anything further from anybody else?

Ms. Davidson?

MS. DAVIDSON: Your Honor, I just am reminded of the fact that Ms. Tucci-Jarraf is on bond and by order of this Court. And if she does not consent to this Court's jurisdiction, I am concerned that she is a flight risk. And I think the Court should consider detaining Ms. Tucci-Jarraf.

THE COURT: All right. Thank you.

```
1            Anything further, Mr. Beane?
2            MR. BEANE:  No.
3            THE COURT:  All right.  Then let's go ahead and we're
4   going to go ahead and bring our jury in at this time -- your
5   proposed jurors in at this time.
6                    * * * * * * * * *
7        (Excerpt of Proceedings)
8            THE COURT:  All right.  Everyone may be seated just a
9   moment.  As you heard me say, we'll recess until 1:30.  The
10  Court will give some further preliminary instructions and then
11  we'll go into opening statements.  Remind everyone from our
12  discussions last week that the government will go first.
13           Again, if you desire to make opening statements, the
14  government will go first, and remind -- I have up to 40
15  minutes.  We left this open last week, and I'll ask you now,
16  I'll ask the individual defendants, do you have an order that
17  you want me to call upon you for giving opening statements,
18  Ms. Tucci-Jarraf or Mr. Beane?  The government will go first
19  and then I will turn to one of the defendants for opening
20  statements or Mr. Lloyd, either one.
21           Go ahead, Ms. Tucci-Jarraf.
22           MS. TUCCI-JARRAF:  Thank you.
23           Without prejudice and with the filings -- copies are
24  going to be coming in right now of the filing in regards to the
25  earlier oral declaration that I made, the written one is coming
```

1  in.  So with that notice on the record, just that I have a
2  standing declaration, I'm going to allow the prosecutors to
3  just do as they feel they do here today.
4          I'm going to reserve any kind of opening statement or
5  something to that effect until after they've done and presented
6  their case.
7          THE COURT:  All right.  You do not wish to give an
8  opening statement --
9          MS. TUCCI-JARRAF:  Without prejudice.
10         THE COURT:  -- at this stage of the case?  You
11 reserve opening statement, if any, to the close of the
12 government's case?
13         MS. TUCCI-JARRAF:  Without prejudice, yes.
14         THE COURT:  All right.  And, Mr. Beane, do you wish
15 to give an opening statement at the onset of the case?
16         MR. BEANE:  I'd like to join in Ms. Tucci-Jarraf's
17 position and --
18         THE COURT:  All right.  You also want to reserve
19 opening statement --
20         MR. BEANE:  Yes, sir.
21         MR. McGRATH:  -- any opening statement you may wish
22 to give until the close of the government's case or the
23 introduction of your case?
24         MR. BEANE:  Yes.
25         THE COURT:  That's your right as individual

```
 1   defendants.
 2            So, Ms. Davidson, I'll mention that -- I'll go ahead
 3   and mention that to the jury when I talk about the trial
 4   process, that the defendants have reserved any opening
 5   statement until the onset of their cases.
 6            So, Ms. Davidson, I believe we gave you up to 40
 7   minutes for opening statement.
 8            MS. DAVIDSON:  Yes, Your Honor.  Ms. Svolto informs
 9   me she would only like 30.
10            And, Your Honor, at this time, I'd like to move to
11   strike a statement that I made during voir dire.  I
12   inadvertently said the name of Juror 184.  And I'd like the
13   Court to strike that from the record and have it not published
14   when the record is published.
15            THE COURT:  All right.  Consistent with the Court's
16   practice of referring to jurors in both criminal and civil
17   cases only by their juror number, the Court will grant that
18   motion and have the name referenced stricken from the record.
19            All right.  Unless there's anything else to bring up,
20   we'll see everybody back here promptly at 1:30.
21            THE COURTROOM DEPUTY:  All rise.  This honorable
22   court shall stand in recess until 1:30.
23         (End of Excerpts of Proceedings)
24
25
```

UNITED STATES DISTRICT COURT

# CERTIFICATE OF REPORTER

STATE OF TENNESSEE

COUNTY OF KNOX

    I, Rebekah M. Lockwood, RPR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing excerpt of proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

    IN WITNESS WHEREOF, I have hereunto set my hand at Knoxville, Knox County, Tennessee this 24th day of January, 2018.

_____
REBEKAH M. LOCKWOOD, RPR, CRR
Official Court Reporter
United States District Court
Eastern District of Tennessee