IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

_____
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
vs.                              )  Case No.:  3:17-CR-82
                                 )
RANDALL KEITH BEANE AND          )
HEATHER ANN TUCCI-JARRAF,        )
                                 )
          Defendants.            )
_____)


**VOLUME VIII of VIII**


**JURY TRIAL PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS A. VARLAN**


**February 1, 2018**
**10:57 a.m. to 11:28 a.m.**


**APPEARANCES:**

**FOR THE PLAINTIFF:**            CYNTHIA F. DAVIDSON, ESQUIRE
                                  ANNE-MARIE SVOLTO, ESQUIRE
                                  Assistant United States Attorney
                                  United States Department of Justice
                                  Office of the United States Attorney
                                  800 Market Street
                                  Suite 211
                                  Knoxville, Tennessee 37902


**FOR THE DEFENDANT:**            RANDALL KEITH BEANE, PRO SE
**RANDALL BEANE**                 Blount County Detention Center
                                  920 East Lamar Alexander Parkway
                                  Maryville, Tennessee 37904


**FOR THE DEFENDANT:**            STEPHEN G. McGRATH, ESQUIRE
(As Elbow Counsel)                9111 Cross Park Drive
                                  Suite D-200
                                  Knoxville, Tennessee 37923


**REPORTED BY:**
Rebekah M. Lockwood, RPR, CRR
Official Court Reporter
(865) 210-6698
P.O. Box 1823

**APPEARANCES (CONTINUED):**

**FOR THE DEFENDANT:**        HEATHER ANN TUCCI-JARRAF, PRO SE
**HEATHER ANN**                105 Orchard Lane
**TUCCI-JARRAF**               Oak Ridge, Tennessee 37830

**FOR THE DEFENDANT:**        FRANCIS LLOYD, ESQUIRE
(As Elbow Counsel)         9111 Cross Park Drive
                            Suite D-200
                            Knoxville, Tennessee 37923

**REPORTED BY:**
Rebekah M. Lockwood, RPR, CRR
Official Court Reporter
(865) 210-6698
P.O. Box 1823

1     (Call to Order of the Court)

2           THE COURT:  Thank you.  Good morning, everyone.

3           I've been informed that our jury is prepared to

4     return a verdict in this case.  So we'll bring the jury in to

5     receive the verdict.

6     (Jury in at 10:57 a.m.)

7           THE COURT:  All right.  Thank you.  Everyone may be

8     seated.

9           Good morning to our members of the jury.  The Court

10    has been informed that the jury has agreed upon a verdict in

11    this case.  I believe our juror in seat nine served as our jury

12    foreperson.  Is that correct?

13          JURY FOREPERSON:  Yes.

14          THE COURT:  Has the jury unanimously agreed upon a

15    verdict in this case?

16          JURY FOREPERSON:  Yes, sir.

17          THE COURT:  Would you please pass the verdict form

18    for review by the Court.

19          I'll ask the courtroom deputy to read the verdict

20    form aloud at this time.

21          THE COURTROOM DEPUTY:  We, the members of the jury,

22    find unanimously from all the evidence as follows:

23          One, as to Count 1 of the indictment, charging a

24    violation of 18 U.S.C. Section 1343, that is, wire fraud,

25    occurring on or about July 6th, 2017, we find the defendant,

UNITED STATES DISTRICT COURT

Randall Keith Beane, guilty.

Two, with respect to Count 1 of the indictment, we find that the conduct constituting this offense did affect a financial institution.

Three, as to Count 2 of the indictment, charging a violation of 18 U.S.C. Section 1343, that is, wire fraud, occurring on or about July 6th, 2017, we find the defendant, Randall Keith Beane, guilty.

Four, with respect to Count 2 of the indictment, we find that the conduct constituting this offense did affect a financial institution.

Five, as to Count 3 of the indictment, charging a violation of 18 U.S.C. Section 1343, that is, wire fraud, occurring on or about July 6th, 2017, we find the defendant, Randall Keith Beane, guilty.

Six, with respect to Count 3 of the indictment, we find that the conduct constituting this offense did affect a financial institution.

Seven, as to Count 4 of the indictment, charging a violation of 18 U.S.C. Section 1343, that is, wire fraud, occurring on or about July 6th, 2017, we find the defendant, Randall Keith Beane, guilty.

Eight, with respect to Count 4 of the indictment, we find that the conduct constituting this offense did affect a financial institution.

UNITED STATES DISTRICT COURT

1          Nine, as to Count 5 of the indictment, charging a

2   violation of 18 U.S.C. Section 1343, that is, wire fraud,

3   occurring on or about July 7, 2017, we find the defendant,

4   Randall Keith Beane, guilty.

5          Ten, with respect to Count 5 of the indictment, we

6   find that the conduct constituting this offense did affect a

7   financial institution.

8          Eleven, as to Count 6 of the indictment, charging a

9   violation of 18 U.S.C. Section 1344, that is, bank fraud, from

10  on or about July 5, 2017 continuing through at least on or

11  about July 11, 2017, we find the defendant, Randall Keith

12  Beane, guilty.

13         Twelve, as to Count 7 of the indictment, charging a

14  violation of 18 U.S.C. Section 1956(h), that is, conspiracy to

15  commit money laundering, we find the defendant, Randall Keith

16  Beane, guilty.

17         Thirteen, as to Count 7 of the indictment, charging a

18  violation of 18 U.S.C. Section 1956(h), that is, conspiracy to

19  commit money laundering, we find the defendant, Heather Ann

20  Tucci-Jarraf, guilty.

21         Signed by the foreperson, February 1st, 2018.

22         THE COURT:  All right.  Thank you.

23         I want to make sure the verdict is the verdict of

24  each of you as jurors.  If the verdict as read is the verdict

25  of each of you, please so indicate by raising your right hand

UNITED STATES DISTRICT COURT

1    at this time.

2              All right.  Thank you.  Let the record reflect that

3    each juror has raised his or her right hand in affirmative

4    fashion in response to polling of the jury.

5              The Court will direct the courtroom deputy to file

6    and record the verdict at the conclusion of today's proceeding.

7              Members of the jury, that concludes your service in

8    this case.  The Court wants to thank you for your service, and

9    remind you that you have performed an important civic duty, and

10   you've listened to this case and have been very conscientious,

11   and you're due the thanks of all of us for your service.  And

12   please be assured you have performed a valuable public service.

13             I want to remind you, and you heard me remind the

14   alternate jurors of this prior to their dismissal yesterday,

15   but I want to remind you, as I do at the end of each case, of

16   the Court's Local Rule 48.1, which provides that no attorney,

17   party, or representative of either may question a juror after a

18   verdict has been returned without prior permission of the

19   Court.

20             And I want to inform you that no such permission has

21   either, A, been requested or, B, been granted by the Court in

22   this case.  So, please keep that in mind.

23             So, again, thank you for your service, and you're

24   discharged with the Court's appreciation.

25             THE COURTROOM DEPUTY:  All rise.

                    UNITED STATES DISTRICT COURT

1     (Jury out at 11:04 a.m.)

2          THE COURT:  All right.  Thank you.  Everyone may be

3     seated.

4          Mr. Beane and Ms. Tucci-Jarraf, as you heard the

5     verdict read, you have been found guilty, Mr. Beane, of

6     Counts 1 through 7, inclusive, and Ms. Tucci-Jarraf has been

7     found guilty of Count 7.

8          So the next step in this process is for the Court to

9     impose sentence.  Prior to sentencing, the United States

10    probation officer will prepare what's known as a presentence

11    investigation report, which will aid the Court in fashioning an

12    appropriate sentence in this case.  You will be asked -- each

13    of you respectively as defendants will be asked to give

14    information to the probation officer for the presentence

15    report.

16         And our local rules provide that you may have your

17    attorney present with you at that time if you wish.  Obviously,

18    you were representing yourselves, but I believe that would

19    equally apply to your standby counsel as well.

20         You, and if you desire, your standby counsel, will be

21    permitted to read the presentence report before the sentencing

22    hearing.  Within 14 calendar days of filing of the presentence

23    report, all parties must file with the Court any objections

24    they may have to the report or a notice of no objections

25    pursuant to Local Rule 83.9(c).

                    UNITED STATES DISTRICT COURT

1          The Court also reminds the parties that pursuant to

2     Local Rule 83.9(j), the government is to file any motion

3     pursuant to 18 United States Code Section 3553(e) or Section

4     5K1.1 of the Guidelines or for a sentence below the statutory

5     mandatory minimum at least seven days before the sentencing

6     hearing.

7          As to all parties, any other motions for downward or

8     upward departure or variance and all sentencing memoranda must

9     be filed at least 14 days before the sentencing hearing date.

10    Failure to comply with these deadlines may result in a denial

11    of a request for a departure or variance.

12         To the extent the parties cannot comply with these

13    deadlines, the parties shall notify chambers as soon as

14    practically possible and demonstrate good cause for an

15    extension as required by Local Rule 83.9(g).

16         Also if an evidentiary hearing is required on any

17    objections to the report, the party must expressly request a

18    hearing at the time of the filing of any objections or

19    responses.

20         And the defendants are advised, again, respectively,

21    that you, as parties representing yourselves, and as parties --

22    specifically as parties, irrespective of whether you are

23    representing yourselves, but you will be permitted to speak on

24    your own behalf at the sentencing hearing.

25         Sentencing hearing dates sometimes have to change

                    UNITED STATES DISTRICT COURT

1  because of the Court's calendar or other matters, so I'm going

2  to set sentencing on these dates:  Mr. Beane for June 12, 2018

3  at 10:00 a.m. and for Ms. Tucci-Jarraf for June 26th, 2018 at

4  10:00 a.m.

5          Again, I caution anyone making note of those dates,

6  obviously, the parties will be directly advised if those dates

7  change and their counsel and/or standby counsel, but sometimes

8  those dates have to be changed.  Sometimes they're moved up,

9  sometimes they're moved back.  But for now, the dates are going

10  to be June 12th, 2018 at 10:00 a.m. for the defendant,

11  Mr. Beane, and June 26th, 2018 at 10:00 a.m. for the defendant,

12  Ms. Tucci-Jarraf.

13          All right.  Next, the Court notes the defendant

14  Mr. Beane was ordered detained pending trial after he waived

15  his right to a detention hearing.  The Court would provide for

16  the continued detention of Mr. Beane pending his sentencing in

17  this case.

18          The defendant, Ms. Tucci-Jarraf, has, on the other

19  hand, been released pending trial in this case.  She's now been

20  found guilty of Count 7 of the indictment, conspiracy to commit

21  money laundering.

22          What are the parties' positions on detention at this

23  time?  Hear first from the government.

24          MS. DAVIDSON:  Your Honor, the United States moves

25  for the detention of Ms. Tucci-Jarraf.  She has been found

UNITED STATES DISTRICT COURT

guilty.  As this Court knows, this is the same position that we have taken all along.  Ms. Tucci-Jarraf does not believe that this Court has any jurisdiction over her.  And as such, she's a flight -- a risk of flight.

Further, now that she has been found guilty, we believe that she poses a greater risk of flight than she did pretrial.

Finally, Your Honor, this defendant has continually refused to comply with this Court's order, including not returning the jury questionnaires, which were provided in aid -- to aid her in trial.  In fact, in her response that she filed this morning, she swore that she provided them to standby counsel a week before we actually even received them.

So based on this conduct, we ask that she be remanded.

THE COURT:  All right.  Ms. Tucci-Jarraf, do you have a response to the government's request that you be remanded at this time?

MR. LLOYD:  Your Honor, with leave of the Court, Ms. Tucci-Jarraf would prefer that I speak for her.

THE COURT:  That would be fine.  Why don't you come up to the podium, just to make sure we can hear.

MR. LLOYD:  Yes, Your Honor.

This is, of course, not a controlled substance, this exact case, and therefore no presumption with respect to the

UNITED STATES DISTRICT COURT

1   availability of presentence release is called for.

2          Ms. Tucci-Jarraf has complied assiduously with all of

3   the requirements imposed on her since she was first required to

4   report to the probation office pending this trial.  That has

5   included even yesterday making certain that she was at her

6   residence immediately or as soon as possible after court

7   recessed to be checked on by a representative of the probation

8   office.

9          She has, in short, complied with every condition of

10  release imposed on her, and has -- has not merely cooperated --

11  or has not cooperated grudgingly.  She has done all required of

12  her by the probation office, including showing up for

13  urinalysis, wearing an ankle bracelet, and reporting as needed

14  or required.

15         In short, her conduct up to the time of verdict has

16  illustrated that the conditions previously imposed have been

17  sufficient to cause her to appear when and as required.

18         There is obviously a set of conditions, including

19  surrender of a passport, sufficient to do that without

20  incarcerating this defendant prior to her post-trial motions

21  and to sentencing by the Court as well as appeal.

22         I will address what counsel for the government raised

23  about the jury instructions by saying that if my client tells

24  me that those -- that the jury questionnaires were delivered

25  back to me, I will make another search of my office.

UNITED STATES DISTRICT COURT

1        THE COURT:  I think the issue there is she's stating

2   in a declaration that she received them on January 8th and gave

3   them back to you on January 12th, but the government is saying

4   that -- and I think this is accurate, that the jury

5   questionnaires were not even distributed until January 18th by

6   the jury administrator.

7        So there would have been no possible way she would

8   have either received them on January 12th or given them back to

9   you on -- or received them on January 8th and given them back

10  to you on January 12th, because they were not ready to be

11  disseminated until January 18th.

12       MR. LLOYD:  And I understand counsel -- the

13  government's counsel's point on that, but I still submit, Your

14  Honor, that adding that fact to the fact that she has been in

15  compliance throughout the time period leading up to this trial

16  shows that that discrepancy or mistake is not a sufficient

17  reason to incarcerate this person who has, again, complied with

18  all pretrial conditions and has asserted on the basis of her

19  beliefs, some of which have been presented during this trial,

20  that she intends to be here for as long as it takes to complete

21  the trial level adjudication of this case.

22       With that, Your Honor, I suggest that the continued

23  order of detention with any conditions that the Court finds

24  need to be added would be a sufficient alternative to the

25  expense of incarceration and the difficulties incarceration

UNITED STATES DISTRICT COURT

1  causes anyone consulting with counsel while sentencing is

2  pending.

3           THE COURT:  Ms. Davidson, if you'd like to respond?

4           MS. DAVIDSON:  Just briefly, Your Honor.

5           THE COURT:  Before you respond, and both counsel, I

6  mean, I always like to start with a standard.

7           And, Mr. Lloyd, you'd concede the standard is

8  different now with the return of a guilty verdict than it was

9  at the time of initial appearance when there was a presumption

10 of innocence?

11          MR. LLOYD:  I acknowledge that.

12          THE COURT:  Okay.  And you might speak to that too,

13 Ms. Davidson, so we all have the proper standard.

14          MS. DAVIDSON:  Yes, Your Honor.  As you mentioned,

15 the presumption is different.  There is a higher level of --

16 that would dictate detention in this case.

17          And further, regarding these jury questionnaires,

18 I've known Mr. Lloyd for over 20 years, and there is no doubt

19 in my mind that he -- if he had been given these jury

20 questionnaires, he would have turned them over to the Court.

21 He's obviously advocating for his client.

22          But, Your Honor, this failure to comply with this

23 order is indicative of the conduct of Ms. Tucci-Jarraf.  She

24 similarly does not believe that the rules apply to her.  And

25 she went into great detail over her independence from -- her

                    UNITED STATES DISTRICT COURT

1   wealth on the stand.

2          She certainly could flee and has access to a large

3   amount of family money.  She certainly could flee if she chose

4   to.  And she does not comply with this Court's orders.

5          And the fact that she has complied with all the

6   previous conditions is a very low weight.

7          THE COURT:  All right.  Anything further, Mr. Lloyd?

8          MR. LLOYD:  Your Honor, Ms. Tucci-Jarraf would like

9   to be heard on this.

10         THE COURT:  Okay.  Go ahead, Ms. Tucci-Jarraf.

11         MS. TUCCI-JARRAF:  Thank you.

12         As far as the discrepancies with the dates, I wrote

13  that this morning at 5:00 a.m. while I was still searching, so

14  if there is incorrect dates, I was just remembering that there

15  was a possibility I had given them to Francis, because, as this

16  Court knows and has made a public record, I believe that it was

17  different with the praecipe, which was Document 98.  So I had

18  no use for those.

19         So if there are wrong dates, that's completely my

20  error.  But it wasn't intentional.  So Francis and I -- excuse

21  me, Mr. Lloyd and I are going to be both searching for those

22  particular documents.

23         As far as a flight risk or anything else.  I'm still

24  committed to being here to the very end, no matter what the

25  outcome was.  I stated that in the beginning.  I followed

                    UNITED STATES DISTRICT COURT

1  through with it.  I continue until incarceration or until

2  there's some other result.  But I'm not leaving Tennessee until

3  it's concluded.  I've made that very clear.  All my actions

4  have fallen through -- followed through with that.

5          Ms. Wilson and I have -- I've complied with

6  everything, even beyond as far as reporting and everything

7  else.

8          So at this time, I would like to restate my intention

9  to be here until the very end and sentencing on June 26th,

10 unless there's some change by the court, of course, on that

11 matter.

12         So that's all I have to say.  Thank you.

13         THE COURT:  Thank you.  Anything further from either

14 counsel in this case?

15         All right.  Well, the Court referenced the standards

16 applicable to a decision in this case.  The general rule is

17 that a person who has been found guilty of an offense and is

18 awaiting imposition of sentence must be detained unless no term

19 of imprisonment is recommended for the defendant, or the

20 defendant can show by clear and convincing evidence that she is

21 not likely to flee or pose a danger to others.  The Court

22 referencing 18 United States Code Section 3143(a)(1).

23         The Sixth Circuit has stated in numerous cases, and

24 the Court quoting from United States v. Vance, "Once guilt of a

25 crime has been established in a court of law, there is no

UNITED STATES DISTRICT COURT

1    reason to favor release pending imposition of a sentence or

2    appeal."

3            In other words, the Court is now quoting from United

4    States v. Bowman, "Section 3143(a)(1) creates a presumption

5    against release, which the defendant must overcome.  However,

6    defendants convicted of certain offenses, particularly those

7    described in Subparagraphs A, B, or C of 18 United States Code

8    Section 3142(f)(1) must be detained pending sentencing."

9            Here, the crime of which this defendant,

10   Ms. Tucci-Jarraf, has been convicted, conspiracy to commit

11   money laundering, in violation of 18 United States Code Section

12   1956(h) does not fall within the offenses described in

13   Subparagraphs A, B, or C of Section 3142(f)(1).

14           Therefore, the Court must turn to an analysis of

15   whether the defendant has shown by clear and convincing

16   evidence that she is not likely to flee or pose a danger to the

17   community.

18           18 United States Code Section 3142(g) provides a

19   nonexclusive set of factors for the Court to consider in

20   deciding whether the defendant has met this burden.

21           These include the nature and circumstances of the

22   offense, including whether it is a crime of violence, the

23   weight of the evidence against the defendant concerning any

24   risk of flight or danger to the community, the history and

25   characteristics of the defendant, including her character,

UNITED STATES DISTRICT COURT

1  mental and physical condition, family and community ties,

2  employment status, financial resources, criminal history,

3  substance abuse history, and probation or supervised release

4  status, and the nature and seriousness of the danger posed to

5  the community by the defendant's potential release.

6          The ultimate touchstone of this analysis is whether

7  there are conditions of release that will reasonably assure the

8  appearance of the defendant, as required, and the safety of the

9  person in the community.

10          Here, the Court has carefully reviewed these factors

11  and other relevant considerations in relation to the parties

12  and circumstances of this case.

13          And, ultimately, after consideration of the arguments

14  and the standards, the Court finds that the defendant has

15  failed to meet her burden of proving by a clear and convincing

16  evidence that she is not likely to flee the jurisdiction before

17  sentencing hearing.

18          Let me expand upon that.  From the time this case has

19  begun -- and the Court does take into consideration

20  Ms. Tucci-Jarraf's declaration that she would comply with

21  conditions of release and be here for sentencing and does note

22  her compliance to date on pretrial release.

23          But on the other hand, the Court is mindful that from

24  the time this case began, this defendant has repeatedly

25  challenged the Court's subject matter jurisdiction, the

UNITED STATES DISTRICT COURT

1   authority of the government to bring charges against her, and

2   the legal existence of the federal government as a whole.

3          Indeed, she has filed numerous documents purporting

4   to void the indictment and ordering the Court to dismiss all

5   charges against her, including before trial and during the

6   course of this trial.  Ms. Tucci-Jarraf has also repeatedly

7   filed altered version's of the Court's orders that purport to

8   reject those orders as invalid.

9          In fact, referencing the order -- or excuse me,

10  referencing the declaration filed today, February 1, by

11  Ms. Tucci-Jarraf, and putting aside the declarations therein

12  regarding the timing and supposed return of the juror

13  questionnaires to her standby counsel, the Court instead, for

14  purposes of this analysis, focuses on her declaration in

15  Paragraph 9 that until the morning the trial began, she, quote,

16  believed 100 percent, closed quote, that this case would not go

17  to trial, given that she did not consent to these proceedings.

18         In other words, this declaration -- through this

19  declaration, the defendant appears to continue to believe,

20  despite the Court's multiple rulings on the matter, that the

21  Court has no authority over her.

22         And the Court finds no reason to believe, despite the

23  assurances given, that this defendant would attach greater

24  legitimacy to the upcoming sentencing hearing than she has to

25  the trial and the other proceedings in this case, particularly

UNITED STATES DISTRICT COURT

1    given her positions as to the jurisdiction of the Court now in

2    light of a guilty verdict as to her and an upcoming sentencing

3    hearing related to a potential term of imprisonment.

4           Thus, the Court is not convinced, despite the

5    assurances of the defendant or the other arguments made by the

6    defendant, that Ms. Tucci-Jarraf would comply with either the

7    conditions of release to which she is currently subject or any

8    new conditions the Court could impose pending her sentencing

9    hearing, the Court thus concluding that there are no conditions

10   of release that would reasonably assure the appearance of the

11   defendant as required.

12          Further analysis or support for the Court's decision,

13   and one of the factors mentioned was the history and

14   characteristics of this defendant.

15          And in that regard, the Court looks at

16   Ms. Tucci-Jarraf's own testimony in this case, which the Court

17   must consider.  That testimony includes, but is not limited to,

18   she testified she is from a, quote, well-to-do family, closed

19   quote, and that she spent over 20 -- she has spent over

20   $20 million over the last 20 years on her costs.

21          She also testified as to extensive foreign travel,

22   including, in particular, to Morocco and Italy.  In addition,

23   she referenced foreign travel to China, Hong Kong, Haiti, among

24   other foreign countries.  Also, Ms. Tucci-Jarraf testified as

25   to extensive foreign contacts, referencing contacts with

UNITED STATES DISTRICT COURT

foreign leaders, foreign agents, and foreign business associates. She also alluded to assets of either herself or of her foreign contacts that are or could be held in foreign countries, all of which the Court must further take into consideration as part of its analysis in this case.

Now, it is true that Magistrate Judge Shirley elected to release Ms. Tucci-Jarraf pending trial. He did so based on a finding that she intended to litigate this case to trial and present her position to the jury notwithstanding her belief that the Court lacks authority over her.

And at the time of her initial appearance, the Court must note, she envisioned being exonerated of the charges against her or based on her declaration of today of being convinced that this case would not or would never go to trial.

However, again, Ms. Tucci-Jarraf has now been found guilty of a serious offense and is facing a potentially substantial term of prisonment. Thus, the justification for release of the defendant at the time of her initial appearance is no longer present, and is noted and is discussed with the parties the standards and burdens have now changed in light of the jury's return of a guilty verdict as to Ms. Tucci-Jarraf on Count 7.

Therefore, in light of the Section 3142(g) factors, in particular, the seriousness of the offense of conviction, the defendant's history of disputing the Court's authority over

UNITED STATES DISTRICT COURT

1   her, and the weight of evidence that she poses a risk of

2   flight, and keeping in mind, the presumption against release,

3   which defendant must overcome, the Court finds the defendant

4   has failed to prove by clear and convincing evidence that she

5   would not likely flee the jurisdiction if released.

6           As such, the default rule of 18 U.S.C.

7   Section 3143(a)(1) applies, and the defendant,

8   Ms. Tucci-Jarraf, the Court orders, must be detained pending

9   sentencing.

10          In light of this ruling, related to flight risk, the

11  Court need not determine whether she's carried her burden of

12  proving she's not a danger to the community, and, accordingly,

13  the Court hereby orders that the defendant, Heather Ann

14  Tucci-Jarraf, shall be detained pending her sentencing hearing.

15          I'm not going to deal with the other parts of the

16  declaration related to the juror questionnaire today.  That may

17  be appropriate for another hearing, but we'll leave that for

18  now.

19          Any other matters we need to bring up at this time

20  related to this case?

21          Ms. Davidson, on behalf of the government?

22          MS. DAVIDSON:  No, Your Honor.

23          THE COURT:  Ms. Tucci-Jarraf, or, Mr. Lloyd, on your

24  behalf?

25          MS. TUCCI-JARRAF:  No.

                    UNITED STATES DISTRICT COURT

1        THE COURT:  Mr. Beane, anything further on your

2    behalf?

3        MR. BEANE:  No.

4        THE COURT:  All right.  We'll stand adjourned.

5        Thank you, everyone.

6        THE COURTROOM DEPUTY:  All rise.  This honorable

7    court shall stand adjourned.

8        (Proceedings adjourned at 11:28 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    UNITED STATES DISTRICT COURT

**CERTIFICATE OF REPORTER**

STATE OF TENNESSEE

COUNTY OF KNOX

        I, Rebekah M. Lockwood, RPR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

    IN WITNESS WHEREOF, I have hereunto set my hand at Knoxville, Knox County, Tennessee this 22nd day of April, 2018.

REBEKAH M. LOCKWOOD, RPR, CRR
Official Court Reporter
United States District Court
Eastern District of Tennessee