# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:17-CR-82 |
| v. | ) |
| | ) JUDGE VARLAN |
| RANDALL KEITH BEANE | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure. The United States asserts that the Presentence Investigation Report dated June 13, 2018 is correct and defendant should be sentenced to a term of imprisonment within his advisory Sentencing Guideline range to be followed by a term of supervised release of 3 years. The United States believes that the recommended sentence is sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth in Title 18, United States Code, Section 3553(a)(2) and would be an appropriate sentence in this case.

As provided in Title 18, United States Code, Section 3553(a)(2), the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public are factors the Court shall consider in sentencing determination. This offense is serious and the sentence should reflect its serious nature. Additionally, the defendant's sentence must deter him from committing crimes in the future and should also deter others from engaging in the same behavior.

For the reasons set forth above, the United States respectfully submits that a term of imprisonment of between 151 to 188 months, to be followed by a term of supervised release of 3 years, is an appropriate sentence under the circumstances of this case and would be sufficient, but

not greater than necessary, to accomplish the sentencing purposes embodied in Title 18, United States Code, Section 3553(a)(2).

In regards to the defendant's pending charge in Jasper County, South Carolina, Docket Number 2014GS2700554, (PSR ¶ 53), the United States asserts that Defendant's federal sentence should run consecutive to any anticipated state sentence.

According to Title 18, United States Code, Section 3584(a), multiple terms of imprisonment are presumptively consecutive when imposed at different times, unless specified otherwise by the Court. *United States v. McCree*, 299 Fed. App'x 481, 483 (6th Cir. 2008). Additionally, as noted in Guidelines Section 5G1.3(d), although a district court has discretion to impose a consecutive, partially consecutive, or concurrent term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment, "[i]n exercising this discretion, the district court 'shall consider . . . the factors set forth in [18 U.S.C. §] 3553(a).' 18 U.S.C. § 3584(b) (2000)." *Id*. Federal courts also generally have discretion to order that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. *Setser v. United States* 132 S. Ct. 1463, 1468 (2012).

This defendant's federal sentence should be run consecutively to his anticipated state sentence. First, the offense for which the defendant has pending charges is wholly unrelated to the instant matter. Second, because the defendant's state charge is for resisting arrest, and there is evidence of the defendant resisting arrest in the case before the Court, the defendant does not deserve leniency. Importantly, the defendant should suffer the consequences of resisting arrest in Jasper County, South Carolina.

Therefore, the United States requests that the defendant be sentenced to a guideline sentence of at least 151 months' imprisonment, to be served consecutively to any anticipated sentence in Jasper County, South Carolina.

Respectfully submitted this 10th day of July, 2018.

                    J. DOUGLAS OVERBEY
                    UNITED STATES ATTORNEY

By: *s/ Cynthia F. Davidson*

                    Cynthia F. Davidson
                  Anne-Marie Svolto
                  Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2018, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: *s/ Cynthia F. Davidson*
                  Cynthia F. Davidson
                  Assistant United States Attorney