IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 3:17-CR-82 |
| | ) | |
| RANDALL KEITH BEANE | ) | JUDGE VARLAN |

## NOTICE OF FILING

COMES the Defendant RANDALL KEITH BEANE, through his elbow counsel, and hereby files

DUE STANDING REJECTION, WITHOUT DISHONOR, FOR DUE CAUSE, RE DOCUMENT 209.

Respectfully submitted this 22nd day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath (BPR # 025973)
9111 Cross Park Drive
Bldg D – Suite 200
Knoxville, TN 37923
Phone: (865) 540-8871
Fax: (865) 540-8866
"Elbow Counsel" for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this document has been served upon counsel for all
parties of record in this case via this Court's electronic filing system on this 22nd day of July,
2018.

s/Stephen G. McGrath
Stephen G. McGrath

NOTICE TO PRINCIPAL IS NOTICE TO AGENT,RKB

NOTICE TO PRINCIPAL IS NOTICE TO AGENT

NOTICE TO AGENT IS NOTICE TO PRINCIPAL

* ORIGINAL INSTRUMENT *

## ADDENDUM TO THE PRESENTENCE REPORT

STANDING DUE REJECTION OF OFFER TO CONTRACT; STANDING DUE REJECTION,
WITHOUT DISHONOR, **UNITED STATES DISTRICT COURT** FOR DUE CAUSE,
**FOR THE EASTERN DISTRICT OF TENNESSEE**

**UNITED STATES V. RANDALL KEITH BEANE, DKT. 0649 3:17CR00082-001**

INCLUDING BUT NOT LIMITED TO: DOES 19, 98, 101, 102, 145, 146, 147, 148,
149, 150, 151, 160 AND 215, EACH RESTATED AND INCORPORATED BY

## OBJECTIONS

REFERENCE AS IF SET FORTH IN FULL IN CASES 3:17-CR-82, 3:17-MJ-1067,

### By the Government

1:17-MJ-00531-DAR AND ALL RELATED CASES THEREOF, NUNC PRO TUNC

The Government has filed a Notice of No Objection to the Presentence Investigation Report.

AND PRAETEREA, PRETEREA,

### By the Defendant

*[signature] Randall Keith Beane 7-22-18*

As of this date, it does not appear the defendant has filed any formal or specific objections to the content contained within the Presentence Investigation Report. However, it appears the defendant objects to, or rejects, the Presentence Investigation Report in its entirety.

Respectfully Submitted,

Chief U.S. Probation Officer

*[signature] Robert Scott Queener*

Robert Scott Queener
2018.07.16 14:26:45
-04'00'

By:     Robert Scott Queener
        United States Probation Officer

Approved:

*[signature] Joe Thomas*

Tommy Joe Thomas
2018.07.16 14:27:10
-04'00'

Joe Thomas
Supervising United States Probation Officer

RSQ:sw

STANDING REJECTION;
DULY REJECTED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.

*[signature] Randall Keith Beane 7-22-18*

*NOTICE TO PRINCIPAL IS NOTICE TO AGENT*

*NOTICE TO AGENT IS NOTICE TO PRINCIPAL*

*✱ ORIGINAL INSTRUMENT ✱*

*OFFER TO CONTRACT DULY REJECTED WITHOUT DISHONOR, FOR DUE CAUSE; DULY REJECTED, FOR DUE CAUSE, INCLUDING BUT NOT LIMITED TO: DUE CAUSE AS DULY DECLARED AND ORDERED BY STANDING NOTICES, DECLARATIONS, AND PRAECIPES, DOCS 101, 102, 145, 146, 147, 148, 149, 150, 151, AND 160, EACH RESTATED AND INCORPORATED BY REFERENCE, AS IF SET FORTH IN FULL, IN 3:17-CR-082, 3:17-MJ-1067, 1:17-MJ-00531-DAR, AND ALL RELATED CASES, AND PRAETEREA PRETEREA THEREOF, NUNC PRO TUNC,*

*Ronald Keith Beane*
*7-14-18*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **STANDING NOTICES, DECLARATIONS,** |
| **vs.** | ) **PRESENTENCE INVESTIGATION REPORT** |
| | ) |
| **Randall Keith Beane** | ) **Docket No.:   0649 3:17CR00082-001** |
| | ) |

**Prepared for:**     The Honorable Thomas A. Varlan
Chief United States District Judge

**Prepared by:**     Robert Scott Queener
United States Probation Officer
Knoxville, TN
865-673-6829
Scott_Queener@tnep.uscourts.gov

**Assistant U.S. Attorney**
Cynthia F. Davidson
800 Market Street, Suite 211
Knoxville, TN 37902
865-545-4167
cynthia.davidson@usdoj.gov

Anne-Marie Svolto
800 Market Street, Suite 211
Knoxville, TN 37902
865-545-4167
anne-marie.svolto@usdoj.gov

**Defense Counsel**
Pro Se

(Elbow Counsel)
Stephen G McGrath
9111 Cross Park Drive
Bldg D, Suite 200
Knoxville, TN 37923
865-540-8871
lawyer.mcgrath@yahoo.com

**Sentence Date:**     July 24, 2018 10:00 AM

**Offense:**     **Counts One-Five**:
Wire Fraud
18 U.S.C. § 1343
Not more than 20 years imprisonment/$250,000 fine
(Class C Felony)

**Date Report Prepared:** June 13, 2018          **Date Report Revised:**

*DULY REJECTED*

CONFIDENTIAL: THE PRESENTENCE INVESTIGATION REPORT IS A PRIVILEGED COURT DOCUMENT. IT MAY NOT BE DUPLICATED, SHARED, QUOTED, OR ITS CONTENTS OTHERWISE RELEASED WITHOUT SPECIFIC COURT AUTHORIZATION. PURSUANT TO LOCAL RULE 83.9, WITHIN 14 DAYS AFTER THE REPORT IS FILED WITH THE COURT, THE PARTIES SHALL FILE WITH THE COURT ANY OBJECTIONS THEY MAY HAVE AS TO ANY MATERIAL INFORMATION, SENTENCING CLASSIFICATION, SENTENCING GUIDELINE RANGES, AND POLICY STATEMENTS CONTAINED IN OR OMITTED FROM THE REPORT, WHICH SHALL BE ENTITLED "OBJECTION OF (DEFENDANT) (GOVERNMENT) TO THE PRESENTENCE INVESTIGATION REPORT." A PARTY HAVING NO OBJECTIONS TO THE REPORT SHALL FILE WITH THE COURT A "NOTICE OF NO OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT" WITHIN 14 DAYS AFTER THE REPORT IS FILED WITH THE COURT.

*OFFER TO CONTRACT DULY REJECTED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED. Ronald Keith Beane 7-14-18*

**Count Six**:
Bank Fraud
18 U.S.C. § 1344
Not more than 30 years imprisonment/$1,000,000 fine
(Class B Felony)

**Count Seven**:
Conspiracy to Commit Money Laundering
18 U.S.C. § 1956(h)
Not more than 30 years imprisonment/$1,000,000 fine
(Class B Felony)

**Release Status:** The defendant was arrested by way of a writ from custody of the Knox County, Tennessee, Detention Facility on July 27, 2017, and has been in continuous federal custody since that time.

**Detainers:** None.

**Codefendants:** Heather Ann Tucci-Jarraf - 0649 3:17CR00082-2

**Related Cases:** None.

*LIMITED DUE ACCEPTANCE OF THE FOLLOWING STATEMENT FOR THE SOLE PURPOSE OF EVIDENCE OF ACTS DONE BY AND IDENTIFICATION OF FOREIGN AGENTS*

*Ron del Keith Beane*
*7-14-18*

*DULY REJECTED*

***Restrictions on Use and Redisclosure of Presentence Investigation Report.*** Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

*OFFER TO CONTRACT IS DULY REJECTED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.*     2     *Ron del Keith Beane 7-14-18*

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | September 29, 1967 |
| **Age:** | 50 |
| **Race:** | White |
| **Hispanic Origin:** | Non-Hispanic origin |
| **Sex:** | Male |



| | |
|---|---|
| **SSN#:** | 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 |
| **FBI#:** | 326088HA4 |
| **USM#:** | 52505-074 |
| **State ID#:** | TN04427932 |
| **ICE#:** | None |
| **PACTS#:** | 3838553 |

| | |
|---|---|
| **Education:** | High School Diploma |
| **Dependents:** | None |
| **Citizenship:** | U.S. Citizen |
| **Immigration Status:** | Not Applicable |
| **Country of Birth:** | United States |
| **Place of Birth:** | Ashboro, North Carolina |

| | |
|---|---|
| **Legal Address:** | 300 State Street, Apt. 365 |
| | Knoxville, Tennessee 37902 |

| | |
|---|---|
| **Alias(es):** | Also Known As: Beane, Randy |

| | |
|---|---|
| **Alternate IDs:** | Alias Driver's License Number: NC 4219201 (expired) |
| | State ID Number: SC02174810 |
| | State ID Number: NC0392031A |
| | Alias DOB: 01/01/1975 |

DULY REJECTED, RESTATED, *Randall Keith Beane* 7-14-18

3

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 3 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 201   Filed 07/22/18   Page 5 of 26   PageID #:
18620

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.  On July 18, 2017, the Grand Jury for the Eastern District of Tennessee, Knoxville, filed a seven-count Indictment charging **Randall Keith Beane** and Heather Ann Tucci-Jarraf. **Counts One through Five** charge **Randall Keith Bean** with Wire Fraud, occurring on or about various dates in July of 2017, all in violation of 18 U.S.C. § 1343.

2.  **Count Six** charges **Randall Keith Beane** with Bank Fraud, occurring from on or about July 5, 2017, to on or about July 11, 2017, in violation of 18 U.S.C. § 1344.

3.  **Count Seven** charges **Randall Keith Bean** and Heather Ann Tucci-Jarraf with Conspiracy to Commit Money Laundering, occurring in or about July of 2017, in violation of 18 U.S.C. § 1956(h).

4.  On February 1, 2018, the defendant was found guilty by jury trial of all counts of a seven-count Indictment. **Counts One through Five** charged Wire Fraud, in violation of 18 U.S.C. § 1343; **Count Six** charged Bank Fraud, in violation of 18 U.S.C. § 1344; **Count Seven** charged Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

5.  There is no Plea Agreement in this case as the defendant proceeded to trial.

### The Offense Conduct

6.  The following offense conduct is a summation of information contained in the United States Attorney's files and from trial testimony before the Honorable Thomas A. Varlan, Chief United States District Judge.

7.  On January 23, 2018, defendants **Randall Keith Beane** and Heather Ann Tucci-Jarraf proceeded to trial before the Honorable Thomas A. Varlan, Chief United States District Judge. Both defendants proceeded pro se. Testimony and evidence presented at trial revealed that in July of 2017, **Randall Keith Beane** and Heather Ann Tucci-Jarraf embarked on a scheme to obtain and access funds that did not belong to them by exploiting the online banking options available through USAA Bank.

8.  On May 19, 2016, **Randall Keith Beane** opened a bank account with United Services Automobile Association (USAA) Bank. This account, opened by the defendant, was given account number XXX-3062. Defendant **Beane** was also assigned the USAA member number 040540949.

9.  On June 12, 2016, defendant **Beane** purchased a Certificate of Deposit (CD) and funded and secured a credit card from USAA Bank. During this application, the defendant reported his salary as $90,000 annually. This credit report was opened jointly with the defendant's brother, Ricky Beane.

DULY REJECTED, RESTATED. *Randall Keith Beane*
7-14-18

4

10. On June 25, 2016, the defendant opened a joint bank account with USAA Bank with Ricky Beane. The defendant was listed as the secondary account holder on that account.

11. On August 15, 2016, defendant **Beane** opened another credit card, this time in his name only, with USAA Bank. On the credit card application, defendant **Beane** listed his salary as $144,266 annually.

12. By July of 2017, defendant **Beane's** debt had increased. On July 3, 2017, defendant **Beane** contacted USAA Bank and asked for deferred payments of his auto loans and other debt he had accrued with the bank. This request was denied.

13. On July 3, 2017, defendant **Beane** added an external account (labeled Trust Account) into the USAA Bank online banking system, and he listed his personal social security number as the funding account number (XXX-1135) and a valid routing number to the Federal Reserve Bank in New York (XXX-1452). Also in July of 2017, the defendant added another external account (Trust Account Two) into the USAA Bank online banking system, and he listed his personal social security number with one number different as the funding account number (XXX-1135) and a valid routing number to the Federal Reserve Bank. Defendant **Beane** then proceeded, on July 3, July 6, and July 7, 2017, to pay off or make payments to four consumer loans, two credit cards, and insurance debt. Defendant **Beane** used the Trust Account and the Federal Reserve Bank routing number to make the following payments to his loans and credit cards:

| Date | Funding Account | Payment Amount | Payment to Account # |
|------|-----------------|----------------|----------------------|
| 07/03/2017 | Trust Account (1135) | $6,169.43 | Visa (6824) |
| 07/03/2017 | Trust Account (1135) | $5,999.43 | Visa (6824) |
| 07/03/2017 | Trust Account (1135) | $5,002.40 | Visa (9575) |
| 07/03/2017 | Trust Account (1135) | $5,029.90 | Visa (9575) |
| 07/03/2017 | Trust Account (1135) | $3,916.34 | Loan (3366) |
| 07/03/2017 | Trust Account (1135) | $15,258.23 | Loan (6471) |
| 07/03/2017 | Trust Account (1135) | $7,562.82 | Loan (7593) |
| 07/03/2017 | Trust Account (1135) | $10,586.33 | Loan (9002) |
| 07/03/2017 | Trust Account (1135) | $4,277.94 | Insurance debt (0949) |
| 07/06/2017 | Trust 2 Account (1135) | $5,029.90 | Visa (9575) |
| 07/07/2017 | Direct Deposit Account (3062) | $1,049.24 | Insurance debt (0949) |
| 07/07/2017 | Direct Deposit Account (3062) | $10,613.70 | Loan (9002) |
| 07/07/2017 | Direct Deposit Account (3062) | $6,024.23 | Visa (6824) |
| 07/07/2017 | Direct Deposit Account (3026) | $3,905.99 | Loan (3366) |
| 07/07/2017 | Direct Deposit Account (3062) | $15,318.73 | Loan (6471) |
| 07/07/2017 | Direct Deposit Account (3062) | $7,575.26 | Loan (7593) |

DULY REJECTED, RESTATED.     5     Randall Keith Beane 7-14-17

| 07/07/2017 *(Attempted transaction) | Trust Account (1135) | $15,618.05 | Loan (6471) |
|---|---|---|---|
| Total # of Transactions: 17 | | Total: $128,937.92 | |

14. These online ACH (Automated Clearinghouse) transactions were performed after 8:00 p.m. EST. According to USAA Bank, member accounts are immediately credited, and it generally takes two to ten days to receive funds of the ACH transaction. As outlined above, the defendant over-paid, or double-paid, his credit cards. On July 5, 2017, defendant **Beane** contacted USAA Bank via telephone and requested the overage on his credit card accounts be transferred to his personal checking account (3062). During this phone conversation, the defendant also requested the titles for the four vehicles that he had reportedly paid off on July 3, 2017.

15. During trial, defendant **Randall Beane** testified he did in fact purchase the above-mentioned CDs using his social security number as his funding account number and the Federal Reserve Bank routing number. He advised that he located a video online of an individual representing himself as Harvey Dent, who informs individuals how to use a trust account and Federal Reserve routing numbers to pay off debt. Defendant **Beane** conveyed that he decided to try this method of paying off his debt, and he stated during trial that "if this ain't real, then it wouldn't go through." The defendant further stated he kept purchasing CDs from USAA Bank, because he "wanted to know where the end was."

16. On July 5, 2017, beginning at approximately 10:26 p.m. EST, defendant **Beane** accessed the USAA Bank online banking system via his mobile smart device, and he proceeded to attempt to purchase 36 Jumbo Certificates of Deposit (CDs) totaling over $31 million dollars. Defendant **Beane** attempted to purchase these CDs using the fake and fraudulent Trust Account and Trust Account 2, he created on July 3, 2017. The first CD purchased by the defendant (CD Account Number 7004613) was for $500,000. Subsequent CDs were purchased in amounts of $999,000 and $999,999. Each application for a CD was filled out and completed separately. These transactions continued until approximately 12:39 a.m. EST. A banking option of USAA Bank defendant **Beane** attempted to exploit was that CDs purchased were immediately funded by USAA Bank, even if the funds used to purchase the CD had not yet been received by USAA Bank. Information presented at trial represents that Heather Ann Tucci-Jarraf was corresponding with defendant **Beane** via Skype, while **Beane** was attempting to purchase some of the aforementioned CDs. These CD purchases were made using an iPhone application which utilized a biometric fingerprint feature. Defendant **Randall Beane** testified that Heather Ann Tucci-Jarraf was corresponding with him via Skype, when he was purchasing some of these CDs. He further stated she used his success in purchasing the CDs as an advertisement that the process to pay off debt posted on the internet by "Harvey Dent" actually worked.

17. The following is a list of the CDs the defendant purchased and attempted to purchase on July 5, and July 7, 2017:

DULY REJECTED, RESTATED.    6    Ron W. Keith Beane 7-14-18

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 6 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 204   Filed 07/22/18   Page 8 of 26   PageID #:
18623

| CD Account Number | Term | Date Opened | Time | Amount of CD | Status of Application | External Account Number | Funding Routing Number |
|---|---|---|---|---|---|---|---|
| 7004609 | 182 day | 7/5/2017 | 21:26 | $500,000.00 | Discontinued/ System Error | (X-1135) | (X-1452) |
| **7004613*** | **30 day** | **7/5/2017** | **21:32** | **$500,000.00** | **Approved** | **(X-1135)** | **(X-1452)** |
| 7004615 | 30 day | 7/5/2017 | 21:38 | $999,000.00 | Approved | (X-1135) | (X-1452) |
| 7004617 | 3 year | 7/5/2017 | 21:41 | $999,000.00 | Approved | (X-1135) | (X-1452) |
| 7004619 | 30 day | 7/5/2017 | 21:50 | $999,000.00 | Approved | (X-1135) | (X-1452) |
| 7004621 | 30 day | 7/5/2017 | 21:52 | $999,000.00 | Approved | (X-1135) | (X-1452) |
| **7004623*** | **30 day** | **7/5/2017** | **21:55** | **$999,000.00** | **Approved** | **(X-1135)** | **(X-1452)** |
| 7004625 | 30 day | 7/5/2017 | 21:57 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004627 | 30 day | 7/5/2017 | 21:59 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004629 | 30 day | 7/5/2017 | 22:01 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004631 | 30 day | 7/5/2017 | 22:04 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004633 | 30 day | 7/5/2017 | 22:06 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004635 | 30 day | 7/5/2017 | 22:09 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004637 | 30 day | 7/5/2017 | 22:10 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004639 | 30 day | 7/5/2017 | 22:12 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004641 | 30 day | 7/5/2017 | 22:14 | $999,999.00 | Discontinued/ member abandoned during E-Sign | (X-1135) | (X-1452) |
| 7004643 | 30 day | 7/5/2017 | 22:17 | $999,999.00 | Discontinued/ member abandoned during E-Sign | (X-1135) | (X-1452) |
| 7004645 | 30 day | 7/5/2017 | 22:18 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004647 | 30 day | 7/5/2017 | 22:20 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004649 | 30 day | 7/5/2017 | 22:22 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004651 | 30 day | 7/5/2017 | 22:24 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004653 | 30 day | 7/5/2017 | 22:26 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004655 | 30 day | 7/5/2017 | 22:28 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004657 | 30 day | 7/5/2017 | 22:30 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004659 | 30 day | 7/5/2017 | 22:33 | $999,999.00 | Discontinued/ member abandoned during E-Sign | (X-1135) | (X-1452) |
| 7004661 | 30 day | 7/5/2017 | 22:53 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004663 | 30 day | 7/5/2017 | 22:55 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004665 | 91 day | 7/5/2017 | 22:57 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004667 | 91 day | 7/5/2017 | 22:59 | $999,999.00 | Discontinued/ member abandoned | (X-1135) | (X-1452) |

DULY REJECTED, RESTATED.    7    Ronald Keith Bene 7-14-18

| | | | | | during E-Sign | | |
|---|---|---|---|---|---|---|---|
| 7004669 | 30 day | 7/5/2017 | 23:00 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004671 | 30 day | 7/5/2017 | 23:02 | $999,999.00 | Discontinued/ System Error | (X-1135) | (X-1452) |
| 4004673 | 30 day | 7/5/2017 | 23:03 | $999,999.00 | Discontinued/ System Error | (X-1135) | (X-1452) |
| 7004675 | 30 day | 7/5/2017 | 23:15 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004677 | 30 day | 7/5/2017 | 23:17 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004679 | 30 day | 7/5/2017 | 23:19 | $999,999.00 | Discontinued/ System Error | (X-1135) | (X-1452) |
| 7004683 | 30 day | 7/5/2017 | 23:39 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004819 | 30 month | 7/7/2017 | 11:03 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004821 | 30 month | 7/7/2017 | 11:06 | $999,999.00 | Discontinued/ member abandoned during E-Sign | (X-1135) | (X-1452) |
| 7004829 | 3 year | 7/7/2017 | 12:30 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| 7004833 | 3 year | 7/7/2017 | 12:35 | $999,999.00 | Approved | (X-1135) | (X-1452) |
| **Total Number of CDs: 40** | | **Total Amount of CDs: $38,994,967.00** | | | | | |

18. *Denotes the CDs that were liquidated by the defendant on July 6, 2017.

19. During the early morning hours of July 6, 2017, defendant **Beane** contacted USAA Bank via telephone and asked to liquidate the $500,000 CD (CD Account Number 7004613) purchased the previous night into his checking account. Due to an early liquidation penalty, the total amount which was deposited into the defendant's Direct Deposit Account (3062) was $499,909.59. A second CD (CD Account Number 7004623) in the amount of $999,000 was also liquidated at the defendant's direction. Following an early liquidation penalty of that CD, the total amount which was deposited into the defendant's Direct Deposit Account (3062) was $998,819.36. A subsequent phone call made to USAA Bank on July 6, 2017, contained a request from defendant **Beane** to increase the purchase limit on his debit card to $99,999.99.

20. On July 6, 2017, defendant **Beane** went to Ted Russel Ford in Knoxville, Tennessee, and purchased a Ford Superduty Pickup Truck for the list price of $80,510.86. The total balance due, after taxes, of this transaction was $86,153.93. Information reveals that the defendant purchased this vehicle with a written check. After the fraudulent activity of the defendant was discovered by USAA Bank, defendant **Beane** returned the Ford truck to Ted Russell Ford on July 10, 2017.

21. Also on July 6, 2017, defendant **Beane** went to Buddy Gregg Motor Homes, LLC in Knoxville, Tennessee, and informed them he would like to purchase a 2017 Entegra Cornerstone 45B, 45-foot diesel motor home. He then contacted USAA Bank and

DULY REJECTED, RESTATED.     Ronald Kidd Beane 7-14-18

8

informed them of his wish to purchase this motor home, and he advised that he would like to do a wire transfer of the money to Whitney Bank. Whitney Bank is the bank used by Buddy Gregg Motor Homes, LLC. On July 7, 2017, a wire transfer of $493,110.68 was made from the defendant's USAA Bank account to Buddy Gregg Motor Homes' Whitney Bank account number XXX-4960 at the defendant's direction.

22. On July 7, 2017, USAA Bank received correspondence from the Federal Reserve Bank informing them the account number used in the purchase of CDs on July 6, 2017, was non-existent and issued a recall of the funds. USAA Bank then contacted defendant **Randall Beane** and informed him there were issues with his account, and there were problems with the funding account of his CDs. **Defendant Beane's** accounts were immediately frozen by USAA Bank pending further investigation. Investigators seized $945,250.01 of the money deposited into the defendant's bank account on July 7, 2017. On July 8, 2017, Heather Ann Tucci-Jarraf, in a recorded telephone conversation with **Randall Beane** and Buddy Gregg Motor Homes, LLC, informed defendant **Beane** that it would be wise to put the motor home into the name of a trust account.

23. At some point on July 10, 2018, Buddy Gregg Motor Homes, LLC, in Knoxville, Tennessee, received information from Whitney Bank that USAA Bank had requested a recall of the wire transfer of $493,110.68, because the funds supporting that wire transfer were unavailable, and the transaction was "unauthorized." On July 10, 2017, and July 11, 2017, Heather Ann Tucci-Jarraf, representing herself as an attorney on behalf of **Randall Beane,** spoke via telephone with Buddy Gregg Motor Homes, LLC, and Whitney Bank, and she assured them that the transactions made were legal and legitimate. The telephone conversations between Heather Ann Tucci-Jarraf, **Randall Beane**, Buddy Gregg Motor Homes, LLC, and Whitney Bank were recorded and later placed on YouTube for public view.

24. It is the position of the United States Probation Office that based on the totality defendant's conduct above, the two-level enhancement pursuant to USSG §2S1.1(b)(3) (Sophisticated Laundering) applies in this case.

25. The total intended loss attributed to defendant **Beane** is no less than $38,994,967.

26. The total intended loss attributed to defendant Tucci-Jarraf is $493,110.68.

**Victim Impact**

27. USAA Bank, located at 10750 W. Interstate 10, San Antonio, Texas, 78288, is a victim in this case and is entitled to restitution. According to the United States Attorney's Office, only defendant Randall Beane is responsible for the restitution owed to USAA Bank. The amount of restitution for which the defendant is responsible is $510,589.02

**Adjustment for Obstruction of Justice**

28. The probation officer has no information indicating the defendant impeded or obstructed justice.

DULY REJECTED, RESTATED.    Randall Keith Bean

7-14-18

9

**Adjustment for Acceptance of Responsibility**

29.     Defendant Beane proceeded to trial on January 23, 2018. The defendant did not proceed to trial to make a constitutional challenge to a statute or challenge to the applicability of a statute to his conduct. Therefore, he will not receive a reduction in his offense level pursuant to USSG §§3E1.1(a) and (b).

**Offense Level Computation**

30.     The 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11. Counts One through Seven are grouped pursuant to USSG §§3D1.2(c) & (d).

**Count Group One**: **Conspiracy to Commit Money Laundering**

31.     **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 1956(h) is USSG §2S1.1(a)(1). Pursuant to §2S1.1(a)(1), 2B1.1 is referenced when determining the offense level. USSG §2B1.1(a)(1) provides for a base offense level of seven. USSG §2B1.1(b)(1)(L) provides for a 22-level increase to the offense level if the loss amount exceeded $25,000,000, but was less than $65,000,000. As outlined above, defendant Beane is responsible for an intended loss amount of $38,994,967. Therefore, the base offense level for §2S1.1(a)(1) is 29. USSG §§2S1.1(a)(1) and 2B1.1(a)(1).                                    **29**

32.     **Specific Offense Characteristics:** USSG §2S1.1(b)(2)(B) provides for a two-level increase to the offense level if the defendant was convicted under 18 U.S.C. § 1956. USSG §2S1.1(b)(2)(B).                                    **+2**

33.     **Specific Offense Characteristics:** USSG §2S1.1(b)(3) provides for a two-level increase to the offense level if (A) subsection (b)(2)(B) applies; and (B) the offense involved sophisticated laundering. *Application Note 5(A)* to USSG §2S1.2 states "sophisticated laundering" means complex or intricate offense conduct pertaining to the execution or concealment of the 18 U.S.C. § 1956 offense. Section (iii) of *Application Note 5* further states that sophisticated laundering typically involves the use of two or more levels (*i.e.*, layering) of transactions, transportation, transfers, or transmissions, involving criminally derived funds that were intended to appear legitimate. As outlined in the Offense Conduct Section, it is the position of the probation office that this enhancement applies. Therefore, the offense level is increased by two levels. USSG §2S1.1(b)(3).                                    **+2**

34.     **Victim Related Adjustment:** None.                                    **0**

35.     **Adjustment for Role in the Offense:** None.                                    **0**

36.     **Adjustment for Obstruction of Justice:** None.                                    **0**

37.     **Adjusted Offense Level (Subtotal):**                                    **33**

DULY REJECTED, RESTATED.        *Ronald Keith Beane*
                                                7-14-18

10

| 38. | **Chapter Four Enhancement:** None. | | | | **0** |

| 39. | **Acceptance of Responsibility:** As of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. USSG §3E1.1. | | | | **0** |

| 40. | **Total Offense Level:** | | | | **33** |

**Offense Behavior Not Part of Relevant Conduct:**

41. None.

# PART B. THE DEFENDANT'S CRIMINAL HISTORY

42. The defendant's offense commenced and concluded in or around July of 2017.

**Juvenile Adjudication(s)**

43. None.

**Adult Criminal Conviction(s)**

| | **Date of Arrest** | **Conviction/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
|---|---|---|---|---|---|
| 44. | 06/29/1987 (Age 19) | Trespassing without a License/ Randolph County District Court, Asheboro, NC; Docket No.: 1987CR 005565 | 07/25/1987: Pled guilty; 30 days confinement, suspended, do not violate laws of NC for term of suspended sentence - 1 year unsupervised probation | 4A1.2(e)(3) | 0 |

Attorney representation is unknown. Documentation of the facts of this case was requested but could not be located.

| 45. | 12/31/1994 (Age 27) | Possession of Marijuana/ District Court, Guilford County, NC; Docket No.: 95CR21538 | 04/04/1995: Pled guilty, sentence unknown | 4A1.2(e)(3) | 0 |

The defendant was represented by counsel. Documentation of this case was requested but not received.

DULY REJECTED, RESTATED. *Ronald Keith Bare*
7-14-18

11

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 11 of 23   PageID #:
18298
Case 3:17-cr-00082-TAV-DCP   Document 219   Filed 07/22/18   Page 13 of 26   PageID #:
18628

| 46. | 06/05/2004 (Age 36) | No Operator's License/ District Court, Randolph County, NC; Docket No.: 2004CR5413 | 12/17/2004: Pled guilty, sentence unknown | 4A1.2(c)(1) | 0 |

The defendant was represented by counsel. Documentation of this case was requested but not received.

| 47. | 12/13/2004 (Age 37) | Willful Destruction by Tenant/ Superior Court, Randolph County, NC; Docket No.: 2004CR58472 | 05/23/2005: Guilty, 2 years probation | 4A1.2(e)(3) | 0 |

The defendant waived counsel. Documentation of the facts of this case was requested but not received.

| 48. | 04/03/2007 (Age 39) | Driving While Impaired/ District Court, Montgomery County, NC; Docket No.: 2007CR50573 | 02/14/2008: Pled guilty, 18 months probation, 2 days jail, 90 days community service; 10/17/2008: Violation of Probation; 12/02/2008: Guilty of Violation of Probation, 2 days jail, probation extended 6 months; 10/09/2009: Guilty of Violation of Probation, probation extended 12 months; 12/21/2011: Guilty of Violation of Probation, $250 fine, continue on probation | 4A1.1(c) | 1 |

Attorney representation is unknown. Documentation of this case was requested but not received.

DULY REJECTED, RESTATED, _Randll Keith Ben_

7-14-18

12

| 49. | 06/17/2010 (Age 42) | Driving While Impaired/ Superior Court, Randolph County, NC; Docket No.: 2010CR53522 | 06/07/2011: Pled guilty, 10 months probation, 8 days jail; 03/20/2013: Guilty of violation of probation, continue on probation, probation extended 12 months; 03/18/2015: Guilty of violation of probation, continue on probation, (jail records indicate the defendant was in custody from 01/16/2015 to 05/17/2015 (120 days)); 06/13/2017: Guilty of violation of probation, sentence unknown | 4A1.1(c) | 1 |

The defendant waived counsel. Documentation of the facts of this case was requested but not received.

Jail records reveal the defendant was in custody on this case for approximately seven days in October of 2011; from January 16, 2015, to May 17, 2015 (120 days); and from June 13, 2017, to June 30, 2017 (16 days).

| 50. | 09/25/2013 (Age 45) | Driving Without a License/ District Court, Catawba County, NC; Docket No.: 2013CR078665 | 07/09/2015: Guilty, $215 fine and costs | 4A1.2(c)(1) | 0 |

Attorney representation is unknown. Documentation of the facts of this case was requested but not received.

### Criminal History Computation

51. The total criminal history score is two. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of two establishes a criminal history category of II.

### Other Criminal Conduct

52. None.

*DULY REJECTED, RESTATED.* R. Leon Gill Berry 7-14-18

13

## Pending Charges

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 53. | 10/13/2014 (Age 47) | 1) Speeding; 2) Driving Without a License (2nd); 3) Operating Unregistered Vehicle; 4) Operating Unregistered Vehicle; 5) Resisting Arrest; Docket No.: 2014GS2700554 | District Court, Jasper County, SC | 04/17/2015: Failure to Appear Warrant issued (as to Resisting Arrest charge) |

Attorney representation is unknown. Documentation of the facts of this case was requested but not received.

## Other Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 54. | 07/05/2002 (Age 34) | Driving While License Revoked; Docket No.: 2002CR5520 | District Court, Guilford County, NC | 10/11/2002: Dismissed |

The defendant was represented by counsel. Documentation of this case was requested but not received.

| | | | | |
|---|---|---|---|---|
| 55. | 06/23/2004 (Age 36) | Driving While License Revoked; Docket No.: 2004CR3574 | District Court, Chatham County, NC | 08/03/2005: Dismissed |

The defendant was represented by counsel. Documentation of this case was requested but not received.

| | | | | |
|---|---|---|---|---|
| 56. | 07/02/2004 (Age 36) | Driving While License Revoked; Docket No.: 2004CR6545 | District Court, Randolph County, NC | 12/17/2004: Dismissed |

The defendant was represented by counsel. Documentation of this case was requested but not received.

*DULY REJECTED, RESTATED.* Ronell Keith Ben~ 7-14-18

14

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 14 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 219-2   Filed 07/22/18   Page 16 of 26   PageID #:
18631

| 57. | 06/13/2009 (Age 41) | Driving While License Revoked; Docket No.: 2009CR19389 | District Court, Forsyth County, NC | 05/17/2010: Dismissed |
|---|---|---|---|---|

The defendant was represented by an attorney. Documentation of this case was requested but not received.

| 58. | 07/11/2017 (Age 49) | Fugitive from Justice; Docket No.: @1202006 | General Sessions Court, Knox County, TN | 07/17/2017: Dismissed |
|---|---|---|---|---|

Attorney representation is unknown. The Affidavit of Complaint indicates that on Wednesday, July 12, 2017, at 5:30 a.m., an officer came into contact with the defendant at 5001 Maloneyville Road. The Affidavit states, "The defendant did unlawfully, knowingly, and willingly flee from Colorado to Knoxville, Tennessee, to avoid prosecution for Failure to Appear. NCIC confirmed the defendant as a wanted person." The agency holding the warrant is Jasper County Sheriff's Office. The warrant number is W373601642. "Extradition confirmed."

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

59. The United States Probation Office attempted to contact a member of the defendant's family to verify the defendant's personal history information, but was unsuccessful in its attempts.

60. Randall Keith Beane was born on September 29, 1967, in Ashboro, North Carolina, to the union of Brenda Davis and Ronnie Beane. According to the defendant, both of his parents reside in North Carolina. He has one brother and one sister. Ricky Beane, age 45, resides in Greensboro, North Carolina. Tammy Beane, age 46, lives in Mebane, North Carolina. The defendant reported his parents divorced when he was approximately eight years of age, and following the divorce, he was primarily reared by his mother. He stated that, during his childhood, his parents were violent and abusive, and he was also the victim of sexual abuse. The defendant advised he lived in North Carolina for 48 years. He has lived in Tennessee since approximately 2016. The defendant informed he plans to return to the Eastern District of Tennessee upon his release from imprisonment.

61. Defendant Beane has never married and has no children.

### Physical Condition

62. The defendant stands five feet, eight inches tall and weighs 165 pounds. He has blue eyes and blonde hair. Physically, the defendant reported he enjoys good health and no known physical limitations. He also stated he is allergic to Penicillin.

DULY REJECTED, RESTATED. Randall Keith Beane 7-14-18

15

### Mental and Emotional Health

63. Mentally and emotionally, the defendant enjoys good health, and he has no history of mental or emotional health treatment.

### Substance Abuse

64. According to the defendant, he rarely drinks alcohol and experimented with marijuana in his twenties. He denied having ever used any other illegal substance and has no history of substance abuse treatment.

### Educational, Vocational and Special Skills

65. According to the defendant, he graduated from Ashboro, North Carolina, High School in 1985. Records confirming this statement by the defendant were requested but not received.

66. Defendant Beane reported he enlisted with the United States Air Force in 1988. He received an Honorable Discharge from the military in 1993. According to the defendant, he was an Electronics Engineering and Computer Programming Specialist while in the Air Force.

### Employment Record

67. For approximately two months prior to his arrest in this case, defendant Beane stated he earned money by completing "odd jobs." From January 2016, to approximately July 2017, the defendant advised he was employed with Advantage Innovations in Knoxville, Tennessee, in the graphics installations department. From approximately 2005, to approximately 2016, the defendant was employed as a warehouse manager with GHS Corporation in Denton, North Carolina. He also reported he owned and operated his own car detailing business, Southern Classic Detailing, for approximately ten years. Documentation confirming the defendant's prior employment was requested but not received.

### Financial Condition: Ability to Pay

68. At present, the defendant is incarcerated and has no source of income. Interviews with the defendant and a review of his credit report disclosed no significant assets and the following liabilities. Based upon information available to the Probation Office, it does not appear the defendant has the ability to pay a fine, either in a lump sum, or on an installment basis.

### Assets

None.

*DULY REJECTED, RESTATED.* Rall Kelh Bene
7-14-18

16

### Liabilities

| | | |
|---|---|---:|
| Collection Account | Knology Inc. DBA WOW | $117.00 |
| Collection Account | TBOM/TFC | $1,804.00 |
| Collection Account | LVNV Funding LLC | $662.00 |
| Collection Account | Conn. Credit Corp | $6,939.00 |
| Collection Account | Republic Finance | $20,040.00 |
| **Total Liabilities** | | **$29,562.00** |
| **Total Net Worth** | | **($29,562.00)** |
| **Total Monthly Cash Flow** | | **$0** |

## PART D. SENTENCING OPTIONS

### Custody

69. **Statutory Provisions:** Counts One through Five: The maximum term of imprisonment is 20 years per count. 18 U.S.C. § 1343. Count Six: The maximum term of imprisonment is 30 years. 18 U.S.C. § 1344. Count Seven: The maximum term of imprisonment is 30 years. 18 U.S.C. § 1956(h).

70. **Guideline Provisions:** Based upon a total offense level of 33 and a criminal history category of II, the guideline imprisonment range is 151 months to 188 months.

### Impact of USSG §5G1.3

As stated in the defendant's Criminal History Section, defendant Beane has a pending charge of in Jasper County, South Carolina, District Court Docket Number 2014GS2700554. This case does not appear to be reasonably related to the instant offense. Should the Court deem it appropriate to address the defendant's pending state charge, *Setser vs. United States* holds that a federal district court has the discretion to order a federal criminal sentence to be served concurrently with or consecutively to a state criminal sentence that is anticipated but has not yet been imposed.

### Impact of Plea Agreement

71. There is no plea agreement in this case.

### Supervised Release

72. **Statutory Provisions:** Counts One through Five: The Court may impose a term of supervised release of not more than three years per count. 18 U.S.C. § 3583(b)(2). Count Six: The Court may impose a term of supervised release of not more than five years. 18 U.S.C. § 3583(b)(1). Count Seven: The Court may impose a term of supervised release of not more than five years. 18 U.S.C. § 3583(b)(1).

DULY REJECTED, RESTATED. 17 *Ronald Keith Beane* 7-14-19

73. Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

74. **Guideline Provisions:** Counts One through Five: Since each count is a Class C Felony, the guideline range for a term of supervised release is one year to three years per count. USSG §5D1.2(a)(2). Count Six: Since the offense is a Class B Felony, the guideline range for a term of supervised release is two years to five years. USSG §5D1.2(a)(1). Count Seven: Since the offense is a Class B Felony, the guideline range for a term of supervised release is two years to five years. USSG §5D1.2(a)(1).

## Probation

75. **Statutory Provisions:** Counts One through Five: The defendant is eligible for not less than one nor more than five years probation per count, because each count is a Class C Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. Count Six: The defendant is ineligible for probation, because the offense is a Class B Felony. 18 U.S.C. § 3561(a)(1). Count Seven: The defendant is ineligible for probation, because the offense is a Class B Felony. 18 U.S.C. § 3561(a)(1).

76. Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

77. **Guideline Provisions:** Counts One through Five: The defendant is eligible for not less than one year nor more than five years probation. USSG §5B1.2(a)(1). Count Six: The defendant is ineligible for probation, because the offense is a Class B Felony. USSG §5B1.1(b)(1). Count Seven: The defendant is ineligible for probation, because the offense is a Class B Felony. USSG §5B1.1(b)(1). Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. USSG §5B1.1, comment.(n.2).

## Mandatory Conditions of Supervision

78. Pursuant to 18 U.S.C. §§ 3563 and 3583, the following conditions are mandatory, if applicable, when a term of supervision is imposed:

The defendant must not commit another federal, state or local crime.

The defendant must not unlawfully possess a controlled substance.

The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as determined by the Court. This drug testing condition may be suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant must cooperate in the collection of DNA as directed by the probation officer.

DULY REJECTED, RESTATED. *Randall Keith Beane* 7-14-18

18

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 18 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 239   Filed 07/22/18   Page 20 of 26   PageID #:
18216
18635

The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

The defendant must participate in an approved program for domestic violence.

The defendant must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

If this judgment imposes a fine, the defendant must pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

### Standard Conditions of Supervision

79.   The following recommended conditions are listed in Local Rule 83.10 and are necessary and reasonably related to the factors set forth in Title 18 U.S.C. §§ 3553(a)(1) and (a)(2). The below listed conditions are basic requirements that are essential to supervision.

a)   The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment, or of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. **Justification:** *This condition is an administrative requirement of supervision.*

b)   After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

c)   The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court or the probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

d)   The defendant must answer truthfully the questions asked by the defendant's probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

e)   The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the

DULY REJECTED, RESTATED. 19 Ron Ul Kittl Bence 7-14-18

probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

f) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

g) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will reduce the risk of recidivism and provide for defendant rehabilitation.*

h) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

i) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

j) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

k) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

l) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation

DULY REJECTED, RESTATED.    20    Roall Keith Ben    2-14-18

officer may contact the person and confirm that the defendant has notified the person about the risk. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

m) The defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

### Proposed Special Conditions of Supervision

80. The following special conditions of release are recommended based on this defendant's history and characteristics, as well as the relevant facts of the instant offense:

a) The defendant shall submit his person, property, house, residence, office, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1) or other electronic communications or data storage devices or media,], to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. **Justification:** *This condition will assist the probation officer in monitoring the defendant for protection of the community.*

b) The defendant shall provide the probation officer with access to any requested financial information. **Justification:** *This condition will assist the probation officer in monitoring the defendant's payment of restitution.*

c) The defendant shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the restitution has been paid in full. In addition, the defendant shall not enter into any contractual agreements which obligate funds without the permission of the probation officer. **Justification:** *This condition will assist the probation officer in monitoring the defendant's payment of restitution.*

d) The defendant shall pay any financial penalty that is imposed by this Court. Any amount that remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of his net monthly income. **Justification**: *This condition will assist the probation officer in monitoring the defendant's payment of restitution.*

### Fines

81. **Statutory Provisions:** Counts One through Five: The maximum fine is $250,000 per count. 18 U.S.C. § 3571(b). Count Six: The maximum fine is $1,000,000. 18 U.S.C. § 3571(b). Count Seven: The maximum fine is $1,000,000. 18 U.S.C. § 3571(b).

82. Counts One through Seven: A special assessment of $100 is mandatory per count. 18 U.S.C. § 3013.

DULY REJECTED, RESTATED. 21 _Rall Keith Bauer_ 7-14-18

83. **Guideline Provisions:** The fine range for this offense is $35,000 to $1,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute. USSG §§5E1.2(c)(3) and (c)(4).

84. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides the following monthly cost data:

|  | **Bureau of Prisons Facilities** | **Community Correction Centers** | **Supervision by Probation Officer** |
|---|---|---|---|
| Daily | $87.00 | $80.00 | $12.00 |
| Monthly | $2,654.00 | $2,440.00 | $366.00 |
| Annually | $31,842.00 | $29,280.00 | $4,392.00 |

**Restitution**

85. **Statutory Provisions:** Pursuant to 18 U.S.C. § 3663, restitution in the total amount of $510,589.02 shall be ordered in this case. Restitution, as set forth below, is due and owing to the following victims:

$510,589.02
USAA Bank
10750 W. Interstate 10
San Antonio, Texas, 78288

86. **Guideline Provisions:** Restitution shall be ordered. USSG §5E1.1.

**Denial of Federal Benefits**

87. **Statutory Provisions:** None.

88. **Guideline Provisions:** None.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

89. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.

DULY REJECTED, RESTATED, _[signature]_ 2-14-18

22

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 22 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 189   Filed 07/23/18   Page 24 of 26   PageID #:
18639

# PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

90.    The probation officer has not identified any factors which would warrant a variance outside the guideline range based on the provision of 18 U.S.C. § 3553(a).

*[handwritten: FURTHER DUE CAUSE: ELECTRONIC/DIGITAL SIGNATURE UNACCEPTABLE]*

Respectfully Submitted,

Chief U.S. Probation Officer

Amanda Latham
2018.06.13 16:28:23
-04'00'

For:    Robert Scott Queener
        United States Probation Officer

Approved:

Tommy Joe Thomas
2018.06.13 16:22:12
-04'00'

Joe Thomas
Supervising United States Probation Officer

RSQ:sw

*[handwritten: OFFER TO CONTRACT, DULY REJECTED; DULY REJECTED, WITHOUT DISHONOR FOR DUE CAUSE, RESTATED.]*

*[handwritten signature]*
*[handwritten date: 7-14-18]*

23

Case 3:17-cr-00082-TAV-DCP   Document 184   Filed 06/13/18   Page 23 of 23   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 209   Filed 07/22/18   Page 25 of 26   PageID #:
18640

WITH FULL RESPONSIBILITY, ACCOUNTABILITY, AND LIABILITY, I HAVE RESPECTFULLY ORDERED ASSIGNED "ELBOW CONSEL", STEPHEN McGRATH, ESQ., TO ELECTRONICALLY FILE, AND NOTICE ALL ALLEGED PARTIES OF my ABOVE DUE REJECTION OF SAID OFFER TO CONTRACT, SAID OFFER TO CONTRACT, PURPORTEDLY WRITTEN By AMANDA LATHAM, "U.S. PROBATION OFFICER", FOR THOMAS A. VARLAN, "CHIEF U.S. DISTRICT JUDGE"; SAID OFFER TO CONTRACT PRESENTED UNDER GUISE OF A "PRESENTENCE INVESTIGATION REPORT", "P.I.R."; SAID P.I.R. AND THOSE SIMILARLY "ISSUED", KNOWN TO ME TO BE A SIGNIFICANT PORTION OF UNDERWRITING FOR UNLAWFUL, ILLEGAL, AND FRAUDULENT MONETARY INSTRUMENTS, INCLUDING BUT NOT LIMITED TO "PRISON BONDS" SOLD TO INSTITUTIONAL INVESTORS, AND FOR FURTHER SALE TO THE GENERAL PUBLIC; SLAVERY AND TRAFFICKING VIA MONETARY INSTRUMENTS. DULY VERIFIED.

Randall Keith Beane

7-14-18

AB
RKB

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of this document has been served upon counsel for all parties of record in this case via this Court's electronic filing system on this 6th day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath

APPROVED AND ORDERED ON JULY 14, 2018.

Randall Keith Beane

7-14-18