UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:17-CR-82 |
| | ) | Judge Varlan |
| RANDALL KEITH BEANE | ) | |

## MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, moves this Court for the entry of a Preliminary Order of Forfeiture, and in support thereof, states as follows:

On July 18, 2017, an Indictment was filed charging the defendant, Randall Keith Beane, with wire fraud, bank fraud and conspiracy to launder money, in violation of 18 U.S.C. §§ 1343, 1344 and 1956(h) (Counts One through Seven). (Doc. 3, Indictment.) The United States included forfeiture allegations in the Indictment. (*Id*. at pg.7.)

The United States seeks forfeiture of the interest of the defendant in any property derived from or traceable to property derived from proceeds of the wire fraud and bank fraud violations and property involved in the commission of money laundering offense, as set forth in the Indictment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2). Specifically, the United States seeks to forfeit the defendant's interest in a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN 4VZVU1E94HC082752 and a personal money judgment in favor of the United States and against the defendant for $553,749.99 ("subject property"), such amount representing the proceeds the defendant personally obtained as a result of the defendant's criminal violations.

On February 1, 2018, after trial, a duly empaneled jury returned guilty verdicts against the defendant for violations of 18 U.S.C. §§ 1343, 1344 and 1956(h). (Doc. 119, Jury Verdict.)

By virtue of the conviction and the evidence produced at trial, the United States asks the Court to determine that the subject property be forfeited pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2), and that the United States has established the requisite nexus between the subject property and the offense pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

The evidence produced at trial demonstrates that the defendant purchased the 2017 Entegra motorhome with funds he obtained directly as a result of the defendant's criminal violations. (Doc. 165, Trial Tr. Volume IV, pgs. 175, 179, 195, 207.) The defendant admitted to purchasing over 30 jumbo certificates of deposit using a fictitious bank account number (*i.e.*, defendant's Social Security Number) and a routing number to the Federal Reserve. (*Id*. at pg. 179.) The defendant further admitted that he used the funds from those CDs to pay bills, purchase a truck from Ted Russell Ford and to buy the motorhome. (*Id*. at pgs. 179, 195, 207.) Thus, the motorhome is directly traceable to the defendant's fraud violations.

The money judgment amount, as alleged in the Indictment, is a conservative estimate of the funds the defendant obtained and used as a result of the fraudulent wire transfers. At trial, the evidence showed the defendant paid off four consumer loans, bought a truck (later returned) and the motorhome. (Doc. 162, Trial Tr. Vol I, pg. 123-124.) In total, the United States submits that the amount the defendant personally obtained as a result of the fraudulent purchase of the certificates of deposit was at least $553,749.99.[1]

Accordingly, it is now time for entry of a Preliminary Order of Forfeiture to direct the United States Marshals Service to secure custody of the properties and to begin the publication

---

[1] This amount is different from the restitution amount owed to the victim bank. This is because some of the payments the defendant made with the fraudulently obtained funds went directly to the victim bank to pay consumer loans the defendant had with the victim bank.

2

and notice process to all interested third parties in the case, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1). To effectuate the procedural mandates of 21 U.S.C. § 853, a proposed Preliminary Order of Forfeiture is submitted to the Court.

    Wherefore, the United States respectfully moves for entry of the proposed Preliminary Order of Forfeiture.

J. DOUGLAS OVERBEY
United States Attorney

By:   *s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 3702
(865) 545-4167

CERTIFICATE OF SERVICE

    I hereby certify that on July 24, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail.

*s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO
Assistant U.S. Attorney