IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Docket No. 3:17-CR-82 |
| RANDALL KEITH BEANE | ) JUDGE VARLAN |

## NOTICE OF FILING

COMES the Defendant RANDALL KEITH BEANE, through his elbow counsel, and hereby files STANDING CANCELLATION: DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE RE DOCUMENT 224.

Respectfully submitted this 30th day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath (BPR # 025973)
9111 Cross Park Drive
Bldg D – Suite 200
Knoxville, TN 37923
Phone: (865) 540-8871
Fax: (865) 540-8866
"Elbow Counsel" for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this document has been served upon counsel for all parties of record in this case via this Court's electronic filing system on this 30th day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath

\*ORIGINAL INSTRUMENT\*
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

STANDING: DULY CANCELED FOR DUE CAUSE, WITHOUT DISHONOR;

UNITED STATES OF AMERICA )

DUE CAUSE INCLUDING BUT NOT ) LIMITED TO: DOCUMENTS 19, 98,
v. ) No.: 3:17-CR-82-TAV-DCP
101, 102, 145, 146, 147, 148, 149, 150, ) 151, 160, 207, 215, 219, 220,
RANDALL KEITH BEANE )

221, AND 222, EACH RESTATED AND INCORPORATED BY
REFERENCE AS IF SET FORTH IN FULL IN CASES

**PRELIMINARY ORDER OF FORFEITURE**

3:17-CR-82, 3:17-MJ-1067, 1:17-mj-00531, AND ALL

On July 18, 2017, an Indictment (Doc. 3) was filed charging the defendant,

CASES THEREOF, NUNC PRO TUNC, AB INITIO AND

RANDALL KEITH BEANE, with wire fraud, bank fraud and conspiracy to launder

PRAETEREA, PRETERIA

money, in violation of 18 U.S.C. §§ 1343, 1344 and 1956(h) (Counts One through Seven).

In the forfeiture allegations of the Indictment, the United States sought forfeiture of the interest of the defendant in any property derived from or traceable to property derived from proceeds of the wire fraud and bank fraud violations and an property involved in the commission of money laundering offense, as set forth in the Indictment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2).

[Signature: Randall Keith Beane 7-30-18]

On February 1, 2018, the defendant was convicted of the offenses charged in the Indictment. By virtue of the conviction, and the evidence produced at trial, the Court has determined that the properties identified below are subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2), and that the United States has established the requisite nexus between the properties and the offense pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

STANDING: DULY CANCELLED WITHOUT DISHONOR FOR
DUE CAUSE, RESTATED.

[Signature: Randall Keith Beane 7-30-18]

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Based upon the jury verdict finding the defendant guilty of the offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1956(h), all right, title and interest of the defendant in the following are hereby forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2), and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

    (a) 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN 4VZVU1E94HC082752; topaz in color with eight wheels; and

    (b) A money judgment in favor of the United States and against the defendant, RANDALL KEITH BEANE, for $553,749.99, which represents the minimum amount of proceeds RANDALL KEITH BEANE personally obtained, directly or indirectly, as a result of the criminal violations of 18 U.S.C. §§ 1343 and 1344.

2. The aforementioned forfeited properties are to be held by the United States Marshal's Service, or its designated representative, until the case is completed.

3. Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States hereby gives notice of its intent to dispose of the forfeited properties in such a manner as the United States Attorney General may direct. The Notice shall provide that any person other than the defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within sixty (60) days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

4. The notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right,

2

*[Handwritten annotations across page:]* STANDING DULY CANCELED WITHOUT DISHONOR FOR DUE CAUSE, RESTATED. Randall Keith Beane 9-30-18

title and interest in the properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. The United States, to the extent practicable, may also provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. Because Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," and pursuant to Rule 32.2(b)(4)(A) and (b)(4)(B), this Preliminary Order of Forfeiture will become final as to the money judgment in the amount of $553,749.99 at the time of sentencing, and will be made part of the sentence and included in the Judgment.

6. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to amend this Order of Forfeiture to substitute property having a value not to exceed $553,749.99 to satisfy the money judgment in whole or in part.

7. Upon adjudication of all other or third-party interests in the properties, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

STANDING: DULY CANCELED WITHOUT DISHONOR FOR DUE CAUSE, RESTATED. Randall Keith Beane 7-30-18

Submitted by:

J. DOUGLAS OVERBEY
United States Attorney

By: s/*Anne-Marie Svolto*
Anne-Marie Svolto
Cynthia F. Davidson
Assistant United States Attorneys

STANDING: CANCELATION CANCELED

STANDING: DULY CANCELED WITHOUT DISHONOR FOR DUE CAUSE, RESTATED. *Paul H. Keith Bean* 7-30-18

4