IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 3:17-CR-82 |
| | ) | |
| RANDALL KEITH BEANE | ) | JUDGE VARLAN |

## NOTICE OF FILING

COMES the Defendant RANDALL KEITH BEANE, through his elbow counsel, and hereby files STANDING CANCELLATION: DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE RE DOCUMENTS 228, 228-1, AND 229.

Respectfully submitted this 31st day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath (BPR # 025973)
9111 Cross Park Drive
Bldg D – Suite 200
Knoxville, TN 37923
Phone: (865) 540-8871
Fax: (865) 540-8866
"Elbow Counsel" for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this document has been served upon counsel for all parties of record in this case via this Court's electronic filing system on this 31st day of July, 2018.

s/Stephen G. McGrath
Stephen G. McGrath

✱ ORIGINAL INSTRUMENT ✱

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE KNOXVILLE DIVISION

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses committed on or after November 1, 1987) |
| v. STANDING: DULY CANCELED FOR DUE CAUSE, WITHOUT DISHONOR; | |
| | Case Number: **3:17-CR-00082-TAV-DCP(1)** |
| RANDALL KEITH BEANE | |
| USM#52505-074 | **Randall Keith Beane, pro se** |
| | **Stephen G McGrath** |
| | Defendant's Elbow Counsel |

DUE CAUSE INCLUDING BUT NOT LIMITED TO: DOCUMENTS 19, 98,
101, 102, 145, 146, 147, 148, 149, 150, 151, 160, 207, 215, 219, 220, 221,

**THE DEFENDANT:**

☐ pleaded guilty to count(s): AND 222, EACH RESTATED AND INCORPORATED BY
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☒ was found guilty on count(s) 1-7 of the Indictment  after a plea of not guilty.

REFERENCE AS IF SET FORTH IN FULL IN CASES 3:17-CR-82,

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

3:17-MJ-1067 AND 1:17-MJ-00531, AND ALL CASES THEREOF,

| Title & Section and Nature of Offense | Date Violation Concluded | Count |
|---|---|---|
| 18 U.S.C. § 1343 - Wire Fraud | 07/11/2017 | 1-5 |
| 18 U.S.C. § 1344 - Bank Fraud | 07/11/2017 | 6 |
| 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering | 07/11/2017 | 7 |

NUNC PRO TUNC, AB INITIO AND PRAETERBA PRETEREA.

The defendant is sentenced as provided in pages 2 through 7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s).
☐ All remaining count(s) as to this defendant are dismissed upon motion of the United States.

*Randall Keith Beane* 7-30-18

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

STANDING CANCELLATION CANCELLED

July 24, 2018
Date of Imposition of Judgment

s/ Thomas A. Varlan
Signature of Judicial Officer

**Thomas A Varlan , United States District Judge**
Name & Title of Judicial Officer

July 24, 2018
Date

STANDING: CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED
*Randall Keith Beane* 7-30-18

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **155 Months. This sentence consists of a term of 120 months as to each of Counts One through Five, and 155 months as to Count Six and Seven with all counts to run concurrently.** It is ordered that this sentence shall be served concurrently to any anticipated state sentence in Jasper County, South Carolina, District Court Docket Number 2014GS2700554

☒ The court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to either Butner or Manchester.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at    ☐ a.m.  ☐ p.m.  on
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on
   to   ,
   at   ,
   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

*[Handwritten across page:]* STANDING; Duly CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.
*Randall Keith Beane 7-30-2018*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**. This consists of terms of three (3) years as to each of Counts One through Five, and five (5) years as to each of Counts Six and Seven, to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

*[Handwritten across page: STANDING CANCELLED CANCELLED]*

*[Handwritten at bottom:]* STANDING: DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED
Randall Keith Beane 7-30-2018

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

STANDING:
CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.
Randall Keith Beane 7-30-2018

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You must provide the probation officer with access to any requested financial information.

3. You must not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the restitution has been paid in full. In addition, you must not enter into any contractual agreements which obligate funds without the permission of the probation officer.

4. You must pay any financial penalty that is imposed by this judgment. Any amount that remains unpaid at the commencement of supervision shall be paid on a monthly basis at the minimum rate of 10 percent of your net monthly income.

*[Handwritten across page: "STANDING! CANCELLATION CANCELLED"]*

*[Handwritten at bottom: "STANDING! DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED. Randall Keith Beane 7-30-2018"]*

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $700.00 | $.00 | $.00 | $510,589.02 |

- ☐ The determination of restitution is deferred until after such determination. An *Amended Judgment in a Criminal Case (AO245C)* will be entered
- ☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $510,589.02 to:

USAA BANK
10750 W. INTERSTATE 10
SAN ANTONIO, TX 78288

- ☐ Restitution amount ordered pursuant to plea agreement $
- ☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
- ☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  - ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution
  - ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

*[Handwritten across page: STANDING CANCELLATION CANCELLED]*

*[Handwritten at bottom:]* STANDING:
DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.
*Randall Keith Beane* 7-30-2018
*[red thumbprint]*

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payments of $ 511,289.02 due immediately, balance due
  ☐ not later than , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to U.S. District Court, 800 Market Street, Suite 130, Howard H. Baker, Jr. United States Courthouse, Knoxville, TN, 37902. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
  See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
  ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit the defendant's interest in the following property to the United States: as set forth in the Preliminary Order of Forfeiture (doc. 224) entered July 24, 2018.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

*[Handwritten across page:]* STANDING. DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED. Randall Keith Beane 7-30-2018

*✱ ORIGINAL INSTRUMENT ✱*

NOTICE TO AGENT IS NOTICE TO PRINCIPAL

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE KNOXVILLE DIVISION

NOTICE TO PRINCIPAL IS NOTICE TO AGENT

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** (For Offenses committed on or after November 1, 1987) |
| v. | Case Number: **3:17-CR-00082-TAV-DCP(1)** |
| RANDALL KEITH BEANE USM#52505-074 | **Randall Keith Beane, pro se** **Stephen G McGrath** Defendant's Elbow Counsel |

*Handwritten annotations:*
STANDING: DULY CANCELED FOR DUE CAUSE, WITHOUT DISHONOR, DUE CAUSE INCLUDING BUT NOT LIMITED TO: DOCUMENTS 19, 98, 101, 102, 145, 146, 147, 148, 149, 150, 151, 160, 207, 215, 219, 220, 221, AND 222, EACH AND INCORPORATED BY REFERENCE AS RESTATED IF SET FORTH IN FULL IN CASES 3:17-CR-82, 3:17-MJ-1067, AND 1:17-mj-00531, AND ALL CASES THEREOF, NUNC PRO TUNC, AB INITIO, AND PRAETEREA PRAETERLA.
Randall Keith Beane 7-30-2018

THE DEFENDANT:

☐ pleaded guilty to count(s):
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☒ was found guilty on count(s) 1-7 of the Indictment after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section and Nature of Offense | Date Violation Concluded | Count |
|---|---|---|
| 18 U.S.C. § 1343 - Wire Fraud | 07/11/2017 | 1-5 |
| 18 U.S.C. § 1344 - Bank Fraud | 07/11/2017 | 6 |
| 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering | 07/11/2017 | 7 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s).
☐ All remaining count(s) as to this defendant are dismissed upon motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

*[Diagonal handwritten overlay: STANDING CANCELED]*

**July 24, 2018**
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**Thomas A Varlan , United States District Judge**
Name & Title of Judicial Officer

_____
Date

*Handwritten at bottom:*
STANDING DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED
Randall Keith Beane - 7-30-2018

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **155 Months. This sentence consists of a term of 120 months as to each of Counts One through Five, and 155 months as to Count Six and Seven with all counts to run concurrently.** It is ordered that this sentence shall be served concurrently to any anticipated state sentence in Jasper County, South Carolina, District Court Docket Number 2014GS2700554

☒ The court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to either Butner or Manchester.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at ☐ a.m. ☐ p.m. on
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on
  to ,
  at ,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

STANDING:
DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.
Randall Keith Beane 7-30-2018

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**. This consists of terms of three (3) years as to each of Counts One through Five, and five (5) years as to each of Counts Six and Seven, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

*[Handwritten across page: "STANDING Conditions CANCELLED"]*

*[Handwritten at bottom:]* STANDING: DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.

*[Signature]* Randall Keith Beane 7-30-2018

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

*STANDING:*  
*Duly CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED.*  
*Randall Keith Beane 7-30-2018*

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You must provide the probation officer with access to any requested financial information.

3. You must not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the restitution has been paid in full. In addition, you must not enter into any contractual agreements which obligate funds without the permission of the probation officer.

4. You must pay any financial penalty that is imposed by this judgment. Any amount that remains unpaid at the commencement of supervision shall be paid on a monthly basis at the minimum rate of 10 percent of your net monthly income.

*[Handwritten across page: "STANDING, CANCELATION CANCELED"]*

*[Handwritten at bottom: "STANDING, Duly CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED. Randall Keith Beane 7-30-2018"]*

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

|        | Assessment | JVTA Assessment* | Fine  | Restitution  |
|--------|-----------:|-----------------:|------:|-------------:|
| TOTALS | $700.00    | $.00             | $.00  | $510,589.02  |

☐ The determination of restitution is deferred until after such determination. An *Amended Judgment in a Criminal Case (AO245C)* will be entered

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $510,589.02 to:

USAA BANK
10750 W. INTERSTATE 10
SAN ANTONIO, TX 78288

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

*[Handwritten across page: "STANDING Cancellation CANCELLED"]*

*[Handwritten at bottom:]* ✓ STANDING
DULY CANCELLED, WITHOUT DISHONOR, FOR DUE CAUSE RESTATED.
*Randall Keith Beane* 7-30-2018

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payments of $ 511,289.02 due immediately, balance due  
☐ not later than , or  
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **U.S. District Court, 800 Market Street, Suite 130, Howard H. Baker, Jr. United States Courthouse, Knoxville, TN, 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several  
See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.  
☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.  
☐ The defendant shall pay the cost of prosecution.  
☐ The defendant shall pay the following court cost(s):  
☒ The defendant shall forfeit the defendant's interest in the following property to the United States: as set forth in the Preliminary Order of Forfeiture (doc. 224) entered July 24, 2018.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

*[Handwritten annotation:]* STANDING: DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED  
*[Signature:]* Randall Keith Beane 7-30-2018

★ ORIGINAL INSTRUMENT ★   NOTICE TO PRINCIPAL IS NOTICE TO AGENT
                          NOTICE TO AGENT IS NOTICE TO PRINCIPAL

AO 245 SOR   (Rev. 09/15) Judgment in a Criminal Case
             Attachment (Page 1) — Statement of Reasons    STANDING: DOCUMENT 229 IS DULY CANCELED

DEFENDANT: FOR DUE CAUSE, WITHOUT DISHONOR, DUE CAUSE INCLUDING BUT
CASE NUMBER: NOT LIMITED TO: DOCUMENTS 19,98, 101, 102, 145, 146, 147, 148, 149,
DISTRICT: 150, 151, 160, 207, 215, 219, 220, 221, AND 222, EACH RESTATED
AND INCORPORATED BY REFERENCE     **STATEMENT OF REASONS**   AS IF SET FORTH IN FULL
                                    (Not for Public Disclosure)
    Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.
IN CASES 3:17-CR-82, 3:17-MJ-1067 AND 1:17-MJ-00531, AND ALL CASES THEREOF,
I.  **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**
NUNC PRO TUNC, AB INITIO, AND PRAETERE A PRETEREA.  [signature] 7-31-2018
    A.  ☐ **The court adopts the presentence investigation report without change.**
    B.  ☐ **The court adopts the presentence investigation report with the following changes:** (Use Section VIII if necessary)
            (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)

        1.  ☐ **Chapter Two of the United States Sentencing Commission** Guidelines Manual **determinations by court:** (briefly
              summarize the changes, including changes to base offense level, or specific offense characteristics)

        2.  ☐ **Chapter Three of the United States Sentencing Commission** Guidelines Manual **determinations by court:** (briefly
              summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of
              responsibility)

        3.  ☐ **Chapter Four of the United States Sentencing Commission** Guidelines Manual **determinations by court:** (briefly
              summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)

        4.  ☐ **Additional Comments or Findings:** (include comments or factual findings concerning any information in the presentence report,
              including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions;
              any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a
              court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)

    C.  ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
           Applicable Sentencing Guideline: (if more than one guideline applies, list the guideline producing the highest offense level) _____

II. **COURT FINDINGS ON MANDATORY MINIMUM SENTENCE** (Check all that apply)

    A.  ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or
           above the applicable mandatory minimum term.
    B.  ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below
           the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

           ☐ findings of fact in this case: (Specify) _____

           ☐ substantial assistance (18 U.S.C. § 3553(e))
           ☐ the statutory safety valve (18 U.S.C. § 3553(f))

    C.  ☐ No count of conviction carries a mandatory minimum sentence.

III. **COURT DETERMINATION OF GUIDELINE RANGE:** (BEFORE DEPARTURES OR VARIANCES)

     Total Offense Level: _____
     Criminal History Category: _____
     Guideline Range: (after application of §5G1.1 and §5G1.2) _____ to _____ months
     Supervised Release Range: _____ to _____ years
     Fine Range: $ _____ to $ _____

     ☐ Fine waived or below the guideline range because of inability to pay.

STANDING:
DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE RESTATED.
[signature]

Case 3:17-cr-00082-TAV-DCP   Document 238   Filed 07/31/18   Page 16 of 19   PageID #: 18855

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

## IV. GUIDELINE SENTENCING DETERMINATION *(Check all that apply)*

- A. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.
- B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*
- C. ☐ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
  *(Also complete Section V)*
- D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

## V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL *(If applicable)*

- A. **The sentence imposed departs:** *(Check only one)*
  - ☐ above the guideline range
  - ☐ below the guideline range

- B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
  1. **Plea Agreement**
     - ☐ binding plea agreement for departure accepted by the court
     - ☐ plea agreement for departure, which the court finds to be reasonable
     - ☐ plea agreement that states that the government will not oppose a defense departure motion
  2. **Motion Not Addressed in a Plea Agreement**
     - ☐ government motion for departure
     - ☐ defense motion for departure to which the government did not object
     - ☐ defense motion for departure to which the government objected
     - ☐ joint motion by both parties
  3. **Other**
     - ☐ Other than a plea agreement or motion by the parties for departure

- C. **Reasons for departure:** *(Check all that apply)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.20 | Aberrant Behavior |
| ☐ 5H1.11 | Military Service | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5H1.11 | Charitable Service/Good Works | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.22 | Sex Offender Characteristics |
| ☐ 5K1.1 | Substantial Assistance | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| ☐ 5K2.0 | Aggravating/Mitigating Circumstances | ☐ 5K2.11 | Lesser Harm | ☐ 5K2.24 | Unauthorized Insignia |
| | | | | ☐ 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use Section VIII if necessary)*

STANDING DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE, RESTATED

[signature] 7-30-2018

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

VI. **COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

    A. **The sentence imposed is:** *(Check only one)*
- [ ] above the guideline range
- [ ] below the guideline range

    B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
1. **Plea Agreement**
   - [ ] binding plea agreement for a variance accepted by the court
   - [ ] plea agreement for a variance, which the court finds to be reasonable
   - [ ] plea agreement that states that the government will not oppose a defense motion for a variance
2. **Motion Not Addressed in a Plea Agreement**
   - [ ] government motion for a variance
   - [ ] defense motion for a variance to which the government did not object
   - [ ] defense motion for a variance to which the government objected
   - [ ] joint motion by both parties
3. **Other**
   - [ ] Other than a plea agreement or motion by the parties for a variance

    C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
- [ ] The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
   - [ ] Mens Rea
   - [ ] Extreme Conduct
   - [ ] Dismissed/Uncharged Conduct
   - [ ] Role in the Offense
   - [ ] Victim Impact
   - [ ] General Aggravating or Mitigating Factors: *(Specify)*

- [ ] The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
   - [ ] Aberrant Behavior
   - [ ] Lack of Youthful Guidance
   - [ ] Age
   - [ ] Mental and Emotional Condition
   - [ ] Charitable Service/Good Works
   - [ ] Military Service
   - [ ] Community Ties
   - [ ] Non-Violent Offender
   - [ ] Diminished Capacity
   - [ ] Physical Condition
   - [ ] Drug or Alcohol Dependence
   - [ ] Pre-sentence Rehabilitation
   - [ ] Employment Record
   - [ ] Remorse/Lack of Remorse
   - [ ] Family Ties and Responsibilities
   - [ ] Other: *(Specify)*
   - [ ] Issues with Criminal History: *(Specify)*
- [ ] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
- [ ] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
- [ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
- [ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
- [ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
- [ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
- [ ] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6))* *(Specify in section D)*
- [ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
- [ ] Acceptance of Responsibility
- [ ] Conduct Pre-trial/On Bond
- [ ] Cooperation Without Government Motion for Departure
- [ ] Early Plea Agreement
- [ ] Global Plea Agreement
- [ ] Time Served *(not counted in sentence)*
- [ ] Waiver of Indictment
- [ ] Waiver of Appeal
- [ ] Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007): (Specify)*

- [x] Other: *(Specify)*

    D. **State the basis for a variance.** *(Use Section VIII if necessary)*

STANDING: DUCY CANCELLED WITHOUT DISHONOR FOR DUE CAUSE, RESTATED

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS

**VII. COURT DETERMINATIONS OF RESTITUTION**

A. ☐ **Restitution not applicable.**

B. **Total amount of restitution:** $ _____

C. **Restitution not ordered:** *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

**VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE** *(If applicable)*

Defendant's Soc. Sec. No.: _____     Date of Imposition of Judgment: _____

Defendant's Date of Birth: _____

Signature of Judge

Defendant's Residence Address: _____

Name and Title of Judge

Date: _____

Defendant's Mailing Address: _____

/STANDZNL: DULY CANCELED, WITHOUT DISHONOR, FOR DUE CAUSE RESTATED
Karl D Kitt Ben
7-30-2018