UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

No. 3:17-cr-82-TAV-DCP

v.

**RANDALL KEITH BEANE,**
    **Defendant.**

## USAA FEDERAL SAVINGS BANK'S PETITION OF THIRD-PARTY INTEREST

1. I, David True Brown Jr., am a Director of Financial Crimes Investigations for USAA. As part of my job duties, I am responsible for leading/coordinating internal investigations into member fraud, including fraud against USAA Federal Savings Bank ("USAA FSB"). In that role, I have reviewed the documents associated with the fraud perpetrated by Randall Keith Beane against USAA FSB.

2. As set out in the Indictment filed by the United States on July 18, 2017, (Doc. 3), and Preliminary Order of Forfeiture (Doc. 224), Defendant Randall Keith Beane ("the Defendant") fraudulently obtained at least $553,749.99 from USAA FSB through bank fraud. The Defendant used a portion of the funds fraudulently obtained from USAA FSB to purchase a 2017 Entegra Cornerstone 445B 45-foot diesel motorhome, VIN 4VZVU1E94HC082752 ("the Motorhome").

3. Tennessee state law governs USAA FSB's interest in the vehicle as a result of the Defendant's fraudulent acts. *See, e.g., United States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008) ("[W]e apply state law to determine the nature of the [petitioner]'s interest in the Forfeited Property."). However, "whether the [petitioner]'s interest in the Forfeited Property is superior and

1

thus renders the forfeiture order invalid under [28 U.S.C.] § 853(n)(6) is a matter of federal law." *Id.*

4. Tennessee law imposes a constructive trust when a party "holds the legal right to property which he ought not" as a result of "fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means." *Central Bus Lines v. Hamilton Nat'l Bank*, 239 S.W.2d 583, 585 (Tenn. Ct. App. 1951). Further, a constructive trust may be placed on property where "the funds misappropriated [can] be traced into the specific property sought to be made the subject of the trust." *McConnell v. Henochsberg*, 11 Tenn. App. 176, 187 (1929).

5. As established at the Defendant's trial, and according to the records of USAA FSB, the funds used to purchase the Motorhome in question are directly traceable to those funds fraudulently obtained from USAA FSB by Defendant. On July 6, 2017, Defendant used a fictitious bank account number and Federal Reserve Bank routing number to fraudulently purchase jumbo Certificate of Deposits (CDs) from USAA FSB, proceeded to immediately liquidate the fraudulently acquired CDs, and then transferred the liquidated funds to his USAA FSB deposit account. On July 7, 2017, Defendant wire transferred $493,110.68 in fraudulently obtained funds from his USAA FSB deposit account to an account at Whitney Bank belonging to a motorhome dealership in order to purchase the Motorhome from the dealership. Defendant purchased the Motorhome entirely with the fraudulently obtained funds and obtained possession of the Motorhome prior to his arrest and the Motorhome's seizure. The dealership sold the Motorhome to Defendant in exchange for the wired funds that were fraudulently obtained from USAA FSB. As a result of the foregoing activity, all of the monies used to purchase the Motorhome are directly

2

traceable to Defendant's bank fraud against USAA FSB. Therefore, USAA FSB contends it should have a constructive trust over the Motorhome.

6. USAA FSB's constructive trust over the Motorhome constitutes a superior legal interest pursuant to 21 U.S.C. § 853(n). *See United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir. 1988) (explaining in dicta that a constructive trust would constitute a superior legal interest under § 853(n)); *see also Shefton*, 548 F.3d at 1365 (holding that "a constructive trust, despite being an equitable remedy, constitutes a 'legal right, title, or interest in . . . property' under § 853(n)(6)(A)," which "can render a forfeiture order invalid pursuant to that subsection").

7. Accordingly, USAA FSB's legal interest in the Motorhome entitles USAA FSB to recover the Motorhome and manage any sale or disposition of the asset as it sees fit. If, however, USAA FSB is not awarded the Motorhome as requested, USAA FSB claims it is entitled to at least $553,749.99 as part of this forfeiture action based on the fraudulently obtained proceeds.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing are true and correct. The legal arguments were provided by counsel.

Executed on this 24 day of September, 2018.

_____
David True Brown Jr.
Director, Financial Crimes Investigations
On Behalf of USAA Federal Savings Bank

3

Case 3:17-cr-00082-TAV-DCP   Document 246-1   Filed 09/25/18   Page 3 of 3   PageID #: 19142