**\*DUE NOTICE\***

NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
Reference:

FILED

2018 OCT 22 P 1: 19

DISTRICT COURT
E DIST. TENN.

## "UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:17-CR-82 |
| Plaintiff | ) | VARLAN/SHIRLEY and their assigns, |
| | ) | nunc pro tunc, praetera pretera, |
| v. | ) | 3:17-cr-00082-TAV-CCS |
| | ) | 3:17-cr-00082-TAV-DCP |
| RANDALL KEITH BEANE, and | ) | and related cases thereof; |
| HEATHER ANN TUCCI-JARRAF | ) | inclusive of 3:17-MJ-1067 |
| Defendants | ) | and 1:17-mj-531" |

STANDING DUE REJECTION WITHOUT DISHONOR FOR DUE CAUSE
RE DOCUMENT 231

**NOTICE OF FILING**

With full responsibility, accountability and liability, with full due lawful authority, capacity and standing, without prejudice, nunc pro tunc, ab initio and praeterea preterea, Original, Randall Keith Beane, hereby files Original Instrument, STANDING DUE REJECTION WITHOUT DISHONOR FOR DUE CAUSE OF DOCUMENT 231

SEPTEMBER 30, 2018
WITHOUT PREJUDICE
Randall Keith Beane

\*\*\*

FCI Elkton
Randall Keith Beane
ID #52505-074
PO Box 10
Lisbon, OH 44432

**Certificate of Service**

I duly certify that I did on SEPTEMBER 30 , 2018 cause a true copy of this Notice and a true copy of the attached Original Instrument, to be served by Certified Mail on all alleged parties hereto.

WITHOUT PREJUDICE
Randall Keith Beane

Pg. 1 of 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

2018 OCT 22 P 1: 19

STANDING: Duly REJECTED WITHOUT DISHONOR FOR DUE CAUSE;

**UNITED STATES OF AMERICA**

INCLUDING BUT NOT LIMITED TO: 

v. 145, 146, 147, 148, 149, 150, 151,

**RANDALL KEITH BEANE** 220, 222, 223, 236, and 237, each RESTATED AND INCORPORATED BY REFERENCE AS IF SET FORTH IN FULL IN CASES 3:17-CR-82, 3:17-MJ-1067, 1:17-MJ-531 AND ALL CASES THEREOF, NUNC PRO TUNC, AB INITIO AND PRAETEREA PRETEREA

)
) DOCUMENTS 19, 98, 101, 102,
) 160, 207 **3:17-CR-82** 215, 219
) **Chief Judge Varlan**

### NOTICE OF FORFEITURE

NOTICE IS HEREBY GIVEN that on July 24, 2018, in the above-captioned case, the SEPT 30, 2018

Honorable Thomas A. Varlan, Chief United States District Judge for the Eastern District of Randall Keith Beane

Tennessee, entered a Preliminary Order of Forfeiture (Doc. 224) condemning and forfeiting the

interest of defendant RANDALL KEITH BEANE in the following property to the United States:

> 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome;
> VIN: 4VZVU1E94HC082752; topaz in color with eight wheels

YOU ARE HEREBY NOTIFIED that the United States intends to dispose of the property

in such manner as the United States Attorney General may direct.

Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1), if you have a

legal interest in this property, WITHIN THIRTY (30) DAYS of the final publication of this

notice or receipt of written notice, whichever is earlier, you must petition the United States

District Court for the Eastern District of Tennessee for a hearing to adjudicate the validity of

your alleged legal interest in the property. If a hearing is requested, it shall be held before the

Court alone, without a jury.

THE PETITION must be signed by the petitioner under penalty of perjury, as established

in 28 U.S.C. § 1746, and shall set forth the nature and extent of your right, title or interest in the

STANDING REJECTION; DULY REJECTED WITHOUT DISHONOR FOR DUE CAUSE; RESTATED. SEPT 30, 2018

Randall Keith Beane

property, the time and circumstances of your acquisition of the right, title or interest in the property and any additional facts supporting your claim and the relief sought.

Pursuant to 21 U.S.C. § 853(n)(2) as incorporated by 18 U.S.C. § 982(b)(1), NEITHER A DEFENDANT IN THE ABOVE-STYLED CASE NOR HIS AGENT IS ENTITLED TO FILE A PETITION.

ANY HEARING on your petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty (30) days of the filing of your petition. The Court may consolidate your hearing on the petition with any other hearings requested on any other person other than the defendant named above.

YOU HAVE THE RIGHT at the hearing to testify and present evidence and witnesses on your own behalf and cross examine witnesses who appear at the hearing.

IF YOU FAIL TO FILE A PETITION TO ASSERT YOUR RIGHT, TITLE OR INTEREST IN THE ABOVE-DESCRIBED PROPERTY, WITHIN THIRTY (30) DAYS OF THIS NOTICE, YOUR RIGHT, TITLE AND INTEREST IN THE PROPERTY SHALL BE LOST AND FORFEITED TO THE UNITED STATES. THE UNITED STATES THEN SHALL HAVE CLEAR TITLE TO THE PROPERTY HEREIN DESCRIBED AND MAY WARRANT GOOD TITLE TO ANY SUBSEQUENT PURCHASER OR TRANSFEREE.

The petition shall be filed with the United States District Court for the Eastern District of Tennessee at Knoxville at 800 Market Street, 3rd Floor, Knoxville, Tennessee, 37902. A copy of this petition also shall be served upon the United States to the attention of Anne-Marie Svolto, Assistant United States Attorney, 800 Market Street, Suite 211, Knoxville, Tennessee 37902.

STANDING REJECTION. DUCY REJECTED WITHOUT DISHONOR
FOR DUE CAUSE; RESTATED
SEPT 3 2018

2

Please check www.forfeiture.gov for a listing of all judicial forfeiture notices.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By:     s/Anne-Marie Svolto
        ANNE-MARIE SVOLTO
        CYNTHIA F. DAVIDSON
        Assistant United States Attorneys
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        (865) 545-4167

STANDING REJECTION: DULY REJECTED WITHOUT
DISHONOR FOR DUE CAUSE; RESTATED

SEPT 25, 2018
For Ill Keith Beone

3

Case 3:17-cr-00082-TAV-DCP   Document 231   Filed 07/26/18   Page 3 of 3   PageID #: 18783
Case 3:17-cr-00082-TAV-DCP   Document 249   Filed 10/22/18   Page 4 of 46   PageID #:
19197

*Original Instrument*

FILED

*DUE NOTICE*

NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
Reference:

2018 OCT 22 P 1: 19

DISTRICT COURT
EERN DIST.

## "UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3:17-CR-82 |
| Plaintiff ) | VARLAN/SHIRLEY and their assigns, |
| ) | nunc pro tunc, praetera pretera, |
| v. ) | 3:17-cr-00082-TAV-CCS |
| ) | 3:17-cr-00082-TAV-DCP |
| RANDALL KEITH BEANE, and ) | and related cases thereof; |
| HEATHER ANN TUCCI-JARRAF ) | inclusive of 3:17-MJ-1067 |
| Defendants ) | and 1:17-mj-531" |

STANDING DUE REJECTION WITHOUT DISHONOR FOR DUE
CAUSE RE DOCUMENT 241 **NOTICE OF FILING**

With full responsibility, accountability and liability, with full due lawful authority, capacity and
standing, without prejudice, nunc pro tunc, ab initio and praeterea preterea, Original, Randall
Keith Beane hereby files Original Instrument, STANDING DUE REJECTION WITHOUT
DISHONOR FOR DUE CAUSE OF DOCUMENT 241

SEPT 30, 2018
WITHOUT PREJUDICE
Randall Keith Beane

FCI Elkton
Randall Keith Beane
ID #52505-074
PO Box 10
Lisbon, OH 44432

### Certificate of Service

I duly certify that I did on  SEPT 30 , 2018 cause a true copy of this Notice and
a true copy of the attached Original Instrument, to be served by Certified Mail on all alleged
parties hereto.

WITHOUT PREJUDICE
Randall Keith Beane

Pg. 1 of 1

Case 3:17-cr-00082-TAV-DCP Document 249 Filed 10/22/18 Page 5 of 46 PageID #: 19198

*ORIGINAL INSTRUMENT*
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
RECEIVED BY: RC
DATE: 7/26/17   TIME: 1100
U.S. MARSHAL E/TN
KNOXVILLE, TN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

2018 OCT 22 P 1:20

STANDING: DULY REJECTED WITHOUT DISHONOR FOR DUE CAUSE;

UNITED STATES OF AMERICA          JUL 27 P 3:58

INCLUDING BUT NOT LIMITED TO: CASE NO.: 3:17-CR-082   DOCUMENTS 19

v.   98, 101, 102, 145, 146,   U.S. DISTRICT COURT   147, 148, 149, 150, 151, 160, 207
 EASTERN DIST. TENN   JUDGES VARLAN /SHIRLEY

RANDALL KEITH BEANE  215           219, 220, 221, 222, 223, 236,

237, each RESTATED AND INCORPORATED BY REFERENCE AS IF SET

**WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

FORTH IN FULL IN CASES 3:17-CR-82, 3:17-MJ-1067, 1:17-MJ-531

THE PRESIDENT OF THE UNITED STATES OF AMERICA

AND ALL CASES THEREOF, NUNC PRO TUNC, AB INITIO, AND PRAETEREA

TO THE:   SHERIFF  PRAETERIA            PRETERIA       SEPT 30 2018
OR ANY AUTHORIZED CUSTODIAN
THEREOF - GREETING:              Randall Keith Beane

We command that you have the body of RANDALL KEITH BEAN detained in

the Knox County Detention Facility, under your custody as it is said, under safe and secure

conduct before the Judge of our District Court within and for the Eastern District of Tennessee,

at the City of Knoxville, Tennessee, on July 27, 2017 at 9:30 a.m., there to be present for an

Initial Appearance, or for his case to be otherwise disposed of upon said indictment heretofore

returned against him, and each day thereafter until said case is disposed of, and immediately

thereafter the said defendant shall be returned to the said Sheriff, Knox County Detention

Facility, under safe and secure conduct, and have you then and there this writ.

And as by order of said District Court it is directed, if said Sheriff so directs, the

United States Marshal for the Eastern District of Tennessee, or any other duly authorized United

States Marshal or Deputy United States Marshal is hereby ordered and directed to receive said

RANDALL KEITH BEANE into his custody and possession at said Knox County Detention

Facility, and under safe and secure conduct to have him before the Judge of our District Court at

STANDING REJECTION: DULY REJECTED WITHOUT DISHONOR FOR
DUE CAUSE; RESTATED                  SEPT 30 2018
Randall Keith Beane

the time and place aforesaid for the purpose aforesaid, and to return him to said Knox County

Detention Facility, under safe and secure conduct and redeliver him to the Sheriff, Knox County

Detention Facility.

DEBBIE POPLIN, Clerk

By: _____

Deputy Clerk

**CUSTODY ASSUMED:**

EXECUTED this 27 day of July, 2017.

By: _____

United States Marshal/Deputy

**RETURNED:**

EXECUTED this ____ day of _____, 20____.

By: _____

United States Marshal/Deputy

**SENTENCED STATE PRISONER:** Yes: _____ No: _____

STANDING REJECTION. DULY REJECTED WITHOUT DISHONOR

FOR DUE CAUSE; RESTATED                     SEPT 30, 2018

for Elizabeth Bene

**RETURNED: UNEXECUTED; state charges dismissed.**

BY: _Kent Miller_

**Kent Miller, SDUSM**

DATE: _7/27/18_

FILED

2018 OCT 22 P 1: 20

DISTRICT COURT
E.D. DIST. TN

**\*DUE NOTICE\***
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
Reference:

## "UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:17-CR-82 |
| Plaintiff | ) | VARLAN/SHIRLEY and their assigns, |
| | ) | nunc pro tunc, praetera pretera, |
| v. | ) | 3:17-cr-00082-TAV-CCS |
| | ) | 3:17-cr-00082-TAV-DCP |
| RANDALL KEITH BEANE, and | ) | and related cases thereof; |
| HEATHER ANN TUCCI-JARRAF | ) | inclusive of 3:17-MJ-1067 |
| Defendants | ) | and 1:17-mj-531" |

LIMITED DUE ACCEPTANCE OF DOCUMENT 240 FOR THE
SOLE PURPOSE AS EVIDENCE OF IDENTIFICATION OF ACTORS
WITHIN OR ABUSING **NOTICE OF FILING** THE GOVERNMENTS OF
THE PEOPLE.

With full responsibility, accountability and liability, with full due lawful authority, capacity and
standing, without prejudice, nunc pro tunc, ab initio and praeterea preterea, Original, Randall
Keith Beane hereby files LIMITED DUE ACCEPTANCE OF DOCUMENT 240 FOR THE
SOLE PURPOSE AS EVIDENCE OF IDENTIFICATION OF ACTORS WITHIN OR
ABUSING THE GOVERNMENTS OF THE PEOPLE

SEPT 30, 2018
WITHOUT PREJUDICE
for all Keith Beane

----

FCI Elkton
Randall Keith Beane
ID #52505-074
PO Box 10
Lisbon, OH 44432

### Certificate of Service

I duly certify that I did on $\mathcal{SEPTembeR}$ $30$ , 2018 cause a true copy of this Notice and
a true copy of the attached transcript of a purported sentencing hearing of Randall Keith Beane
on 24th July 2018, to be served by Certified Mail on all alleged parties hereto.

SEPT 30, 2018
WITHOUT PREJUDICE
Randall Keith Beane

Pg. 1 of 1

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TENNESSEE
 2                   AT KNOXVILLE, TENNESSEE
```

 3  _____
                                    )
    UNITED STATES OF AMERICA,       )
 4                                  )
            Government,             )
 5                                  )
    vs.                             )  Case No. 3:17-cr-82-1
 6                                  )
    RANDALL KEITH BEANE,            )
 7                                  )
            Defendant.              )
 8  _____)

 9                    SENTENCING PROCEEDINGS
              BEFORE THE HONORABLE THOMAS A. VARLAN
10
                   Tuesday, July 24th, 2018
11                  10:09 a.m. to 10:51 a.m.

12  **APPEARANCES:**

13          **ON BEHALF OF THE GOVERNMENT:**

14          CYNTHIA F. DAVIDSON, ESQ.
            ANN-MARIE SVOLTO, ESQ.
15          U.S. DEPARTMENT OF JUSTICE
            OFFICE OF U.S. ATTORNEY
16          800 Market Street
            Suite 211
17          Knoxville, TN 37902

18          **ON BEHALF OF THE DEFENDANT HEATHER ANN
            TUCCI-JARRAF: (Appearing Pro Se)**
19
            STEPHEN G. MC GRATH, ESQ. (Elbow Counsel)
20          ATTORNEY AT LAW
            9111 Cross Park Drive
21          Building D, Suite 200
            Knoxville, TN 37923
22
    **REPORTED BY:**
23
    Teresa S. Grandchamp, RMR, CRR
24  P.O. Box 1362
    Knoxville, Tennessee 37901
25  (865) 244-0454

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 1 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 258   Filed 10/22/18   Page 9 of 46   PageID #:
19202

1      THE COURTROOM DEPUTY:  All rise.  The

2   United States District Court for the Eastern

3   District of Tennessee is again in session.  The

4   Honorable Thomas A. Varlan, Chief United States

5   District Judge, presiding.

6          Please come to order and be seated.

7      THE COURT:  Thank you.  Good morning,

8   everyone.  Let's call up the next case, please.

9      THE COURTROOM DEPUTY:  Criminal Action

10:09AM  10   3:17-cr-82, United States of America versus Randall

11   Keith Beane.

12          Cynthia Davidson and Anne-Marie Svolto

13   are here on behalf of the government.

14          Is the government present and ready to

15   proceed?

16      MS. DAVIDSON:  Yes, Your Honor.

17      THE COURTROOM DEPUTY:  Mr. Randall Keith

18   Beane representing himself, Stephen McGrath, elbow

19   counsel.

10:09AM  20          Present and ready.

21      THE COURT:  Are we ready to go?

22      THE DEFENDANT:  Yes.

23      THE COURT:  All right.  We are here for

24   imposition of judgment and sentence in this case.

25   What we'll do is:  Although you're representing

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 2 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 239   Filed 10/22/18   Page 10 of 46   PageID #:
19203

```
 1    yourself, Mr. Beane, you're also here as the
 2    defendant in this case.  So I'm going to ask you to
 3    come up to the podium.  If you'd like to be joined
 4    by Mr. McGrath, fine, or you can just come yourself,
 5    and we'll begin.
 6              MS. DAVIDSON:  Your Honor, we believe that
 7    there is an issue of forfeiture that perhaps needs
 8    to be taken up before sentencing.
 9              THE COURT:  Okay.  What is that?
10    MS. SVOLTO:  Your Honor, if I may handle
11    that.  There is a Motion For Preliminary Order of
12    Forfeiture.
13              THE COURT:  The Court has -- notice of that
14    was filed this morning, I believe, or --
15              MS. SVOLTO:  Yes, it was, Your Honor.
16              THE COURT:  We'll address that first.  Go
17    ahead.
18              THE DEFENDANT:  I have a matter I'd like to
19    take care of first, if that's okay.
20              THE COURT:  We'll, let's start with this,
21    and then we'll take up your matter.
22                  All right.  Go ahead.
23              MS. SVOLTO:  Your Honor, we're seeking
24    forfeiture of the 2017 Integra motor home that the
25    defendant purchased with the funds that he had
```

10:10AM (line 10)
10:10AM (line 20)

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 3 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 11 of 46   PageID #:
18970
19204

1     transferred from the certificates of deposit and

2     into his USAA account, and we're asking that the

3     Court enter a Preliminary Order of Forfeiture based

4     on testimony produced at trial and the exhibits that

5     the government introduced and were admitted at trial

6     that showed that, in fact, the Entegra motor home is

7     directly traceable to the funds the defendant

8     obtained through the bank fraud allegations and for

9     the wire fraud.

10:10AM  10         THE COURT: All right.

11              MS. SVOLTO: And we would also note that

12    the testimony at trial showed that, in fact, the

13    defendant admitted that he used a bank account

14    number that was his Social Security number in order

15    to obtain certificates of deposit using a routing

16    number to the Federal Reserve Bank alleging that

17    this belonged to some trust.

18              Of course, the jury found that the

19    defendant was guilty, and based on the jury finding

10:11AM  20    and the evidence produced at trial, we believe that

21    the requisite nexus is there that the motor home

22    was, in fact, purchased with fraudulently-obtained

23    proceeds.

24              And we would also note that the motor

25    home formed the basis of the money laundering

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 4 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 238971Filed 10/22/18  Page 12 of 46  PageID #:
19205

1 conspiracy allegation for which the defendant was
2 also found guilty by the jury and that the motor
3 home was purchased with SUA proceeds, proceeds of a
4 specified unlawful activity, and that because of
5 that, it should be forfeited to the United States.

6         I would also just note for the Court
7 and for the defendant -- I've spoken with elbow
8 counsel -- that the United States intends to seek
9 permission from the Attorney General to restore
10:12AM 10 funds that may be obtained from the defendant
11 through the sale of the motor home toward the
12 restitution that may be ordered in this case. So
13 the intention of the government is to restore the
14 funds to the victim bank in the case.

15         And the government also saw that in the
16 Indictment a money judgment in the amount of
17 $553,000 and -- actually, $553,749.99, which
18 constitutes the proceeds the defendant personally
19 obtained; not necessarily what the victim bank lost
10:12AM 20 but what the defendant himself obtained.

21         The testimony produced at trial showed
22 that the defendant made a number of purchases,
23 including the motor home. I'd also included a Ford
24 truck that was returned later. That is not included
25 in that money judgment calculation.

Case 3:17-cr-00082-TAV-DCP Document 240 Filed 08/01/18 Page 5 of 38 PageID #:
Case 3:17-cr-00082-TAV-DCP Document 240 Filed 10/22/18 Page 13 of 46 PageID #:
18972
19206

1          But the defendant also admitted, and

2     it's outlined in the motion the government filed

3     this morning, to making other purchases, including

4     paying off his insurance policy and paying four

5     different consumer loans.  All of those leans were

6     backed by the victim bank.

7          So the victim bank received those funds

8     directly.  It's not part of the victim bank's

9     restitution award.  So we are asking that the

10:13AM  10     defendant be held responsible for a forfeiture money

11     judgment in the amount of $553,749.99.

12          We would ask the Court to reflect on

13     the trial transcripts.  I've outlined some of the

14     pertinent quotes and citations there.  And the fact

15     that the defendant did admit to making those

16     purchases.

17          There was witnesses from Buddy Gregg

18     Motor Homes who testified that the defendant chose

19     the motor home and wired the funds.

10:13AM  20          And so -- and based on the exhibits

21     outlining the defendant's banking activity, we think

22     it shows directly a wire transfer of just over

23     $493,000, which was for the purchase of that motor

24     home.

25          So we'd ask the Court to rely on that

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 6 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 273   Filed 10/22/18   Page 14 of 46   PageID #:
19207

1 in determining that there is a requisite nexus to

2 forfeit the motor home itself and also that the

3 evidence at trial showed that the defendant

4 personally obtained just over $553,000.

5     THE COURT:  All right.  Now, Mr. Beane, the

6 government has brought the motion for entry of a

7 Preliminary Order of Forfeiture, as you heard

8 outlined today by the United States attorney, as

9 well as set forth in the motion.

10:14AM 10     Would you like to offer any response to

11 the government's motion?  And if you do -- yeah, you

12 can -- you can proceed from the table for purposes

13 of this proceeding.

14     THE DEFENDANT:  I have a standing

15 declaration.  No. 1, With full responsibility,

16 accountability and liability to declare true,

17 accurate and complete, I duly declare the following

18 and that I am conscious and competent to make such

19 declaration, now duly made, issued and entered into

10:15AM 20 this alleged action or actions here and now for all

21 to rely upon.

22     And, No. 2, That the alleged court,

23 Thomas A. Varlan, Cynthia Davidson, and Marie

24 Svolto, Department of Justice, etcetera, do not have

25 the authority or jurisdiction over me to conduct any

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 7 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 287-4  Filed 10/22/18  Page 15 of 46  PageID #:
19208
13974

1  proceedings against me as duly declared by standing

2  declarations, precipes, orders, and notices as set

3  forth in documents 19, 98, 101, 102, 145, 146, 147,

4  148, 149, 150, 151, 160, and 215, and all other

5  documents filed in the above-referenced case

6  regarding said lack of jurisdiction and authority of

7  others over me.

8          And, No. 3, That any proceedings and

9  statements made, including by elbow counsel,

10:16AM 10  Stephen G. McGrath, do not waive my declarations,

11  precipes, orders and notices, nunc pro tunc,

12  praeterea preterea.

13          And, No. 4, No. 1 above restated and

14  all said documents and restated and incorporated by

15  reference here now as if set forth in full.

16          And, No. 5, Due and fair notice is

17  hereby duly given that everyone present, including

18  but not limited to Thomas A. Varlan, Cynthia

19  Davidson, Anne-Marie Svolto, and myself are each

10:16AM 20  being held to act with full responsibility,

21  accountability, and liability.

22          And, No. 6, That this alleged action is

23  and was legally and lawfully ordered dismissed with

24  prejudice on 22nd of January 2018, and that there is

25  no authority, jurisdiction or consent to persist

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 8 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 18975   Filed 10/22/18   Page 16 of 46   PageID #:
19209

1   with any proceedings of any nature or any kind

2   against me.

3   No. 7, Duly made and issued, with full

4   due lawful authority, capacity and standing on this

5   24th day of July 2018.

6   You do not have authority or

7   jurisdiction to ask me any questions or conduct any

8   proceedings here.

9   Your offer to contract is duly rejected

10:17AM  10  without dishonor for due cause, nunc pro tunc,

11  praetera pretera and ab initio.

12  THE COURT:  Thank you, Mr. Beane.

13  Is there anything further you would

14  like to say in response to the government's request

15  for or Motion For Entry of Preliminary Order of

16  Forfeiture?

17  THE DEFENDANT:  No.

18  THE COURT:  All right.  Then the Court will

19  address that preliminarily at this point in time.

10:17AM  20  Before the Court is the government's

21  Motion For Entry of Preliminary Order of Forfeiture,

22  Document 223.

23  In that motion the government seeks

24  forfeiture of the interest of the defendant in

25  property derived from or traceable to property

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 9 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 17 of 46   PageID #:
18976
19210

1    derived from proceeds of the wire fraud and bank

2    fraud violations and property involved in the

3    commission of a money laundering offense, as set

4    forth in the Indictment and pursuant to 18 United

5    States Code §§ 982(a)(1) and 982(a)(2).

6              Specifically, as set forth in the

7    motion, the United States seeks to forfeit the

8    defendant's interest in the motor home that was the

9    subject or testimony at trial, specifically

10:18AM 10    identified as a 2017 Entegra Cornerstone 45B 45-foot

11    diesel motor home, VIN number listed in the motion.

12              The United States or the government

13    also seeks a personal money judgment in favor of the

14    government and against the defendant for

15    $553,749.99, which the government contends is the

16    amount representing the proceeds the defendant

17    personally obtained as a result of the defendant's

18    criminal violations.

19              First, to the extent -- based on the

10:19AM 20    defendant's statement, to the extent the defendant

21    is applying his arguments regarding the lack of

22    jurisdiction of the Court or the lack of the

23    authority of the Court to enter orders or address

24    matters pertaining to the defendant, to the extent

25    the defendant is raising those arguments as a

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 10 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 287   Filed 10/22/18   Page 18 of 46   PageID #:
18977
19211

1  response or in opposition to the government's Motion

2  For Entry of Preliminary Order of Forfeiture, the

3  Court would note its previous rulings in that regard

4  and previous findings that the Court does, in fact,

5  have jurisdiction over the defendant, specifically,

6  over the federal criminal conviction at issue here

7  today, and correspondingly has the jurisdiction and

8  authority to address the government's Motion For

9  Entry of Preliminary Order of Forfeiture. And to

10:20AM 10  the extent that is a defense to the pending motion,

11  the Court would reject that as a defense.

12          Furthermore, based on consideration of

13  the motion itself, taking into consideration the

14  facts and arguments set forth in the motion, also

15  particularly taking into consideration the trial

16  testimony, which the Court considered or listened to

17  and considered at the trial, and the offense conduct

18  of this defendant as set forth in the Presentence

19  Report and as adduced at the trial, the Court would

10:20AM 20  find it appropriate to grant the government's Motion

21  For Entry of Preliminary Order of Forfeiture.

22          The Court has, in fact, previously

23  entered a Preliminary Order of Forfeiture in this

24  case as Document No. 224 which does address the

25  money order and the money judgment -- excuse me --

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 11 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 10/22/18  Page 19 of 46  PageID #:
19212

1    the motor home and the money judgment, but the Court

2    would at this time find the order of forfeiture to

3    be appropriate and grant the government's motion.

4              All right.  Any other preliminary

5    matters we need to take up before proceeding forward

6    with the sentencing?

7              MS. DAVIDSON:  No, Your Honor.  Thank you.

8              THE COURT:  All right.  So, Mr. Beane, what

9    I'm going to do at this point:  For sentencing

10   purposes, I need to ask you some preliminary

11   questions.  So we will ask you up to the podium,

12   and -- and we'll swear you in for those purposes.

13             Then, after those preliminary

14   questions, just so you'll know how we're going to

15   proceed, we'll then address the Presentence Report,

16   and the Court will determine whether there are any

17   objections to the Presentence Report and the Court

18   will determine whether to accept the Presentence

19   Report.

20             The Court then would typically allow

21   counsel for the parties or in this case you yourself

22   representing yourself to address the sentencing

23   factors that the Court must consider or the Court is

24   to consider in determining an appropriate sentence

25   in this case.

10:21AM (line 10)

10:22AM (line 20)

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 12 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 246   Filed 10/22/18   Page 20 of 46   PageID #:
19213

1               So typically the counsel for the

2   government would go first and you would have a

3   chance to address, in effect, what you believe the

4   sentence in this case should be based upon the

5   considerations before the Court.

6               And then after we do that, then if you

7   desire, the Court, separate from making any

8   arguments you would like to make regarding an

9   appropriate sentence, the Court would then allow you

10:22AM  10   to allocute or to say anything else you would like

11   to say as a defendant on your own behalf before

12   sentence is imposed.  So that's how the Court plans

13   to proceed.

14               So if you wouldn't mind coming on up to

15   the podium and we'll have the courtroom deputy

16   administer the oath to you.

17            THE COURTROOM DEPUTY:  Raise your right

18   hand.

19               Do you solemnly swear to tell the

10:23AM  20   truth, the whole truth and nothing but the truth?

21            THE DEFENDANT:  I am here as myself,

22   presenting myself as myself, and I do speak true,

23   accurate and complete at all times.

24            THE COURTROOM DEPUTY:  Thank you, sir.

25            THE COURT:  Thank you, Mr. Beane.  I just

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 13 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 270   Filed 10/22/18   Page 21 of 46   PageID #:
18980
19214

1   want to reconfirm or state to you that on

2   February 1, 2018, a jury found you guilty of Counts

3   1 through 5 of the Indictment in this case charging

4   you with wire fraud in violation of 18 United States

5   Code § 1343, Count 6 charging you with bank fraud in

6   violation of 18 United States Code § 1344, and Count

7   7 charging you with conspiracy to commit money

8   laundering in violation of 18 United States Code §

9   1956(h).

10:23AM 10          Do you understand, sir, that the

11  offenses described in Counts 1 through 5 -- those

12  are the wire fraud counts -- do you understand that

13  those offenses require a sentence of up to 20 years'

14  imprisonment, up to three years of supervised

15  release, a fine of $250,000, restitution, and a $100

16  special assessment?  Do you understand that?

17          THE DEFENDANT:  You do not have authority

18  or jurisdiction to ask me that question or to

19  conduct any proceeding here.

10:24AM 20          THE COURT:  All right.  Let me return -- in

21  light of that statement, let me just turn to counsel

22  for the government.

23          Can you confirm in open court and for

24  the defendant that those -- that that is the

25  statutory range of imprisonment for the offenses

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 14 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 22 of 46   PageID #:
19215

1   described in Counts 1 through 5?

2          MS. DAVIDSON:  Yes, Your Honor.  The range

3   of imprisonment as to -- or just as you stated, up

4   to 20 years' imprisonment for each count.  Just as

5   you stated it.

6          Do you want me to go through each

7   count?

8          THE COURT:  I'll start with Counts 1

9   through 5.

10:25AM  10          MS. DAVIDSON:  Okay.  1 through 5?

11          THE COURT:  I just want the government to

12   confirm that statutorily that Counts 1 through 5

13   require a sentence of up to 20 years' imprisonment,

14   up to three years of supervised release, a fine of

15   $250,000, restitution, and a $100 assessment.

16          MS. DAVIDSON:  Yes, Your Honor, that's --

17          THE COURT:  All right.

18          MS. DAVIDSON:  -- my understanding of the

19   statutory construction.

10:25AM  20          THE COURT:  All right.  Thank you.

21          Next, Mr. Beane, do you understand that

22   the offense described in Count 6 -- that's the bank

23   fraud count -- requires a sentence of up to

24   30 years' imprisonment, up to five years' supervised

25   release, a fine of up to one million dollars,

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 15 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 10/22/18  Page 23 of 46  PageID #:
18982
19216

1    restitution, and a $100 special assessment?

2              THE DEFENDANT:  Again, you do not have

3    authority or jurisdiction to ask me that question,

4    nor to conduct any proceeding here.

5              THE COURT:  All right.  Again,

6    Ms. Davidson, if the government could confirm its

7    understanding of the -- if the Court has correctly

8    stated the statutory range of imprisonment as to

9    Count 6.

10:25AM  10         MS. DAVIDSON:  Yes, Your Honor, that is my

11    understanding of the statutory range.

12             THE COURT:  All right.  And then finally,

13    Mr. Beane, do you understand the offense described

14    in Count 7, which is the conspiracy to commit money

15    laundering count, requires a sentence of up to

16    30 years' imprisonment, up to five years' supervised

17    release, a fine of up to one million dollars,

18    restitution, and a $100 special assessment?

19             THE DEFENDANT:  Once again, for the record,

10:26AM  20    you do not have authority or jurisdiction to ask me

21    that question, nor to conduct any proceeding here.

22             THE COURT:  Again, if the government would

23    confirm the Court's understanding of the statutory

24    range of imprisonment as to Count 7.

25             MS. DAVIDSON:  Yes, Your Honor, that is my

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 16 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 248   Filed 10/22/18   Page 24 of 46   PageID #:
19217
18983

1    understanding.

2              THE COURT:  All right.  Mr. Beane, next I

3    want to look at the Presentence Report.  Have you,

4    in fact, received the Presentence Report issued by

5    the United States Probation Office in this case?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And have you had a chance to

8    review that?

9              THE DEFENDANT:  Yes.

10:26AM 10            THE COURT:  All right.  And do you have any

11   specific objections to the Presentence Report?

12            THE DEFENDANT:  No.

13            THE COURT:  All right.  Ms. Davidson, have

14   you received the Presentence Report in this case?

15            MS. DAVIDSON:  Yes, Your Honor.

16            THE COURT:  Does the government have any

17   objections?

18            MS. DAVIDSON:  No objections, Your Honor.

19            THE COURT:  All right.  The Court would

10:27AM 20   state while the defendant -- so the record is clear,

21   while the defendant has no specific objections to

22   the Presentence Report, the defendant has made

23   various filings, subsequent to the filing of the

24   Presentence Report, again, which the Court would

25   concur would not be construed as specific objections

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 17 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 25 of 46   PageID #:
18984
19218

1    to the Presentence Report, but, instead, as

2    continued objections to this Court's jurisdiction

3    and/or authority.

4                To the extent those objections apply to

5    the Presentence Report itself as general objections,

6    the Court again would reiterate its previous finding

7    that the Court does, in fact, have jurisdiction over

8    the federal criminal conviction at issue here today.

9    And the Court, in light of the lack of any specific

10:27AM  10   objections to the Presentence Report by either

11   parties, would accept the Presentence Report in this

12   case.

13                All right.  Next we talk about

14   imposition of sentence, and we'll start with the

15   government.

16                Mr. Beane, you can have a seat for just

17   a couple moments.  Thank you, sir.

18                Is there anything the government would

19   like to -- the Court does note the government's

10:28AM  20   filing of a sentencing memorandum, but anything from

21   the government regarding imposition of sentence in

22   this case?

23                MS. DAVIDSON:  Based on our sentencing

24   memorandum, the United States believes that a

25   guideline sentence is appropriate in this case.  It

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 18 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 249  Filed 10/22/18  Page 26 of 46  PageID #:
18985
19219

```
 1    meets all of the factors of 3553, including general
 2    and specific deterrence and respect for the law.
 3              We would ask that the defendant's
 4    federal sentence be consecutive to his anticipated
 5    state court sentence in Jasper County, South
 6    Carolina.  That was a charge for resisting arrest,
 7    and there is evidence in this case that the
 8    defendant also resisted arrest, and so we ask that
 9    the defendant suffer the consequences of both of
10    those convictions and that they be consecutive.
11              Thank you, Your Honor.
12              THE COURT:  Thank you.
13              All right.  Mr. Beane, now you can come
14    back up to the podium, please.
15              Is there anything that you would like
16    to say -- I'm going to give you the chance to
17    allocute, if you would like, in a moment.  But at
18    this point you're representing yourself.  If there
19    is anything you'd like to say either in response to
20    the government's argument regarding imposition of
21    sentence or anything else you'd like to say on your
22    own behalf regarding imposition of sentence in this
23    case.
24              THE DEFENDANT:  As far as the allegations
25    of resisting arrest in South Carolina, there is no
```

10:28AM — line 10
10:29AM — line 20

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 19 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 27 of 46   PageID #:
18986
19220

1  proof of anything I was arrested for.  It was simply

2  a charge of resisting arrest.  There is no charge of

3  anything else.

4        As far as this case is concerned, I'd

5  argue the fact that I resisted arrest just for the

6  record.

7        THE COURT:  Okay.  Anything else you'd like

8  to say about this case or about what the sentence

9  should be in this case or what factors the Court

10:29AM 10  should look at regarding the appropriate sentence?

11        THE DEFENDANT:  Other than the fact that

12  this Court has no authority or jurisdiction over me

13  for any proceedings here.

14        THE COURT:  All right.  Thank you.

15        Then, finally, before you sit down,

16  now, as a defendant in a criminal case, even if you

17  were represented by counsel, the Court would give

18  you the chance to allocute or say anything you'd

19  like to say on your own behalf before sentence is

10:30AM 20  imposed.  So that's what I'm asking you now.  Is

21  there anything further or anything you'd like to say

22  on your own behalf to the Court before the Court

23  imposes sentence?

24        THE DEFENDANT:  Other than restating the

25  standing declaration, I have nothing else.

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 20 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 188   Filed 10/22/18   Page 28 of 46   PageID #:
19221
18987

1   THE COURT:  All right.  Thank you.

2           Mr. McGrath, anything as elbow counsel?

3   Would you like to consult with Mr. Beane any further

4   or offer anything further?

5           MR. MC GRATH:  No, we've spoken in the last

6   couple days and I visited him out at the jail.  So

7   we've covered all those matters.  So nothing to add,

8   Your Honor.

9           THE COURT:  All right.  Thank you.  Give me

10:30AM  10  just a moment.

11          All right.  The Court in this case has

12  carefully reviewed the Presentence Report,

13  considered the arguments presented by the parties,

14  as well as the Court's considered the trial

15  testimony in this case, and in a manner intended to

16  comply with the Sixth Circuit's jurisprudence since

17  the Booker case rendered the Sentencing Guidelines

18  advisory and Gall v. United States' requirement that

19  the Court make an individual assessment based on the

10:31AM  20  facts presented and adequately explain the chosen

21  sentence, the Court will explain its reasons for the

22  sentence to be imposed in this case in discussing,

23  among other things, the advisory guideline

24  calculation and the factors discussed in 18 United

25  States Code § 3553 relevant to this case.  Based on

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 21 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 29 of 46   PageID #:
19222

1    those factors and considerations of the guidelines

2    range, the Court will then impose a sentence

3    sufficient, but not greater than necessary, to

4    comply with the purposes discussed in 18 U.S.C. §

5    3553.

6              First, with respect to the guideline

7    calculation, that calculation is set forth in the

8    Presentence Report to which there has not been

9    objection, and as noted in paragraph 70, based on a

10:32AM 10   total offense level of 33 and criminal history

11   category of II, the guideline imprisonment range is

12   151 months to 188 months.

13             With respect next to the 18 United

14   States Code § 3553 factors, first, the nature and

15   circumstances of the offense.  Again, the defendant

16   was found guilty, as the Court has just discussed --

17   has been found guilty by a jury of five counts of

18   wire fraud, one count of bank fraud, and one count

19   of conspiracy to commit money laundering.

10:33AM 20             His specific offense conduct is set

21   forth, as well as that of his co-defendant, is set

22   forth in some detail beginning at paragraph 6 of the

23   Presentence Report, all of which the Court has

24   reviewed.

25             I'm not going to reiterate all of that

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 22 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 246   Filed 10/22/18   Page 30 of 46   PageID #:
19989
19223

1  offense conduct today, but the Court has reviewed it

2  in total and would incorporate the offense conduct

3  as set forth in the Presentence Report as part of

4  its analysis of the defendant's instant offense

5  conduct, coupled, again, with the trial testimony

6  offered in this case.

7  By way of brief summary, among other

8  things, on July 5 and July 7, 2017, this defendant

9  purchased or attempted to purchase approximately 40

10:34AM 10  certificates of deposit totaling over $38 million

11  from USAA Bank using his Social Security number as

12  the account number and routing number to the Federal

13  Reserve Bank in New York as the funding account.

14  In fact, during the trial, as noted in

15  paragraph 15, the defendant did testify that he did,

16  in fact, purchase the CDs using his Social Security

17  number.

18  In that manner, he advised that he

19  located a video online of an individual representing

10:34AM 20  himself as Harvey Dent who informs individuals how

21  to use a trust account and Federal Reserve routing

22  numbers to pay off debt, and Beane conveyed that he

23  decided to try this method of paying off his debt.

24  In fact, it's noted in paragraph 15

25  that the defendant testified that he kept purchasing

1  CDs from USAA Bank because he, quote, "wanted to

2  know where the end was," close quote.

3       At some point on July 5, 2017,

4  co-defendant -- his co-defendant, Ms. Tucci-Jarraf,

5  was corresponding with this defendant via Skype and

6  had knowledge of this defendant's attempts to

7  purchase CDs using the aforementioned method.

8       On July 6, 2017, this defendant

9  executed a wire transfer of $493,000 -- $493,110.68

10:35AM  10  to Buddy Gregg Motor Homes, LLC for a 45-foot motor

11  home.

12       Trial testimony showed once USAA Bank

13  and Whitney Bank, the bank utilized by Buddy Gregg

14  Motor Homes, LLC, detected potential fraud regarding

15  this defendant's transaction, his accounts were

16  frozen and fraud investigators began an

17  investigation.

18       On July 8, 10 and 11, 2017, this

19  defendant's co-defendant working on his behalf was

10:36AM  20  involved in telephone conversations with this

21  defendant, representatives of Buddy Gregg Motor

22  Homes and Whitney Bank, and made assurances that the

23  transactions were legal and legitimate.

24       She further informed this defendant to

25  place the motor home in the name of a trust account

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 24 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 289   Filed 10/22/18   Page 32 of 46   PageID #:
19225

1    he had created using his Social Security number and

2    Federal Reserve routing number.

3              Paragraph 20 of the Presentence Report

4    also notes this defendant's activities related to

5    purchase of a Ford Super Duty pickup truck for a

6    list price of $80,510.86, or total price of $86,000,

7    and the defendant purchased the vehicle with a

8    written check, and after the fraudulent activity of

9    the defendant was discovered by USAA Bank, the

10:37AM  10   defendant returned that truck to Ted Russell Ford on

11   July 10, 2017.

12             And then paragraphs 21 through 23 of

13   the Presentence Report set forth in more detail this

14   defendant's activities regarding the subject motor

15   home.

16             Paragraph 25 notes the total intended

17   loss attributed to defendant Beane is no less than

18   $38,994,967, and paragraph 27 under the victim

19   impact provision of the Presentence Report notes

10:37AM  20   that the amount of restitution for which defendant

21   is responsible is $510,589.02.

22             Turning next to the history and

23   characteristics of this defendant, the defendant is,

24   I believe, currently 50 years of age.  He was born

25   in North Carolina, primarily reared by his mother.

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 25 of 38   PageID #:
18992
Case 3:17-cr-00082-TAV-DCP   Document 249   Filed 10/22/18   Page 33 of 46   PageID #:
19226

He has one brother and one sister.  He's never been
married, has no children.

Again, he's been a lifelong resident of
North Carolina with the exception of the past
several years where he resided in the Eastern
District of Tennessee.

According to the defendant, he
graduated from high school in 1985, and was in the
United States Air Force from 1998 (sic) to 1993.

Vocationally the defendant states he's
been employed in the car detailing business as a
warehouse manager and with a graphics company.

He reports being in relatively good
health with no known physical limitations, no
history of mental or emotional health treatment, no
substance abuse history, other than rare use of
alcohol and experimentation with marijuana in --
several decades ago in his 20s.

The defendant does have a limited
criminal history.  He's been convicted of offenses
of trespassing, possession of marijuana, no driver's
license, wilful destruction by tenant, driving while
impaired, and driving without a license, all
resulting in a criminal history category of II in
this case.

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 26 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 34 of 46   PageID #:
19227

1                 With this background in mind, the Court

2   then considers the need for the sentence imposed to

3   reflect various factors, including, but not limited

4   to, the seriousness of the offense.

5                 Again, the Court heard testimony in

6   this case, including by the defendant, as well as

7   others, over a multi-day period.

8                 The facts deduced at trial, the

9   evidence deduced at trial, the facts as set forth in

10:39AM 10   the Presentence Report related to this defendant's

11   offense conduct. Again, as highlighted by

12   particularly the loss attributed to this defendant

13   and the amount of restitution owing all constitutes

14   a serious offense conduct on this defendant's part,

15   in terms of his violations of multiple federal

16   offenses, again, bank fraud, wire fraud, and

17   conspiracy to commit money laundering.

18                 The Court considers the need to promote

19   respect for the law and provide just punishment.

10:40AM 20   Again, taking into consideration the level, scope

21   and seriousness of the defendant's offense conduct

22   and also taking into consideration his demonstrated

23   lack of respect for the law, and, again, the need to

24   provide just punishment, given the seriousness of

25   his offense conduct, and also taking into

1     consideration his somewhat limited criminal -- past

2     criminal history.

3            The Court does consider the need for

4     adequate deterrence. The Court finds a need for

5     specific deterrence in this case based on the

6     defendant's offense conduct.

7            The Court also considers general

8     deterrence; that is, fashioning a sentence that

9     hopefully would act as a general deterrent to others

10:41AM 10     similarly situated to this defendant who may

11     contemplate the undertaking of similar crimes in the

12     future. And the Court also considers the need to

13     protect the public from further crimes of the

14     defendant.

15            Again, while his previous criminal

16     history is somewhat limited, his current offense

17     conduct is serious, and, again, given his statement

18     regarding his belief in the lack of authority or

19     jurisdiction over him, the Court is concerned and

10:41AM 20     does find the need to protect the public from

21     further crimes of the defendant, given his positions

22     in this case.

23            The Court considers the need to provide

24     the defendant with training, education and medical

25     treatment. The Court does not find the need for

Case 3:17-cr-00082-TAV-DCP Document 240 Filed 08/01/18 Page 28 of 38 PageID #:
Case 3:17-cr-00082-TAV-DCP Document 244 Filed 10/22/18 Page 36 of 46 PageID #:
18995
19229

1    substance abuse or mental health treatment in this
2    case.

3              While the defendant is -- from a
4    guideline standpoint is facing a lengthy sentence,
5    the Court does believe the defendant would benefit
6    from additional educational and particularly
7    vocational training opportunities that may be
8    afforded to him by the Bureau of Prisons.

9              To the extent the Court does or the
10   Presentence Report does discuss any treatment, the
11   Court would note that it is not intending to and is
12   not imposing or lengthening the defendant's prison
13   sentence to enable him to complete a treatment
14   program or otherwise promote rehabilitation.

15             The Court also notes under § 3553 that
16   the advisory guidelines are intended, in part, to
17   carry out the national policies as articulated by
18   Congress and that sentences be uniform across the
19   country, to the extent possible, and be based on the
20   offender's actual conduct and history, and the Court
21   has previously noted, as the Presentence Report
22   notes, a need to provide restitution in this case.

23             In light of everything discussed,
24   including the guideline range and the relevant
25   § 3553 factors, and considering the arguments and

1   positions of the parties, the Court is going to

2   impose a guideline sentence in this case of 155

3   months.  For all the reasons discussed, the Court

4   finds this sentence to be sufficient, but not

5   greater than necessary, to comply with the purposes

6   of 18 U.S.C. § 3553.

7          Pursuant to 18 United States Code §

8   3553(c)(1), the Court notes that it finds a sentence

9   within the guidelines range at this range to be

10  justified based upon the Court's belief that such a

11  sentence adequately reflects the seriousness of the

12  instant offenses, provides adequate deterrence, and

13  protects the public from further crimes being

14  committed by the defendant.

15         The Court will also impose a period of

16  supervised release in this case in total of five

17  years, and the Court will also impose the special

18  conditions of supervised release in addition to the

19  general and mandatory conditions, the special

20  conditions found in paragraph 80 of the Presentence

21  Report, to which there has not been specific

22  objection.  These relate to a special search

23  condition during a period of supervised release, as

24  well as in light of the restitution being ordered

25  and the forfeiture being entered.  Special

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 30 of 38   PageID #:
18997
Case 3:17-cr-00082-TAV-DCP   Document 249   Filed 10/22/18   Page 38 of 46   PageID #:
19231

1   conditions related to access to financial

2   information, credit restrictions, and requirements

3   regarding payment of financial penalties.  The Court

4   finding these special conditions of supervised

5   release to be reasonably related to the several

6   sentencing factors discussed by the Court to involve

7   no greater deprivation of liberty than reasonably

8   necessary for those several sentencing purposes and

9   to be consistent with pertinent policy statements

10:44AM 10  issued by the Sentencing Commission.

11              Finally, with respect to paragraph 53

12  of the Presentence Report, the pending charge in

13  Jasper County, South Carolina, Docket No.

14  2014-GS-2700554, the Court recognizes its

15  discretion, pursuant to applicable law and

16  guidelines provisions, to run the sentence in this

17  case concurrent, partially concurrent or consecutive

18  to the prior undischarged sentence of imprisonment,

19  and while the sentence in that case is un- -- the

10:45AM 20  Court would find it to be unrelated, which might

21  speak to a consecutive sentence being imposed, there

22  was testimony about -- at the trial, it was tied

23  into this trial, if you will, and was the subject of

24  some testimony, and in light of that, in light of

25  the length of the sentence imposed in this case, the

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 31 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 39 of 46   PageID #:
19232

Court will run the sentence in this case concurrent

to any sentence arising from the sentence imposed

due to violations in Jasper County, South Carolina.

Accordingly and pursuant to the

Sentencing Reform Act of 1984, it is the judgment of

the Court as to Counts 1 through 7 that the

defendant, Randall Keith Beane, is hereby committed

to the custody of the Bureau of Prisons for a total

term of imprisonment of 155 months.

This sentence consists of a term of

120 months as to each of Counts 1 through 5 and 155

months as to each of Count 6 and 7 to run

concurrently.

It's further ordered that you shall

make restitution in the amount of $510,589.02 to

USAA Bank in accordance with 18 United States Code

§§ 3663 and 3663(a) or any other statute authorizing

restitution.

Restitution shall be paid in full

immediately.  The government may enforce the full

amount of restitution ordered at any time pursuant

to Title 18 U.S.C. §§ 3612, 3613 and 3664(m).

The U.S. Bureau of Prisons, U.S.

Probation Office and the U.S. Attorney's Office

shall monitor payment of restitution and reassess

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 32 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 249  Filed 10/22/18  Page 40 of 46  PageID #:
19233

1   and report to the Court any material change in your

2   ability to pay.

3           You shall make restitution payments

4   from any wages you may earn in prison in accordance

5   with the Bureau of Prisons Inmate Financial

6   Responsibility Program. Any portion of restitution

7   not paid in full at the time of your release from

8   imprisonment shall become a condition of

9   supervision.

10:47AM  10           The Court finds you do not have the

11   ability to pay interest on the restitution ordered.

12   Interest is waived.

13           Upon release from imprisonment, you

14   shall be placed on supervised release for a total

15   term of five years, consisting of three years as to

16   each of Counts 1 through 5 and five years as to each

17   of Counts 6 and 7 to run concurrently.

18           While on supervised release, you shall

19   not commit another federal, state or local crime.

10:47AM  20   You must not unlawfully possess and must refrain

21   from use of controlled substances and comply with

22   the standard conditions adopted by this court in

23   Local Rule 83.10.

24           In particular, you must not own,

25   possess or have access to a firearm, ammunition,

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 33 of 38   PageID #:
19000
Case 3:17-cr-00082-TAV-DCP   Document 252   Filed 10/22/18   Page 41 of 46   PageID #:
19234

1    destructive device or other dangerous weapon.  You

2    shall cooperate in the collection of DNA as directed

3    by the probation officer and, again, comply with the

4    special conditions as set forth in the Presentence

5    Report and previously articulated by the Court.

6            Title 18 United States Code §§ 3565(b)

7    and 3583(g) require mandatory revocation of

8    supervised release for possession of a controlled

9    substance, ammunition or firearm, or for refusal to

10:48AM 10    comply with drug testing.

11            Pursuant to Title 18 U.S.C. § 3013, you

12    shall pay a special assessment fee in the amount of

13    $700 which shall be due immediately.

14            The Court finds you do not have the

15    ability to pay a fine, however, and will waive the

16    fine in this case.

17            Pursuant to Rule 32 of the Federal

18    Rules of Criminal Procedure, the Court advises you

19    may have the right to appeal the sentence imposed in

10:48AM 20    this case.  The Notice of Appeal must be filed

21    within 14 days of entry of judgment.  If you request

22    and so desire, the Clerk of Court can prepare and

23    file the Notice of Appeal for you.

24            It's further ordered you be remanded to

25    the custody of the Attorney General pending

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 34 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 190   Filed 10/22/18   Page 42 of 46   PageID #:
19235

```
 1    designation by the Bureau of Prisons.
 2              Ms. Davidson, does the government have
 3    any objection to the sentence just pronounced that
 4    has not previously been raised?
 5              MS. DAVIDSON:  No, Your Honor, we have no
 6    objections, but it's my understanding that the
 7    Preliminary Order of Forfeiture must also be
 8    announced orally.
 9              THE COURT:  All right.  The Court has
10    previously entered the Preliminary Order of
11    Forfeiture, but the Court does announce the entry of
12    a Preliminary Order of Forfeiture in accordance with
13    applicable law, specifically the forfeiture of a
14    2017 Entegra Cornerstone 45B 45-foot diesel motor
15    home, VIN No. 4VZVU1E94HC082572, topaz in color,
16    with eight wheels, and a money judgment in favor of
17    the United States and against the defendant, Randall
18    Keith Beane, for $553,749.99, representing the
19    minimum amount of proceeds Randall Keith Beane
20    personally obtained directly or indirectly as a
21    result of the criminal violations of 18 United
22    States Code §§ 1343 and 1344.
23              Anything further from the government?
24              MS. DAVIDSON:  No, Your Honor.  Thank you.
25              THE COURT:  All right.  Mr. Beane, do you
```

10:49AM  (line 10)
10:50AM  (line 20)

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 35 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 43 of 46   PageID #:
19236

| | |
|---|---|
| 1 | as defendant have any objections to the sentence |
| 2 | just pronounced that has not previously been raised? |
| 3 | THE DEFENDANT: Yes, I object to the |
| 4 | sentencing. You have no authority or jurisdiction |
| 5 | to sentence me; standing documents 147, 148, 149, |
| 6 | 150, and 151. |
| 7 | THE COURT: All right. Other than |
| 8 | objections related to the authority and the |
| 9 | jurisdiction of the Court, do you have any other |
| 10:50AM 10 | objections to the sentence just pronounced not |
| 11 | previously raised? |
| 12 | THE DEFENDANT: No. |
| 13 | THE COURT: All right. Thank you. |
| 14 | And the Court has previously addressed |
| 15 | defendant's continuing objections to the authority |
| 16 | and jurisdiction of the Court and would repeat and |
| 17 | reincorporate its oral and written pronouncements in |
| 18 | that regard. |
| 19 | So anything further we need to take up |
| 10:51AM 20 | this morning from either side? Ms. Davidson? |
| 21 | MS. DAVIDSON: No, Your Honor. |
| 22 | THE COURT: Mr. Beane? |
| 23 | THE DEFENDANT: Yes, I'd like to appeal the |
| 24 | sentencing. |
| 25 | THE COURT: All right. You'd like the |

Case 3:17-cr-00082-TAV-DCP Document 240 Filed 08/01/18 Page 36 of 38 PageID #:
Case 3:17-cr-00082-TAV-DCP Document 240 Filed 10/22/18 Page 44 of 46 PageID #:
19003
19237

```
 1   Clerk to file a Notice of Appeal for you?

 2               THE DEFENDANT:  Yes.

 3               THE COURT:  All right.  The Court will

 4   direct the Clerk to do so.

 5               Anything further, Mr. Beane?

 6               THE DEFENDANT:  No.

 7               THE COURT:  All right.  Thank you.

 8               Anything further from the government?

 9               MS. DAVIDSON:  No, Your Honor.

10               THE COURT:  All right.  Then we'll stand in

11   recess.

12               Thank you, everyone, for being here

13   this morning.

14               THE COURTROOM DEPUTY:  All rise.  This

15   honorable court should stand in recess until 1:30.

16                           (Which were all the proceedings

17                            had and herein transcribed.)

18                     * * * * * * *

19

20

21

22

23

24

25
```

The timestamp at line 10 reads: 10:51AM

```
 1                    C-E-R-T-I-F-I-C-A-T-E

 2     STATE OF TENNESSEE

 3     COUNTY OF KNOX

 4          I, Teresa S. Grandchamp, RMR, CRR, do hereby

 5     certify that I reported in machine shorthand the

 6     above proceedings; that the foregoing pages were

 7     transcribed under my personal supervision and

 8     constitute a true and accurate record of the

 9     proceedings.

10          I further certify that I am not an attorney

11     or counsel of any of the parties, nor an employee or

12     relative of any attorney or counsel connected with

13     the action, nor financially interested in the

14     action.

15          Transcript completed and signed on Wednesday,

16     August 1, 2018.

17     Teresa S.                 Digitally signed by Teresa S. Grandchamp,
                                 RMR, CRR
                                 DN: cn=Teresa S. Grandchamp, RMR, CRR,
18     Grandchamp,               o=Eastern District of Tennessee, ou=United
                                 States District Court,
                                 email=courtreporter.usdc.tn@gmail.com, c=US
19     RMR, CRR                  Date: 2018.08.01 14:08:03 -04'00'

       _____
20     TERESA S. GRANDCHAMP, RMR, CRR
       Official Court Reporter

21

22

23

24

25
```