*Original Instrument*

**\*DUE NOTICE\***

NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
Reference:

FILED
2018 OCT 22 P 1: 19

U. DISTRICT COURT
EASTERN DIST. TN

## "UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3:**17-CR-82** |
| Plaintiff ) | VARLAN/SHIRLEY and their assigns, |
| ) | nunc pro tunc, praetera pretera, |
| v. ) | 3:17-cr-00082-TAV-CCS |
| ) | 3:17-cr-00082-TAV-DCP |
| RANDALL KEITH BEANE, and ) | and related cases thereof; |
| HEATHER ANN TUCCI-JARRAF ) | inclusive of 3:17-MJ-1067 |
| Defendants ) | and 1:17-mj-531" |

STANDING DUE REJECTION WITHOUT DISHONOR FOR DUE
CAUSE RE DOCUMENT 241 **NOTICE OF FILING**

With full responsibility, accountability and liability, with full due lawful authority, capacity and
standing, without prejudice, nunc pro tunc, ab initio and praeterea preterea, Original, Randall
Keith Beane hereby files Original Instrument, STANDING DUE REJECTION WITHOUT
DISHONOR FOR DUE CAUSE OF DOCUMENT 241

SEPT 30, 2018
WITHOUT PREJUDICE
Randall Keith Bean

---

FCI Elkton
Randall Keith Beane
ID #52505-074
PO Box 10
Lisbon, OH 44432

### Certificate of Service

I duly certify that I did on  SEPT 30  , 2018 cause a true copy of this Notice and
a true copy of the attached Original Instrument, to be served by Certified Mail on all alleged
parties hereto.

WITHOUT PREJUDICE
Randall Keith Bean

Pg. 1 of 1

＊ ORIGINAL INSTRUMENT ＊
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
RECEIVED BY: RC
DATE: 7/26/17    TIME: 1100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

U.S. MARSHAL E/TN
KNOXVILLE, TN

2018 OCT 22 P 1: 20

STANDING: DULY REJECTED WITHOUT DISHONOR FOR DUE CAUSE;

UNITED STATES OF AMERICA JUL 27 P 3: 58

INCLUDING BUT NOT LIMITED TO CASE NO.: 3:17-CR-082 DOCUMENTS 19

v.   U.S. DISTRICT COURT    147, 148, 149, 150, 151, 160, 207
98, 101, 102, 145, 146, EASTERN DIST. TENN JUDGES VARLAN /SHIRLEY

RANDALL KEITH BEANE   215   219, 220, 221, 222, 223, 236,
237, each RESTATED AND INCORPORATED BY REFERENCE AS IF SET
**WRIT OF HABEAS CORPUS AD PROSEQUENDUM** FORTH IN FULL IN CASES 3:17-CR-82, 3:17-MJ-1067, 1:17-MJ-531

THE PRESIDENT OF THE UNITED STATES OF AMERICA
AND ALL CASES THEREOF, NUNC PRO TUNC, AB INITIO, AND PRAETEREA
TO THE:    SHERIFF PRAETERIA    PRETERIA
OR ANY AUTHORIZED CUSTODIAN    SEPT 30, 2018
THEREOF - GREETING:    Randall Keith Beane

   We command that you have the body of RANDALL KEITH BEAN detained in

the Knox County Detention Facility, under your custody as it is said, under safe and secure

conduct before the Judge of our District Court within and for the Eastern District of Tennessee,

at the City of Knoxville, Tennessee, on July 27, 2017 at 9:30 a.m., there to be present for an

Initial Appearance, or for his case to be otherwise disposed of upon said indictment heretofore

returned against him, and each day thereafter until said case is disposed of, and immediately

thereafter the said defendant shall be returned to the said Sheriff, Knox County Detention

Facility, under safe and secure conduct, and have you then and there this writ.

   And as by order of said District Court it is directed, if said Sheriff so directs, the

United States Marshal for the Eastern District of Tennessee, or any other duly authorized United

States Marshal or Deputy United States Marshal is hereby ordered and directed to receive said

RANDALL KEITH BEAN into his custody and possession at said Knox County Detention

Facility, and under safe and secure conduct to have him before the Judge of our District Court at

STANDING REJECTION: DULY REJECTED WITHOUT DISHONOR FOR
DUE CAUSE; RESTATED
SEPT 30, 2018
Randall Keith Beane

the time and place aforesaid for the purpose aforesaid, and to return him to said Knox County Detention Facility, under safe and secure conduct and redeliver him to the Sheriff, Knox County Detention Facility.

DEBBIE POPLIN, Clerk

By: _____

Deputy Clerk

**CUSTODY ASSUMED:**

EXECUTED this 27 day of July, 2017.

By: _____

United States Marshal/Deputy

**RETURNED:**

EXECUTED this ____ day of _____, 20____.

By: _____

United States Marshal/Deputy

**SENTENCED STATE PRISONER:** Yes: _____ No: _____

STANDING REJECTION'. DULY REJECTED WITHOUT DISHONOR
FOR DUE CAUSE; RESTATED                    SEPT 30, 2018
                                   for Ill-Keith Berne

**RETURNED: UNEXECUTED; state charges dismissed.**

BY: _Kent Miller_

**Kent Miller, SDUSM**

DATE: _7/27/18_

FILED
2018 OCT 22 P 1: 20
DISTRICT COURT
EAST DIST. TE

**\*DUE NOTICE\***
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
Reference:

## "UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:17-CR-82 |
| Plaintiff | ) | VARLAN/SHIRLEY and their assigns, |
| | ) | nunc pro tunc, praetera pretera, |
| v. | ) | 3:17-cr-00082-TAV-CCS |
| | ) | 3:17-cr-00082-TAV-DCP |
| RANDALL KEITH BEANE, and | ) | and related cases thereof; |
| HEATHER ANN TUCCI-JARRAF | ) | inclusive of 3:17-MJ-1067 |
| Defendants | ) | and 1:17-mj-531" |

LIMITED DUE ACCEPTANCE OF DOCUMENT 240 FOR THE
SOLE PURPOSE AS EVIDENCE OF IDENTIFICATION OF ACTORS
WITHIN OR ABUSING **NOTICE OF FILING** THE GOVERNMENTS OF
THE PEOPLE.

With full responsibility, accountability and liability, with full due lawful authority, capacity and
standing, without prejudice, nunc pro tunc, ab initio and praeterea preterea, Original, Randall
Keith Beane hereby files LIMITED DUE ACCEPTANCE OF DOCUMENT 240 FOR THE
SOLE PURPOSE AS EVIDENCE OF IDENTIFICATION OF ACTORS WITHIN OR
ABUSING THE GOVERNMENTS OF THE PEOPLE

SEPT 30, 2018
WITHOUT PREJUDICE
for all Keith Beane

----

FCI Elkton
Randall Keith Beane
ID #52505-074
PO Box 10
Lisbon, OH 44432

### Certificate of Service

I duly certify that I did on SEPTEMBER 30, 2018 cause a true copy of this Notice and
a true copy of the attached transcript of a purported sentencing hearing of Randall Keith Beane
on 24th July 2018, to be served by Certified Mail on all alleged parties hereto.

SEPT 30 2018
WITHOUT PREJUDICE
Randall Keith Beane

Pg. 1 of 1

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TENNESSEE
 2                    AT KNOXVILLE, TENNESSEE
   _____
 3                                  )
   UNITED STATES OF AMERICA,        )
 4                                  )
            Government,             )
 5                                  )
   vs.                              )  Case No. 3:17-cr-82-1
 6                                  )
   RANDALL KEITH BEANE,             )
 7                                  )
            Defendant.              )
 8  _____)

 9                    SENTENCING PROCEEDINGS
            BEFORE THE HONORABLE THOMAS A. VARLAN
10
                   Tuesday, July 24th, 2018
11                 10:09 a.m. to 10:51 a.m.

12  APPEARANCES:

13          ON BEHALF OF THE GOVERNMENT:

14          CYNTHIA F. DAVIDSON, ESQ.
            ANN-MARIE SVOLTO, ESQ.
15          U.S. DEPARTMENT OF JUSTICE
            OFFICE OF U.S. ATTORNEY
16          800 Market Street
            Suite 211
17          Knoxville, TN 37902

18          ON BEHALF OF THE DEFENDANT HEATHER ANN
            TUCCI-JARRAF: (Appearing Pro Se)
19
            STEPHEN G. MC GRATH, ESQ. (Elbow Counsel)
20          ATTORNEY AT LAW
            9111 Cross Park Drive
21          Building D, Suite 200
            Knoxville, TN 37923
22
   REPORTED BY:
23
   Teresa S. Grandchamp, RMR, CRR
24  P.O. Box 1362
   Knoxville, Tennessee 37901
25  (865) 244-0454
```

```
 1          THE COURTROOM DEPUTY:  All rise.  The
 2   United States District Court for the Eastern
 3   District of Tennessee is again in session.  The
 4   Honorable Thomas A. Varlan, Chief United States
 5   District Judge, presiding.
 6          Please come to order and be seated.
 7          THE COURT:  Thank you.  Good morning,
 8   everyone.  Let's call up the next case, please.
 9          THE COURTROOM DEPUTY:  Criminal Action
10:09AM 10   3:17-cr-82, United States of America versus Randall
11   Keith Beane.
12          Cynthia Davidson and Anne-Marie Svolto
13   are here on behalf of the government.
14          Is the government present and ready to
15   proceed?
16          MS. DAVIDSON:  Yes, Your Honor.
17          THE COURTROOM DEPUTY:  Mr. Randall Keith
18   Beane representing himself, Stephen McGrath, elbow
19   counsel.
10:09AM 20          Present and ready.
21          THE COURT:  Are we ready to go?
22          THE DEFENDANT:  Yes.
23          THE COURT:  All right.  We are here for
24   imposition of judgment and sentence in this case.
25   What we'll do is:  Although you're representing
```

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 2 of 38  PageID #:
18969
Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 10/22/18  Page 6 of 42  PageID #:
19245

1   yourself, Mr. Beane, you're also here as the

2   defendant in this case.  So I'm going to ask you to

3   come up to the podium.  If you'd like to be joined

4   by Mr. McGrath, fine, or you can just come yourself,

5   and we'll begin.

6           MS. DAVIDSON:  Your Honor, we believe that

7   there is an issue of forfeiture that perhaps needs

8   to be taken up before sentencing.

9           THE COURT:  Okay.  What is that?

10:10AM 10          MS. SVOLTO:  Your Honor, if I may handle

11  that.  There is a Motion For Preliminary Order of

12  Forfeiture.

13          THE COURT:  The Court has -- notice of that

14  was filed this morning, I believe, or --

15          MS. SVOLTO:  Yes, it was, Your Honor.

16          THE COURT:  We'll address that first.  Go

17  ahead.

18          THE DEFENDANT:  I have a matter I'd like to

19  take care of first, if that's okay.

10:10AM 20          THE COURT:  We'll, let's start with this,

21  and then we'll take up your matter.

22              All right.  Go ahead.

23          MS. SVOLTO:  Your Honor, we're seeking

24  forfeiture of the 2017 Integra motor home that the

25  defendant purchased with the funds that he had

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 3 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 10/22/18   Page 7 of 42   PageID #:
19246

1    transferred from the certificates of deposit and

2    into his USAA account, and we're asking that the

3    Court enter a Preliminary Order of Forfeiture based

4    on testimony produced at trial and the exhibits that

5    the government introduced and were admitted at trial

6    that showed that, in fact, the Entegra motor home is

7    directly traceable to the funds the defendant

8    obtained through the bank fraud allegations and for

9    the wire fraud.

10:10AM   10           THE COURT:  All right.

11           MS. SVOLTO:  And we would also note that

12    the testimony at trial showed that, in fact, the

13    defendant admitted that he used a bank account

14    number that was his Social Security number in order

15    to obtain certificates of deposit using a routing

16    number to the Federal Reserve Bank alleging that

17    this belonged to some trust.

18                Of course, the jury found that the

19    defendant was guilty, and based on the jury finding

10:11AM   20    and the evidence produced at trial, we believe that

21    the requisite nexus is there that the motor home

22    was, in fact, purchased with fraudulently-obtained

23    proceeds.

24                And we would also note that the motor

25    home formed the basis of the money laundering

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 4 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 251   Filed 10/22/18   Page 8 of 42   PageID #:
18371
19247

1  conspiracy allegation for which the defendant was
2  also found guilty by the jury and that the motor
3  home was purchased with SUA proceeds, proceeds of a
4  specified unlawful activity, and that because of
5  that, it should be forfeited to the United States.

6  I would also just note for the Court
7  and for the defendant -- I've spoken with elbow
8  counsel -- that the United States intends to seek
9  permission from the Attorney General to restore
10:12AM 10  funds that may be obtained from the defendant
11  through the sale of the motor home toward the
12  restitution that may be ordered in this case. So
13  the intention of the government is to restore the
14  funds to the victim bank in the case.

15  And the government also saw that in the
16  Indictment a money judgment in the amount of
17  $553,000 and -- actually, $553,749.99, which
18  constitutes the proceeds the defendant personally
19  obtained; not necessarily what the victim bank lost
10:12AM 20  but what the defendant himself obtained.

21  The testimony produced at trial showed
22  that the defendant made a number of purchases,
23  including the motor home. I'd also included a Ford
24  truck that was returned later. That is not included
25  in that money judgment calculation.

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 5 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 252  Filed 10/22/18  Page 9 of 42  PageID #:
19248

|   |   |
|---|---|
| 1 | But the defendant also admitted, and |
| 2 | it's outlined in the motion the government filed |
| 3 | this morning, to making other purchases, including |
| 4 | paying off his insurance policy and paying four |
| 5 | different consumer loans. All of those leans were |
| 6 | backed by the victim bank. |
| 7 | So the victim bank received those funds |
| 8 | directly. It's not part of the victim bank's |
| 9 | restitution award. So we are asking that the |
| 10 | defendant be held responsible for a forfeiture money |
| 11 | judgment in the amount of $553,749.99. |
| 12 | We would ask the Court to reflect on |
| 13 | the trial transcripts. I've outlined some of the |
| 14 | pertinent quotes and citations there. And the fact |
| 15 | that the defendant did admit to making those |
| 16 | purchases. |
| 17 | There was witnesses from Buddy Gregg |
| 18 | Motor Homes who testified that the defendant chose |
| 19 | the motor home and wired the funds. |
| 20 | And so -- and based on the exhibits |
| 21 | outlining the defendant's banking activity, we think |
| 22 | it shows directly a wire transfer of just over |
| 23 | $493,000, which was for the purchase of that motor |
| 24 | home. |
| 25 | So we'd ask the Court to rely on that |

The "10:13AM" timestamps appear at lines 10 and 20.

1    in determining that there is a requisite nexus to

2    forfeit the motor home itself and also that the

3    evidence at trial showed that the defendant

4    personally obtained just over $553,000.

5              THE COURT:  All right.  Now, Mr. Beane, the

6    government has brought the motion for entry of a

7    Preliminary Order of Forfeiture, as you heard

8    outlined today by the United States attorney, as

9    well as set forth in the motion.

10:14AM 10         Would you like to offer any response to

11    the government's motion?  And if you do -- yeah, you

12    can -- you can proceed from the table for purposes

13    of this proceeding.

14              THE DEFENDANT:  I have a standing

15    declaration.  No. 1, With full responsibility,

16    accountability and liability to declare true,

17    accurate and complete, I duly declare the following

18    and that I am conscious and competent to make such

19    declaration, now duly made, issued and entered into

10:15AM 20    this alleged action or actions here and now for all

21    to rely upon.

22              And, No. 2, That the alleged court,

23    Thomas A. Varlan, Cynthia Davidson, and Marie

24    Svolto, Department of Justice, etcetera, do not have

25    the authority or jurisdiction over me to conduct any

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 7 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 237  Filed 10/22/18  Page 11 of 42  PageID #:
18974
19250

1  proceedings against me as duly declared by standing

2  declarations, precipes, orders, and notices as set

3  forth in documents 19, 98, 101, 102, 145, 146, 147,

4  148, 149, 150, 151, 160, and 215, and all other

5  documents filed in the above-referenced case

6  regarding said lack of jurisdiction and authority of

7  others over me.

8  And, No. 3, That any proceedings and

9  statements made, including by elbow counsel,

10:16AM 10  Stephen G. McGrath, do not waive my declarations,

11  precipes, orders and notices, nunc pro tunc,

12  praeterea preterea.

13  And, No. 4, No. 1 above restated and

14  all said documents and restated and incorporated by

15  reference here now as if set forth in full.

16  And, No. 5, Due and fair notice is

17  hereby duly given that everyone present, including

18  but not limited to Thomas A. Varlan, Cynthia

19  Davidson, Anne-Marie Svolto, and myself are each

10:16AM 20  being held to act with full responsibility,

21  accountability, and liability.

22  And, No. 6, That this alleged action is

23  and was legally and lawfully ordered dismissed with

24  prejudice on 22nd of January 2018, and that there is

25  no authority, jurisdiction or consent to persist

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 8 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 275  Filed 10/22/18  Page 12 of 42  PageID #:
19251

1    with any proceedings of any nature or any kind

2    against me.

3                    No. 7, Duly made and issued, with full

4    due lawful authority, capacity and standing on this

5    24th day of July 2018.

6                    You do not have authority or

7    jurisdiction to ask me any questions or conduct any

8    proceedings here.

9                    Your offer to contract is duly rejected

10:17AM 10   without dishonor for due cause, nunc pro tunc,

11   praetera pretera and ab initio.

12                   THE COURT:  Thank you, Mr. Beane.

13                   Is there anything further you would

14   like to say in response to the government's request

15   for or Motion For Entry of Preliminary Order of

16   Forfeiture?

17                   THE DEFENDANT:  No.

18                   THE COURT:  All right.  Then the Court will

19   address that preliminarily at this point in time.

10:17AM 20                   Before the Court is the government's

21   Motion For Entry of Preliminary Order of Forfeiture,

22   Document 223.

23                   In that motion the government seeks

24   forfeiture of the interest of the defendant in

25   property derived from or traceable to property

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 9 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 260  Filed 10/22/18  Page 13 of 42  PageID #:
18976
19252

1   derived from proceeds of the wire fraud and bank
2   fraud violations and property involved in the
3   commission of a money laundering offense, as set
4   forth in the Indictment and pursuant to 18 United
5   States Code §§ 982(a)(1) and 982(a)(2).
6                Specifically, as set forth in the
7   motion, the United States seeks to forfeit the
8   defendant's interest in the motor home that was the
9   subject or testimony at trial, specifically
10:18AM 10   identified as a 2017 Entegra Cornerstone 45B 45-foot
11   diesel motor home, VIN number listed in the motion.
12                The United States or the government
13   also seeks a personal money judgment in favor of the
14   government and against the defendant for
15   $553,749.99, which the government contends is the
16   amount representing the proceeds the defendant
17   personally obtained as a result of the defendant's
18   criminal violations.
19                First, to the extent -- based on the
10:19AM 20   defendant's statement, to the extent the defendant
21   is applying his arguments regarding the lack of
22   jurisdiction of the Court or the lack of the
23   authority of the Court to enter orders or address
24   matters pertaining to the defendant, to the extent
25   the defendant is raising those arguments as a

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 10 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 287   Filed 10/22/18   Page 14 of 42   PageID #:
18977
19253

1   response or in opposition to the government's Motion

2   For Entry of Preliminary Order of Forfeiture, the

3   Court would note its previous rulings in that regard

4   and previous findings that the Court does, in fact,

5   have jurisdiction over the defendant, specifically,

6   over the federal criminal conviction at issue here

7   today, and correspondingly has the jurisdiction and

8   authority to address the government's Motion For

9   Entry of Preliminary Order of Forfeiture.  And to

10:20AM 10   the extent that is a defense to the pending motion,

11   the Court would reject that as a defense.

12          Furthermore, based on consideration of

13   the motion itself, taking into consideration the

14   facts and arguments set forth in the motion, also

15   particularly taking into consideration the trial

16   testimony, which the Court considered or listened to

17   and considered at the trial, and the offense conduct

18   of this defendant as set forth in the Presentence

19   Report and as adduced at the trial, the Court would

10:20AM 20   find it appropriate to grant the government's Motion

21   For Entry of Preliminary Order of Forfeiture.

22          The Court has, in fact, previously

23   entered a Preliminary Order of Forfeiture in this

24   case as Document No. 224 which does address the

25   money order and the money judgment -- excuse me --

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 11 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 260   Filed 10/22/18   Page 15 of 42   PageID #:
18978
19254

the motor home and the money judgment, but the Court
would at this time find the order of forfeiture to
be appropriate and grant the government's motion.

All right.  Any other preliminary
matters we need to take up before proceeding forward
with the sentencing?

MS. DAVIDSON:  No, Your Honor.  Thank you.

THE COURT:  All right.  So, Mr. Beane, what
I'm going to do at this point:  For sentencing
purposes, I need to ask you some preliminary
questions.  So we will ask you up to the podium,
and -- and we'll swear you in for those purposes.

Then, after those preliminary
questions, just so you'll know how we're going to
proceed, we'll then address the Presentence Report,
and the Court will determine whether there are any
objections to the Presentence Report and the Court
will determine whether to accept the Presentence
Report.

The Court then would typically allow
counsel for the parties or in this case you yourself
representing yourself to address the sentencing
factors that the Court must consider or the Court is
to consider in determining an appropriate sentence
in this case.

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 12 of 38   PageID #:
18979
Case 3:17-cr-00082-TAV-DCP   Document 280   Filed 10/22/18   Page 16 of 42   PageID #:
19255

1       So typically the counsel for the

2   government would go first and you would have a

3   chance to address, in effect, what you believe the

4   sentence in this case should be based upon the

5   considerations before the Court.

6           And then after we do that, then if you

7   desire, the Court, separate from making any

8   arguments you would like to make regarding an

9   appropriate sentence, the Court would then allow you

10:22AM 10  to allocute or to say anything else you would like

11  to say as a defendant on your own behalf before

12  sentence is imposed.  So that's how the Court plans

13  to proceed.

14          So if you wouldn't mind coming on up to

15  the podium and we'll have the courtroom deputy

16  administer the oath to you.

17          THE COURTROOM DEPUTY:  Raise your right

18  hand.

19          Do you solemnly swear to tell the

10:23AM 20  truth, the whole truth and nothing but the truth?

21          THE DEFENDANT:  I am here as myself,

22  presenting myself as myself, and I do speak true,

23  accurate and complete at all times.

24          THE COURTROOM DEPUTY:  Thank you, sir.

25          THE COURT:  Thank you, Mr. Beane.  I just

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 13 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 289   Filed 10/22/18   Page 17 of 42   PageID #:
19256
19980

1    want to reconfirm or state to you that on

2    February 1, 2018, a jury found you guilty of Counts

3    1 through 5 of the Indictment in this case charging

4    you with wire fraud in violation of 18 United States

5    Code § 1343, Count 6 charging you with bank fraud in

6    violation of 18 United States Code § 1344, and Count

7    7 charging you with conspiracy to commit money

8    laundering in violation of 18 United States Code §

9    1956(h).

10:23AM  10        Do you understand, sir, that the

11   offenses described in Counts 1 through 5 -- those

12   are the wire fraud counts -- do you understand that

13   those offenses require a sentence of up to 20 years'

14   imprisonment, up to three years of supervised

15   release, a fine of $250,000, restitution, and a $100

16   special assessment?  Do you understand that?

17        THE DEFENDANT:  You do not have authority

18   or jurisdiction to ask me that question or to

19   conduct any proceeding here.

10:24AM  20        THE COURT:  All right.  Let me return -- in

21   light of that statement, let me just turn to counsel

22   for the government.

23        Can you confirm in open court and for

24   the defendant that those -- that that is the

25   statutory range of imprisonment for the offenses

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 14 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 236   Filed 10/22/18   Page 18 of 42   PageID #:
18981
19257

 1    described in Counts 1 through 5?

 2            MS. DAVIDSON:  Yes, Your Honor.  The range

 3    of imprisonment as to -- or just as you stated, up

 4    to 20 years' imprisonment for each count.  Just as

 5    you stated it.

 6            Do you want me to go through each

 7    count?

 8            THE COURT:  I'll start with Counts 1

 9    through 5.

10:25AM 10       MS. DAVIDSON:  Okay.  1 through 5?

11            THE COURT:  I just want the government to

12    confirm that statutorily that Counts 1 through 5

13    require a sentence of up to 20 years' imprisonment,

14    up to three years of supervised release, a fine of

15    $250,000, restitution, and a $100 assessment.

16            MS. DAVIDSON:  Yes, Your Honor, that's --

17            THE COURT:  All right.

18            MS. DAVIDSON:  -- my understanding of the

19    statutory construction.

10:25AM 20       THE COURT:  All right.  Thank you.

21            Next, Mr. Beane, do you understand that

22    the offense described in Count 6 -- that's the bank

23    fraud count -- requires a sentence of up to

24    30 years' imprisonment, up to five years' supervised

25    release, a fine of up to one million dollars,

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 15 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 260   Filed 10/22/18   Page 19 of 42   PageID #:
19258

1  restitution, and a $100 special assessment?

2          THE DEFENDANT:  Again, you do not have

3  authority or jurisdiction to ask me that question,

4  nor to conduct any proceeding here.

5          THE COURT:  All right.  Again,

6  Ms. Davidson, if the government could confirm its

7  understanding of the -- if the Court has correctly

8  stated the statutory range of imprisonment as to

9  Count 6.

10:25AM  10          MS. DAVIDSON:  Yes, Your Honor, that is my

11  understanding of the statutory range.

12          THE COURT:  All right.  And then finally,

13  Mr. Beane, do you understand the offense described

14  in Count 7, which is the conspiracy to commit money

15  laundering count, requires a sentence of up to

16  30 years' imprisonment, up to five years' supervised

17  release, a fine of up to one million dollars,

18  restitution, and a $100 special assessment?

19          THE DEFENDANT:  Once again, for the record,

10:26AM  20  you do not have authority or jurisdiction to ask me

21  that question, nor to conduct any proceeding here.

22          THE COURT:  Again, if the government would

23  confirm the Court's understanding of the statutory

24  range of imprisonment as to Count 7.

25          MS. DAVIDSON:  Yes, Your Honor, that is my

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 16 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 183   Filed 10/22/18   Page 20 of 42   PageID #:
19259

         1    understanding.

         2              THE COURT:  All right.  Mr. Beane, next I

         3    want to look at the Presentence Report.  Have you,

         4    in fact, received the Presentence Report issued by

         5    the United States Probation Office in this case?

         6              THE DEFENDANT:  Yes.

         7              THE COURT:  And have you had a chance to

         8    review that?

         9              THE DEFENDANT:  Yes.

10:26AM 10              THE COURT:  All right.  And do you have any

        11    specific objections to the Presentence Report?

        12              THE DEFENDANT:  No.

        13              THE COURT:  All right.  Ms. Davidson, have

        14    you received the Presentence Report in this case?

        15              MS. DAVIDSON:  Yes, Your Honor.

        16              THE COURT:  Does the government have any

        17    objections?

        18              MS. DAVIDSON:  No objections, Your Honor.

        19              THE COURT:  All right.  The Court would

10:27AM 20    state while the defendant -- so the record is clear,

        21    while the defendant has no specific objections to

        22    the Presentence Report, the defendant has made

        23    various filings, subsequent to the filing of the

        24    Presentence Report, again, which the Court would

        25    concur would not be construed as specific objections

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 17 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 250   Filed 10/22/18   Page 21 of 42   PageID #:
19260

1   to the Presentence Report, but, instead, as

2   continued objections to this Court's jurisdiction

3   and/or authority.

4           To the extent those objections apply to

5   the Presentence Report itself as general objections,

6   the Court again would reiterate its previous finding

7   that the Court does, in fact, have jurisdiction over

8   the federal criminal conviction at issue here today.

9   And the Court, in light of the lack of any specific

10:27AM  10   objections to the Presentence Report by either

11   parties, would accept the Presentence Report in this

12   case.

13           All right.  Next we talk about

14   imposition of sentence, and we'll start with the

15   government.

16           Mr. Beane, you can have a seat for just

17   a couple moments.  Thank you, sir.

18           Is there anything the government would

19   like to -- the Court does note the government's

10:28AM  20   filing of a sentencing memorandum, but anything from

21   the government regarding imposition of sentence in

22   this case?

23           MS. DAVIDSON:  Based on our sentencing

24   memorandum, the United States believes that a

25   guideline sentence is appropriate in this case.  It

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 18 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 258  Filed 10/22/18  Page 22 of 42  PageID #:
19261

```
 1   meets all of the factors of 3553, including general
 2   and specific deterrence and respect for the law.
 3               We would ask that the defendant's
 4   federal sentence be consecutive to his anticipated
 5   state court sentence in Jasper County, South
 6   Carolina.  That was a charge for resisting arrest,
 7   and there is evidence in this case that the
 8   defendant also resisted arrest, and so we ask that
 9   the defendant suffer the consequences of both of
10   those convictions and that they be consecutive.
11               Thank you, Your Honor.
12          THE COURT:  Thank you.
13               All right.  Mr. Beane, now you can come
14   back up to the podium, please.
15               Is there anything that you would like
16   to say -- I'm going to give you the chance to
17   allocute, if you would like, in a moment.  But at
18   this point you're representing yourself.  If there
19   is anything you'd like to say either in response to
20   the government's argument regarding imposition of
21   sentence or anything else you'd like to say on your
22   own behalf regarding imposition of sentence in this
23   case.
24          THE DEFENDANT:  As far as the allegations
25   of resisting arrest in South Carolina, there is no
```

10:28AM on line 10, 10:29AM on line 20.

```
 1    proof of anything I was arrested for.  It was simply
 2    a charge of resisting arrest.  There is no charge of
 3    anything else.
 4              As far as this case is concerned, I'd
 5    argue the fact that I resisted arrest just for the
 6    record.
 7              THE COURT:  Okay.  Anything else you'd like
 8    to say about this case or about what the sentence
 9    should be in this case or what factors the Court
10    should look at regarding the appropriate sentence?
11              THE DEFENDANT:  Other than the fact that
12    this Court has no authority or jurisdiction over me
13    for any proceedings here.
14              THE COURT:  All right.  Thank you.
15              Then, finally, before you sit down,
16    now, as a defendant in a criminal case, even if you
17    were represented by counsel, the Court would give
18    you the chance to allocute or say anything you'd
19    like to say on your own behalf before sentence is
20    imposed.  So that's what I'm asking you now.  Is
21    there anything further or anything you'd like to say
22    on your own behalf to the Court before the Court
23    imposes sentence?
24              THE DEFENDANT:  Other than restating the
25    standing declaration, I have nothing else.
```

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 20 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 258   Filed 10/22/18   Page 24 of 42   PageID #:
19263

1    THE COURT:  All right.  Thank you.

2                Mr. McGrath, anything as elbow counsel?

3    Would you like to consult with Mr. Beane any further

4    or offer anything further?

5                MR. MC GRATH:  No, we've spoken in the last

6    couple days and I visited him out at the jail.  So

7    we've covered all those matters.  So nothing to add,

8    Your Honor.

9                THE COURT:  All right.  Thank you.  Give me

10:30AM   10   just a moment.

11               All right.  The Court in this case has

12   carefully reviewed the Presentence Report,

13   considered the arguments presented by the parties,

14   as well as the Court's considered the trial

15   testimony in this case, and in a manner intended to

16   comply with the Sixth Circuit's jurisprudence since

17   the Booker case rendered the Sentencing Guidelines

18   advisory and Gall v. United States' requirement that

19   the Court make an individual assessment based on the

10:31AM   20   facts presented and adequately explain the chosen

21   sentence, the Court will explain its reasons for the

22   sentence to be imposed in this case in discussing,

23   among other things, the advisory guideline

24   calculation and the factors discussed in 18 United

25   States Code § 3553 relevant to this case.  Based on

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 21 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 260   Filed 10/22/18   Page 25 of 42   PageID #:
19288
19264

1  those factors and considerations of the guidelines

2  range, the Court will then impose a sentence

3  sufficient, but not greater than necessary, to

4  comply with the purposes discussed in 18 U.S.C. §

5  3553.

6        First, with respect to the guideline

7  calculation, that calculation is set forth in the

8  Presentence Report to which there has not been

9  objection, and as noted in paragraph 70, based on a

10:32AM 10  total offense level of 33 and criminal history

11  category of II, the guideline imprisonment range is

12  151 months to 188 months.

13        With respect next to the 18 United

14  States Code § 3553 factors, first, the nature and

15  circumstances of the offense. Again, the defendant

16  was found guilty, as the Court has just discussed --

17  has been found guilty by a jury of five counts of

18  wire fraud, one count of bank fraud, and one count

19  of conspiracy to commit money laundering.

10:33AM 20        His specific offense conduct is set

21  forth, as well as that of his co-defendant, is set

22  forth in some detail beginning at paragraph 6 of the

23  Presentence Report, all of which the Court has

24  reviewed.

25        I'm not going to reiterate all of that

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 22 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 260  Filed 10/22/18  Page 26 of 42  PageID #:
19265
19989

offense conduct today, but the Court has reviewed it
in total and would incorporate the offense conduct
as set forth in the Presentence Report as part of
its analysis of the defendant's instant offense
conduct, coupled, again, with the trial testimony
offered in this case.

By way of brief summary, among other
things, on July 5 and July 7, 2017, this defendant
purchased or attempted to purchase approximately 40
certificates of deposit totaling over $38 million
from USAA Bank using his Social Security number as
the account number and routing number to the Federal
Reserve Bank in New York as the funding account.

In fact, during the trial, as noted in
paragraph 15, the defendant did testify that he did,
in fact, purchase the CDs using his Social Security
number.

In that manner, he advised that he
located a video online of an individual representing
himself as Harvey Dent who informs individuals how
to use a trust account and Federal Reserve routing
numbers to pay off debt, and Beane conveyed that he
decided to try this method of paying off his debt.

In fact, it's noted in paragraph 15
that the defendant testified that he kept purchasing

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 23 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 250   Filed 10/22/18   Page 27 of 42   PageID #:
18990
19266

1    CDs from USAA Bank because he, quote, "wanted to

2    know where the end was," close quote.

3            At some point on July 5, 2017,

4    co-defendant -- his co-defendant, Ms. Tucci-Jarraf,

5    was corresponding with this defendant via Skype and

6    had knowledge of this defendant's attempts to

7    purchase CDs using the aforementioned method.

8            On July 6, 2017, this defendant

9    executed a wire transfer of $493,000 -- $493,110.68

10:35AM   10    to Buddy Gregg Motor Homes, LLC for a 45-foot motor

11    home.

12            Trial testimony showed once USAA Bank

13    and Whitney Bank, the bank utilized by Buddy Gregg

14    Motor Homes, LLC, detected potential fraud regarding

15    this defendant's transaction, his accounts were

16    frozen and fraud investigators began an

17    investigation.

18            On July 8, 10 and 11, 2017, this

19    defendant's co-defendant working on his behalf was

10:36AM   20    involved in telephone conversations with this

21    defendant, representatives of Buddy Gregg Motor

22    Homes and Whitney Bank, and made assurances that the

23    transactions were legal and legitimate.

24            She further informed this defendant to

25    place the motor home in the name of a trust account

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 24 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 250-1   Filed 10/22/18   Page 28 of 42   PageID #:
19267

1  he had created using his Social Security number and

2  Federal Reserve routing number.

3         Paragraph 20 of the Presentence Report

4  also notes this defendant's activities related to

5  purchase of a Ford Super Duty pickup truck for a

6  list price of $80,510.86, or total price of $86,000,

7  and the defendant purchased the vehicle with a

8  written check, and after the fraudulent activity of

9  the defendant was discovered by USAA Bank, the

10:37AM  10  defendant returned that truck to Ted Russell Ford on

11  July 10, 2017.

12         And then paragraphs 21 through 23 of

13  the Presentence Report set forth in more detail this

14  **defendant's activities regarding the subject motor**

15  **home.**

16         Paragraph 25 notes the total intended

17  loss attributed to defendant Beane is no less than

18  $38,994,967, and paragraph 27 under the victim

19  impact provision of the Presentence Report notes

10:37AM  20  that the amount of restitution for which defendant

21  is responsible is $510,589.02.

22         Turning next to the history and

23  characteristics of this defendant, the defendant is,

24  I believe, currently 50 years of age.  He was born

25  in North Carolina, primarily reared by his mother.

                    1  He has one brother and one sister.  He's never been
                    2  married, has no children.
                    3          Again, he's been a lifelong resident of
                    4  North Carolina with the exception of the past
                    5  several years where he resided in the Eastern
                    6  District of Tennessee.
                    7          According to the defendant, he
                    8  graduated from high school in 1985, and was in the
                    9  United States Air Force from 1998 (sic) to 1993.
10:38AM    10          Vocationally the defendant states he's
                   11  been employed in the car detailing business as a
                   12  warehouse manager and with a graphics company.
                   13          He reports being in relatively good
                   14  health with no known physical limitations, no
                   15  history of mental or emotional health treatment, no
                   16  substance abuse history, other than rare use of
                   17  alcohol and experimentation with marijuana in --
                   18  several decades ago in his 20s.
                   19          The defendant does have a limited
10:39AM    20  criminal history.  He's been convicted of offenses
                   21  of trespassing, possession of marijuana, no driver's
                   22  license, wilful destruction by tenant, driving while
                   23  impaired, and driving without a license, all
                   24  resulting in a criminal history category of II in
                   25  this case.

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 26 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 246   Filed 10/22/18   Page 30 of 42   PageID #:
19269

1            With this background in mind, the Court
2   then considers the need for the sentence imposed to
3   reflect various factors, including, but not limited
4   to, the seriousness of the offense.
5            Again, the Court heard testimony in
6   this case, including by the defendant, as well as
7   others, over a multi-day period.
8            The facts deduced at trial, the
9   evidence deduced at trial, the facts as set forth in
10:39AM 10   the Presentence Report related to this defendant's
11   offense conduct.  Again, as highlighted by
12   particularly the loss attributed to this defendant
13   and the amount of restitution owing all constitutes
14   a serious offense conduct on this defendant's part,
15   in terms of his violations of multiple federal
16   offenses, again, bank fraud, wire fraud, and
17   conspiracy to commit money laundering.
18            The Court considers the need to promote
19   respect for the law and provide just punishment.
10:40AM 20   Again, taking into consideration the level, scope
21   and seriousness of the defendant's offense conduct
22   and also taking into consideration his demonstrated
23   lack of respect for the law, and, again, the need to
24   provide just punishment, given the seriousness of
25   his offense conduct, and also taking into

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 27 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 264   Filed 10/22/18   Page 31 of 42   PageID #:
18994
19270

1  consideration his somewhat limited criminal -- past
2  criminal history.
3        The Court does consider the need for
4  adequate deterrence.  The Court finds a need for
5  specific deterrence in this case based on the
6  defendant's offense conduct.
7        The Court also considers general
8  deterrence; that is, fashioning a sentence that
9  hopefully would act as a general deterrent to others
10:41AM 10  similarly situated to this defendant who may
11  contemplate the undertaking of similar crimes in the
12  future.  And the Court also considers the need to
13  protect the public from further crimes of the
14  defendant.
15        Again, while his previous criminal
16  history is somewhat limited, his current offense
17  conduct is serious, and, again, given his statement
18  regarding his belief in the lack of authority or
19  jurisdiction over him, the Court is concerned and
10:41AM 20  does find the need to protect the public from
21  further crimes of the defendant, given his positions
22  in this case.
23        The Court considers the need to provide
24  the defendant with training, education and medical
25  treatment.  The Court does not find the need for

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 28 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 250  Filed 10/22/18  Page 32 of 42  PageID #:
18995
19271

1  substance abuse or mental health treatment in this

2  case.

3  While the defendant is -- from a

4  guideline standpoint is facing a lengthy sentence,

5  the Court does believe the defendant would benefit

6  from additional educational and particularly

7  vocational training opportunities that may be

8  afforded to him by the Bureau of Prisons.

9  To the extent the Court does or the

10:42AM 10  Presentence Report does discuss any treatment, the

11  Court would note that it is not intending to and is

12  not imposing or lengthening the defendant's prison

13  sentence to enable him to complete a treatment

14  program or otherwise promote rehabilitation.

15  The Court also notes under § 3553 that

16  the advisory guidelines are intended, in part, to

17  carry out the national policies as articulated by

18  Congress and that sentences be uniform across the

19  country, to the extent possible, and be based on the

10:42AM 20  offender's actual conduct and history, and the Court

21  has previously noted, as the Presentence Report

22  notes, a need to provide restitution in this case.

23  In light of everything discussed,

24  including the guideline range and the relevant

25  § 3553 factors, and considering the arguments and

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 29 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 257  Filed 10/22/18  Page 33 of 42  PageID #:
18996
19272

1   positions of the parties, the Court is going to

2   impose a guideline sentence in this case of 155

3   months.  For all the reasons discussed, the Court

4   finds this sentence to be sufficient, but not

5   greater than necessary, to comply with the purposes

6   of 18 U.S.C. § 3553.

7           Pursuant to 18 United States Code §

8   3553(c)(1), the Court notes that it finds a sentence

9   within the guidelines range at this range to be

10  justified based upon the Court's belief that such a

11  sentence adequately reflects the seriousness of the

12  instant offenses, provides adequate deterrence, and

13  protects the public from further crimes being

14  committed by the defendant.

15          The Court will also impose a period of

16  supervised release in this case in total of five

17  years, and the Court will also impose the special

18  conditions of supervised release in addition to the

19  general and mandatory conditions, the special

20  conditions found in paragraph 80 of the Presentence

21  Report, to which there has not been specific

22  objection.  These relate to a special search

23  condition during a period of supervised release, as

24  well as in light of the restitution being ordered

25  and the forfeiture being entered.  Special

10:43AM (line 10)
10:44AM (line 20)

1  conditions related to access to financial

2  information, credit restrictions, and requirements

3  regarding payment of financial penalties.  The Court

4  finding these special conditions of supervised

5  release to be reasonably related to the several

6  sentencing factors discussed by the Court to involve

7  no greater deprivation of liberty than reasonably

8  necessary for those several sentencing purposes and

9  to be consistent with pertinent policy statements

10:44AM  10  issued by the Sentencing Commission.

11                Finally, with respect to paragraph 53

12  of the Presentence Report, the pending charge in

13  Jasper County, South Carolina, Docket No.

14  2014-GS-2700554, the Court recognizes its

15  discretion, pursuant to applicable law and

16  guidelines provisions, to run the sentence in this

17  case concurrent, partially concurrent or consecutive

18  to the prior undischarged sentence of imprisonment,

19  and while the sentence in that case is un- -- the

10:45AM  20  Court would find it to be unrelated, which might

21  speak to a consecutive sentence being imposed, there

22  was testimony about -- at the trial, it was tied

23  into this trial, if you will, and was the subject of

24  some testimony, and in light of that, in light of

25  the length of the sentence imposed in this case, the

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 31 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 248  Filed 10/22/18  Page 35 of 42  PageID #:
19274
19298

```
 1   Court will run the sentence in this case concurrent
 2   to any sentence arising from the sentence imposed
 3   due to violations in Jasper County, South Carolina.
 4           Accordingly and pursuant to the
 5   Sentencing Reform Act of 1984, it is the judgment of
 6   the Court as to Counts 1 through 7 that the
 7   defendant, Randall Keith Beane, is hereby committed
 8   to the custody of the Bureau of Prisons for a total
 9   term of imprisonment of 155 months.
10           This sentence consists of a term of
11   120 months as to each of Counts 1 through 5 and 155
12   months as to each of Count 6 and 7 to run
13   concurrently.
14           It's further ordered that you shall
15   make restitution in the amount of $510,589.02 to
16   USAA Bank in accordance with 18 United States Code
17   §§ 3663 and 3663(a) or any other statute authorizing
18   restitution.
19           Restitution shall be paid in full
20   immediately.  The government may enforce the full
21   amount of restitution ordered at any time pursuant
22   to Title 18 U.S.C. §§ 3612, 3613 and 3664(m).
23           The U.S. Bureau of Prisons, U.S.
24   Probation Office and the U.S. Attorney's Office
25   shall monitor payment of restitution and reassess
```

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 32 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 259   Filed 10/22/18   Page 36 of 42   PageID #:
19275

1  and report to the Court any material change in your

2  ability to pay.

3          You shall make restitution payments

4  from any wages you may earn in prison in accordance

5  with the Bureau of Prisons Inmate Financial

6  Responsibility Program.  Any portion of restitution

7  not paid in full at the time of your release from

8  imprisonment shall become a condition of

9  supervision.

10:47AM 10          The Court finds you do not have the

11  ability to pay interest on the restitution ordered.

12  Interest is waived.

13          Upon release from imprisonment, you

14  shall be placed on supervised release for a total

15  term of five years, consisting of three years as to

16  each of Counts 1 through 5 and five years as to each

17  of Counts 6 and 7 to run concurrently.

18          While on supervised release, you shall

19  not commit another federal, state or local crime.

10:47AM 20  You must not unlawfully possess and must refrain

21  from use of controlled substances and comply with

22  the standard conditions adopted by this court in

23  Local Rule 83.10.

24          In particular, you must not own,

25  possess or have access to a firearm, ammunition,

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 33 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 250   Filed 10/22/18   Page 37 of 42   PageID #:
19000
19276

1   destructive device or other dangerous weapon.  You

2   shall cooperate in the collection of DNA as directed

3   by the probation officer and, again, comply with the

4   special conditions as set forth in the Presentence

5   Report and previously articulated by the Court.

6               Title 18 United States Code §§ 3565(b)

7   and 3583(g) require mandatory revocation of

8   supervised release for possession of a controlled

9   substance, ammunition or firearm, or for refusal to

10:48AM  10  comply with drug testing.

11              Pursuant to Title 18 U.S.C. § 3013, you

12  shall pay a special assessment fee in the amount of

13  $700 which shall be due immediately.

14              The Court finds you do not have the

15  ability to pay a fine, however, and will waive the

16  fine in this case.

17              Pursuant to Rule 32 of the Federal

18  Rules of Criminal Procedure, the Court advises you

19  may have the right to appeal the sentence imposed in

10:48AM  20  this case.  The Notice of Appeal must be filed

21  within 14 days of entry of judgment.  If you request

22  and so desire, the Clerk of Court can prepare and

23  file the Notice of Appeal for you.

24              It's further ordered you be remanded to

25  the custody of the Attorney General pending

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 34 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 19001 Filed 10/22/18   Page 38 of 42   PageID #:
19277

1    designation by the Bureau of Prisons.

2              Ms. Davidson, does the government have

3    any objection to the sentence just pronounced that

4    has not previously been raised?

5              MS. DAVIDSON:  No, Your Honor, we have no

6    objections, but it's my understanding that the

7    Preliminary Order of Forfeiture must also be

8    announced orally.

9              THE COURT:  All right.  The Court has

10:49AM 10   previously entered the Preliminary Order of

11   Forfeiture, but the Court does announce the entry of

12   a Preliminary Order of Forfeiture in accordance with

13   applicable law, specifically the forfeiture of a

14   2017 Entegra Cornerstone 45B 45-foot diesel motor

15   home, VIN No. 4VZVU1E94HC082572, topaz in color,

16   with eight wheels, and a money judgment in favor of

17   the United States and against the defendant, Randall

18   Keith Beane, for $553,749.99, representing the

19   minimum amount of proceeds Randall Keith Beane

10:50AM 20   personally obtained directly or indirectly as a

21   result of the criminal violations of 18 United

22   States Code §§ 1343 and 1344.

23             Anything further from the government?

24             MS. DAVIDSON:  No, Your Honor.  Thank you.

25             THE COURT:  All right.  Mr. Beane, do you

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 35 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 250   Filed 10/22/18   Page 39 of 42   PageID #:
19278

```
 1   as defendant have any objections to the sentence
 2   just pronounced that has not previously been raised?
 3          THE DEFENDANT:  Yes, I object to the
 4   sentencing.  You have no authority or jurisdiction
 5   to sentence me; standing documents 147, 148, 149,
 6   150, and 151.
 7          THE COURT:  All right.  Other than
 8   objections related to the authority and the
 9   jurisdiction of the Court, do you have any other
10   objections to the sentence just pronounced not
11   previously raised?
12          THE DEFENDANT:  No.
13          THE COURT:  All right.  Thank you.
14              And the Court has previously addressed
15   defendant's continuing objections to the authority
16   and jurisdiction of the Court and would repeat and
17   reincorporate its oral and written pronouncements in
18   that regard.
19              So anything further we need to take up
20   this morning from either side?  Ms. Davidson?
21          MS. DAVIDSON:  No, Your Honor.
22          THE COURT:  Mr. Beane?
23          THE DEFENDANT:  Yes, I'd like to appeal the
24   sentencing.
25          THE COURT:  All right.  You'd like the
```

Case 3:17-cr-00082-TAV-DCP  Document 240  Filed 08/01/18  Page 36 of 38  PageID #:
Case 3:17-cr-00082-TAV-DCP  Document 250-3  Filed 10/22/18  Page 40 of 42  PageID #: 19279
19003

1    Clerk to file a Notice of Appeal for you?

2                THE DEFENDANT:  Yes.

3                THE COURT:  All right.  The Court will

4    direct the Clerk to do so.

5                Anything further, Mr. Beane?

6                THE DEFENDANT:  No.

7                THE COURT:  All right.  Thank you.

8                Anything further from the government?

9                MS. DAVIDSON:  No, Your Honor.

10:51AM  10        THE COURT:  All right.  Then we'll stand in

11    recess.

12                Thank you, everyone, for being here

13    this morning.

14                THE COURTROOM DEPUTY:  All rise.  This

15    honorable court should stand in recess until 1:30.

16                            (Which were all the proceedings

17                             had and herein transcribed.)

18                    *  *  *  *  *  *  *

19

20

21

22

23

24

25

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 37 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 260   Filed 10/22/18   Page 41 of 42   PageID #:
19004
19280

```
1                    C-E-R-T-I-F-I-C-A-T-E

2    STATE OF TENNESSEE

3    COUNTY OF KNOX

4         I, Teresa S. Grandchamp, RMR, CRR, do hereby

5    certify that I reported in machine shorthand the

6    above proceedings; that the foregoing pages were

7    transcribed under my personal supervision and

8    constitute a true and accurate record of the

9    proceedings.

10        I further certify that I am not an attorney

11   or counsel of any of the parties, nor an employee or

12   relative of any attorney or counsel connected with

13   the action, nor financially interested in the

14   action.

15        Transcript completed and signed on Wednesday,

16   August 1, 2018.
```

**Teresa S. Grandchamp, RMR, CRR**

Digitally signed by Teresa S. Grandchamp,
RMR, CRR
DN: cn=Teresa S. Grandchamp, RMR, CRR,
o=Eastern District of Tennessee, ou=United
States District Court,
email=courtreporter.usdc.tn@gmail.com, c=US
Date: 2018.08.01 14:08:03 -04'00'

```
                    TERESA S. GRANDCHAMP, RMR, CRR
20                  Official Court Reporter

21

22

23

24

25
```

Case 3:17-cr-00082-TAV-DCP   Document 240   Filed 08/01/18   Page 38 of 38   PageID #:
Case 3:17-cr-00082-TAV-DCP   Document 260   Filed 10/22/18   Page 42 of 42   PageID #:
19005
19281