| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **3:17-CR-82** |
| ) | **Judge Varlan** |
| RANDALL KEITH BEANE ) | |

**UNITED STATES' RESPONSE TO USAA FEDERAL SAVINGS BANK'S
PETITION AND REQUEST FOR DISCOVERY AND MOTIONS DEADLINE**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee and Anne-Marie Svolto, Assistant United States Attorney hereby responds to USAA Federal Bank's Petition of Third-Party Interest [Doc. 246] and moves, pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n), to set a discovery schedule, followed by a date for motions.

**Factual Background**

On July 18, 2017, an Indictment was issued charging the defendant, RANDALL KEITH BEANE, with wire fraud, bank fraud and conspiracy to launder money, in violation of 18 U.S.C. §§ 1343, 1344 and 1956(h) (Counts One through Seven). (Doc. 3, Indictment.)

In the forfeiture allegations of the Indictment, the United States sought forfeiture of the interest of the defendant in any property derived from or traceable to property derived from proceeds of the wire fraud and bank fraud violations and any property involved in the commission of the money laundering offense, as set forth in the Indictment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2). (Doc. 3, Indictment, pg. 7-8.)

On February 1, 2018, the defendant was convicted of the offenses charged in the Indictment. By virtue of the conviction, and the evidence produced at trial, the Court determined that the properties identified below were subject to forfeiture pursuant to 18 U.S.C.

§§ 982(a)(1) and 982(a)(2), and that the United States has established the requisite nexus between the properties and the offense pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

    (a)    2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN 4VZVU1E94HC082752; topaz in color with eight wheels; and

    (b)    A money judgment in favor of the United States and against the defendant, RANDALL KEITH BEANE, for $553,749.99, which represents the minimum amount of proceeds RANDALL KEITH BEANE personally obtained, directly or indirectly, as a result of the criminal violations of 18 U.S.C. §§ 1343 and 1344.

On July 24, 2018, the Court entered a Preliminary Order of Forfeiture (Doc. 224) pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2). A Notice of Forfeiture was filed on July 26, 2018 [Doc. 231], and notice was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning July 27, 2018 and ending on August 25, 2018. A Declaration of Publication [Doc. 244] was filed on September 18, 2018.

On September 25, 2018 USAA Federal Savings Bank ("USAA"), through their attorney Brian R. Epling, filed a timely Petition of Third Party Interest and asserts their interest in the 2017 Entegra Cornerstone Motorhome ("Motorhome") identified in the Indictment filed on July 18, 2017 [Doc. 3] and the Preliminary Order of Forfeiture [Doc. 224] and requests a hearing to adjudicate its interest. USAA Federal Savings Bank is a victim in the case. To date, no other parties have filed judicial petitions asserting an interest in the Motorhome.

## Legal Analysis

As incorporated by 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853 sets forth the exclusive remedy for asserting and adjudicating third party claims to property forfeited in a federal criminal case. *See, e.g., United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012) (finding that an ancillary proceeding under § 853(n) is "the sole avenue for a third party to assert an

2

interest in forfeitable property"); *United States v. DSI Associates LLC*, 496 F.3d 175, 183 (2d Cir. 2007) (explaining that "section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered"); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (stating that "[t]he law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property"). Any other actions at law or equity, including foreclosure proceedings, are barred. *See* 21 U.S.C. § 853(k); *DSI Associates*, 496 F.3d at 183 (explaining that "the statutory scheme bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.'" (quoting *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (quoting 21 U.S.C. § 853(k)); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995) (holding that "[o]nce the government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to a return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)").

In order to successfully challenge the forfeiture in an ancillary proceeding, a third party must establish by a preponderance of evidence either that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).

Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure, authorizes the Court to "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the Court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B).

USAA has been identified as a victim in the above-referenced criminal case. Before property can be forfeited to the United States, and then distributed to victims by the Attorney General[1] in accordance with a district court's restitution order, relevant third party claims must be resolved. This prevents forfeiture of property belonging to someone other than the defendant. The forfeiture statutes at issue in this case 18 U.S.C. §§ 982(a)(1) and 982(a)(2), provide a mechanism for third parties to make a claim to criminally forfeited property. USAA is entitled to restitution based upon the Judgment entered in the criminal case on July 25, 2018. (Doc. 228, Judgment.) The Court ordered the defendant to pay restitution to USAA in the amount of $510,589.02. (*Id*.)

After the entry of a Final Order of Forfeiture, the United States intends to use the restoration process and submit a restoration request to the Money Laundering and Asset Recovery Section ("MLARS") on the behalf of USAA, alleviating any need for USAA to file a claim or otherwise take steps to receive payment from forfeited property.

USAA is requesting to manage the sale or disposition for the asset as it sees fit and claims it is entitled to $553,749.99 as part of this forfeiture action based on fraudulently obtained proceeds. (Doc. 246, Petition of Third Party Interest, pgs. 2-3.) The United States submits that it is currently working with USAA regarding the procedure for the sale of the Motorhome and

---

[1] Once the property is forfeited, the Attorney General may restore the proceeds from the sale of forfeited property to victims of the charged crimes. *See* 21 U.S.C. § 853(i).

4

expects to reach a mutual agreement.  To this end, the United States asks the Court to set a period for discovery followed by a date for dispositive motions.  As indicated, at this juncture, the United States anticipates that during the discovery period the United States may either settle the claim or file a dispositive motion.  In such case, a hearing may be unnecessary.

        Respectfully submitted,

        J. DOUGLAS OVERBEY
        United States Attorney

By:   *s/ Anne-Marie Svolto*
        ANNE-MARIE SVOLTO
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, Tennessee  37902
        (865) 545-4167

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

        *s/Anne-Marie Svolto*
        ANNE-MARIE SVOLTO
        Assistant United States Attorney