# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:17-CR-82 |
| v. ) | |
| ) | CHIEF JUDGE VARLAN |
| RANDALL KEITH BEANE ) | |

## JOINT MOTION FOR ENTRY OF CONSENT ORDER

The United States of America, by and through Gretchen Mohr, Assistant United States Attorney for the Eastern District of Tennessee, and Brian R. Epling, counsel for the claimant, USAA Federal Savings Bank, move for entry of the attached Consent Order pursuant to Rule 47(b) of the Federal Rules of Criminal Procedure and in compliance with ECF Rule 4.8.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

*s/Gretchen Mohr*
GRETCHEN MOHR
Assistant United States Attorney


*s/Brian R. Epling (w/permission)*
BRIAN R. EPLING
Attorney for Claimant, USAA Federal
Savings Bank


## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail.

*s/Gretchen Mohr*
GRETCHEN MOHR
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | No. 3:17-CR-82 |
| v. ) | |
| ) | CHIEF JUDGE VARLAN |
| **RANDALL KEITH BEANE** ) | |

### CONSENT ORDER

This consent order provides for the disposition of an asset forfeited by defendant RANDALL KEITH BEANE; namely a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN 4VZVU1E94HC082752; topaz in color with eight wheels ("MOTORHOME"). With the intention of providing for the disposition of the above listed property, the parties to this Consent Order represent to the Court as follows:

On July 18, 2017, an Indictment was issued charging the defendant, RANDALL KEITH BEANE, with wire fraud, bank fraud and conspiracy to launder money, in violation of 18 U.S.C. §§ 1343, 1344 and 1956(h) (Counts One through Seven). (Doc. 3, Indictment.)

In the forfeiture allegations of the Indictment, the United States sought forfeiture of the interest of the defendant in any property derived from or traceable to property derived from proceeds of the wire fraud and bank fraud violations and any property involved in the commission of the money laundering offense, as set forth in the Indictment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2). (Doc. 3, Indictment, pg. 7-8.)

On February 1, 2018, the defendant was convicted of the offenses charged in the Indictment. By virtue of the conviction, and the evidence produced at trial, the Court determined that the properties identified below were subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1)

and 982(a)(2), and that the United States has established the requisite nexus between the properties and the offense pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

> (a) 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome; VIN 4VZVU1E94HC082752; topaz in color with eight wheels; and
>
> (b) A money judgment in favor of the United States and against the defendant, RANDALL KEITH BEANE, for $553,749.99, which represents the minimum amount of proceeds RANDALL KEITH BEANE personally obtained, directly or indirectly, as a result of the criminal violations of 18 U.S.C. §§ 1343 and 1344.

On July 24, 2018, the Court entered a Preliminary Order of Forfeiture (Doc. 224) pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2). A Notice of Forfeiture was filed on July 26, 2018 [Doc. 231], and notice was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning July 27, 2018 and ending on August 25, 2018. A Declaration of Publication [Doc. 244] was filed on September 18, 2018.

On September 25, 2018 USAA Federal Savings Bank ("USAA FSB"), through their attorney Brian R. Epling, filed a timely Petition of Third Party Interest and asserts their interest in the MOTORHOME identified in the Indictment filed on July 18, 2017 [Doc. 3] and the Preliminary Order of Forfeiture [Doc. 224] and requests a hearing to adjudicate its interest. USAA Federal Savings Bank is a victim in the case. To date, no other parties have filed judicial petitions asserting an interest in the MOTORHOME.

The United States acknowledges that USAA FSB is a victim in the above-referenced case. USAA FSB is entitled to restitution based upon the Judgment entered in the criminal case on July 25, 2018. (Doc. 228, Judgment.) The Court ordered the defendant to pay restitution to USAA FSB in the amount of $510,589.02. (*Id.*)

After the entry of a Final Order of Forfeiture, the United States intends to use the restoration process and submit a restoration request to the Money Laundering and Asset Recovery Section ("MLARS") on the behalf of USAA FSB, alleviating any need for USAA FSB to file a claim or otherwise take steps to receive payment from forfeited property.

In order to begin the steps in the restoration process, USAA FSB agrees to withdraw its claim to manage the sale of the MOTORHOME and agrees that the United States will manage the sale and disposition of the MOTORHOME. In turn, the United States agrees to sell the MOTORHOME in a commercially reasonable manner, and upon consultation with USAA FSB. The United States further agrees to consult with USAA FSB, to the extent practicable, in preparing the MOTORHOME for sale.

The parties further agree that the net proceeds from the sale of the MOTORHOME will include all money realized from the sale of the property, minus the following:

(a) Verified Liens, if any, that are superior to the interest of USAA FSB;

(b) All costs incurred by the United States Department of Justice, United States Marshals Service, or its designated representative, in connection with the storage, maintenance, marketing and sale of the property; and

(c) Transfer of title fees, if any.

The parties further agree that each party shall be responsible for its own attorneys' fees.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. The United States will consult with USAA FSB, to the extent practicable, to market and sell the MOTORHOME, in a commercially reasonable manner;

2. The United States will submit a restoration request to MLARS after the entry of a Final Order of Forfeiture to request that the proceeds from the sale of the MOTORHOME be restored to USAA FSB;

3. The parties shall be responsible for payment of their own expenses including attorneys' fees incurred in connection with this proceeding; and

4. The Clerk of this Court provide the United States Attorney's Office, Greeneville, Tennessee, with a certified copy of this Order.

                                                                    THOMAS A. VARLAN
                                                                    CHIEF UNITED STATES DISTRICT JUDGE

CONSENTED TO:

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By:    *s/Gretchen Mohr*
       Gretchen Mohr
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, Tennessee 37902

       *s/Brian R. Epling (with permission)*
       Brian R. Epling
       Counsel for USAA Federal Savings Bank

4

Case 3:17-cr-00082-TAV-DCP   Document 256   Filed 01/15/19   Page 5 of 5   PageID #: 19295