IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-82-TAV-DCP |
| | ) | |
| RANDALL KEITH BEANE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on a petition [Doc. 246-1] asserting a third-party interest in a 2017 Entegra Cornerstone 445B forty-five-foot diesel motorhome, VIN# 4VZVU1E94HC082752 ("the motorhome"). This Petition was filed on September 25, 2018, by USAA Federal Savings Bank ("USAA FSB") and referred [Doc. 253] to the undersigned on December 4, 2018. *See* 28 U.S.C. § 636(b). The Court held telephonic status conferences on December 13, 2018, and January 15, 2019. At the January 15, 2019 status conference, Assistant United States Attorney Anne-Marie Svolto, representing the Government, and Attorney Brian R. Epling, representing USAA FSB, informed the Court that they had filed a Joint Motion for Entry of a Consent Order [Doc. 256], with the proposed Consent Order attached. Because the parties have reached a consensual agreement as to the disposition of the motorhome, the Court concludes that no factual or legal disputes remain with regard to the petition. As discussed below, the undersigned recommends that the Chief District Judge accept the proposed consent order.

The instant petition arises from Defendant Randall Keith Beane's forfeiture of the motorhome. On February 1, 2018, a jury found Defendant Randall Keith Beane guilty [*see* Doc.

119] of five counts of wire fraud affecting a financial institution, one count of bank fraud, and conspiracy to commit money laundering. On July 24, 2018, Chief United States District Judge Thomas A. Varlan entered a Preliminary Order of Forfeiture [Doc. 224], ordering that the motorhome and a money judgment of $553,749.99 are forfeited. The Order directs that third parties claiming a legal interest in this property must file a petition with the Court within sixty (60) days of the Government's publication of Notice on a government website. The Judgment [Doc. 228] of conviction, entered on July 25, 2018, orders that the Defendant pay $510,589.02 in restitution to USAA Bank. On September 25, 2018, USAA FSB timely filed the instant petition, seeking a hearing to adjudicate its interest in the motorhome.

USAA FSB asserts [Doc. 246-1] that, pursuant to Tennessee law, it has a constructive trust in the motorhome, which trust is a superior legal interest to that of the United States. *See* 21 U.S.C. § 853(n). USAA FSB asks to take possession of the motorhome and to manage its sale or disposition. Alternatively, it contends it is entitled to $553,749.99, which represents funds fraudulently obtained by Defendant Beane. The Government responds [Doc. 251, p.4] that "[a]fter the entry of a Final Order of Forfeiture, the United States intends to use the restoration process and submit a restoration request to the Money Laundering and Asset Recovery Section ("MLARS") on behalf of USAA, alleviating any need for USAA to file a claim or otherwise take steps to receive payment from forfeited property." The Government states USAA FSB is a victim in this case and asked the Court to set a discovery schedule and motion deadline.

On December 13, 2018, the undersigned held a telephonic status conference to set an evidentiary hearing pursuant to 21 U.S.C. § 853(n) and other deadlines. During that conversation, the parties informed the Court that they were working on the terms of a consent order, to resolve USAA FSB's interest without need for judicial involvement. They asked the

2

Court to hold another status conference in mid-January. On January 15, 2019, the parties filed a Joint Motion for Entry of Consent Order [Doc. 256] with the proposed Consent Order attached. At a status conference later that day, counsel for USAA FSB informed the undersigned that the proposed Consent Order resolves the claims in the Petition to USAA FSB's satisfaction.

The proposed Consent Order provides that the United States acknowledges that USAA FSB is a victim in this case and is entitled to restitution of $510,589.02, based upon the July 25, 2018 Judgment [Doc. 228]. The Consent Order states that following the entry of a final order of forfeiture, the Government intends to submit a restoration request to MLARS on behalf of USAA FSB. The Consent Order also relates that USAA FSB agrees to withdraw its claim to manage the sale of the motorhome and agrees the United States will manage same. The United States agrees to sell the motorhome "in a commercially reasonable manner" and to consult with USAA FSB "to the extent practicable" in preparing the motorhome for sale [Doc. 256, p.3]. The parties agree that the net proceeds of the sale of the motorhome will include all money realized from the sale of the property, minus the following: any superior verified liens; costs incurred by the Department of Justice or the United States Marshals Service in storing, maintaining, marketing, and selling the motorhome; and fees for the transfer of title. The parties also agree to pay their own fees and expenses, including attorneys' fees.

Based upon the undersigned's review of the consent order and the parties' representations in the status conferences, the undersigned **RECOMMENDS** that the Chief District Judge grant the Joint Motion for Entry of Consent Order [Doc. 256] and approve the parties' attached proposed Consent Order. The undersigned also recommends that the Chief District Judge

permit USAA FSB to withdraw its Petition [Doc. 246-1].[1]

                                        Respectfully submitted:

                                        _/s/ Debra C. Poplin_
                                        Debra C. Poplin
                                        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).