UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:17-CR-82 |
| v. ) | |
| ) | JUDGES VARLAN / SHIRLEY |
| RANDALL KEITH BEANE, et al. ) | |

## MOTION FOR INTERLOCUTORY SALE OF PROPERTY

The United States of America, by and through Gretchen Mohr, Assistant United States Attorney for the Eastern District of Tennessee, hereby moves pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, for an order authorizing the immediate interlocutory sale of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome, VIN# 4VZVU1E94HC082752; topaz in color with eight wheels (hereinafter "Motorhome") which is subject to forfeiture in this criminal case. In support of its motion, the Government says the following:

### Background

1. On July 18, 2017, an Indictment (Doc. 3) was filed charging the defendant, RANDALL KEITH BEANE, and another, with wire fraud, bank fraud and conspiracy to launder money, in violation of 18 U.S.C. §§ 1343, 1344 and 1956(h).

2. The Indictment further alleged forfeiture of the interest of the defendant in any property derived from or traceable to property derived from proceeds of the wire fraud and bank fraud violations and any property involved in the commission of money laundering offense, as set forth in the Indictment, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2).

3. On February 1, 2018, the defendant was convicted of the offenses charged in the Indictment (Doc. 119, Jury Verdict). By virtue of the conviction, and the evidence produced at trial, this Court determined that the Motorhome was subject to forfeiture pursuant to 18 U.S.C.

§§ 982(a)(1) and 982(a)(2), and that the United States established the requisite nexus between the Motorhome and the violations charged in the Indictment for which the defendant has been found guilty.

4. On July 24, 2018, this Court entered a Preliminary Order of Forfeiture (Doc. 224) against the defendant condemning and forfeiting his interest in the Motorhome. Defendant, Randall Keith Beane, was sentenced on July 24, 2018, and this Court entered a Judgment (Doc. 228) against the defendant ordering the defendant to forfeit his interest in the Motorhome. The defendant filed an appeal (Doc. 230) on July 25, 2018. The appeal is currently pending.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), the Preliminary Order of Forfeiture (Doc. 224) and the Notice of Forfeiture (Doc. 231), notice of forfeiture as to the Motorhome was published on an official Government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on July 27, 2018 and ending on August 25, 2018. A Declaration of Publication (Doc. 244) was filed with the Clerk of this Court on September 18, 2018.

6. On September 25, 2018, USAA Federal Savings Bank ("USAA FSB"), through their attorney Brian R. Epling, filed a timely Petition of Third Party Interest (Doc. 246) and asserted their interest in the Motorhome identified in the Indictment (Doc. 3) and the Preliminary Order of Forfeiture (Doc. 224) and requested a hearing to adjudicate its interest. USAA FSB is a victim in the case.

7. On January 30, 2019, a Consent Order (Doc. 260) between the United States and USAA FSB was filed wherein the United States acknowledged that USAA FSB is a victim in the above-referenced case and that as a victim USAA FSB is entitled to restitution in the amount of $510,589.02 based upon the Judgment entered in the criminal case on July 25, 2018. (Doc. 228.)

The Consent Order further stated that after the entry of a Final Order of Forfeiture, the United States will submit a restoration request to the Money Laundering and Asset Recovery Section ("MLARS") to request that the proceeds from the sale of the Motorhome be restored to USAA FSB, alleviating any need for USAA FSB to file a claim or otherwise take steps to receive payment from forfeited property. To date, no other parties have filed judicial petitions asserting an interest in the Motorhome.

8. The Motorhome is causing the Government to incur considerable storage costs and its value is rapidly depreciating. Accordingly, the Government is seeking the approval of the Court to convert the Motorhome to cash by way of interlocutory sale in order to preserve the value of the Motorhome for the benefit of the victim, USAA FSB, as well as the defendant should he prevail on appeal. In sum, it is in the best interest of all parties that the Motorhome be sold as soon as possible.

## Discussion

Rule 32.2(b)(7) provides as follows:

> At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. The sale may be ordered if the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the court "finds other good cause." The sale must be made by a United States agency that has authority to sell the property,

by the agency's contractor, or by any person that the court designates. Rule G(7)(b)(ii). If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Rule G(7)(b)(iii).

When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. Rule G(7)(b)(iv). If, at the conclusion of the Defendant's appeal, the court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law. Rule G(7)(c).

As set forth above, on July 24, 2018, this Court entered a Preliminary Order of Forfeiture (Doc. 224) against the defendant condemning and forfeiting his interest in the Motorhome. Rule 32.2(b)(4)(A) provides, "At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant." The Preliminary Order of Forfeiture extinguished the defendant's interest in the forfeited property when he was sentenced on July 24, 2018. *United States v. Carmichael*, 436 F. Supp. 2d 1244, 1246-47 (M.D. Ala 2006) (21 U.S.C. § 853(h) bars defendant from objecting to the sale of the forfeited property pending appeal as his interest in the property has been extinguished); *United States v. Stewart*, No. CRIM. A. 96-583, 1999 WL 551891, *5-6 (E.D. Pa. June 25, 1999) (defendant cannot object to sale of property once his interest is extinguished).

In the instant case, the United States Marshals Service is in possession of the Motorhome, which is depreciating in value, and causing the Government to incur storage and maintenance costs. *United States v. Guzman,* 2013 WL 12228400, *3 (M.D. Tenn. Oct. 7, 2013) (depreciation

and storage costs justify interlocutory sale of seized airplane). At the time of seizure, the appraisal value of the Motorhome was $448,715.00. *See* Exhibit A attached hereto. As of November 26, 2018, the appraisal value of the Motorhome is $443,090.00. *See* Exhibit B attached hereto. This value is based on the NADA values and is updated every twelve (12) months as the values decrease over time. To date, the total current costs to store and maintain the Motorhome has reached a total of $6,364.04. *See* Exhibit C attached hereto. Liquidating the Motorhome, through a sale by the United States Marshals Service, will preserve the value of the Motorhome for the benefit of the victim, USAA FSB, and the defendant should he prevail on appeal.

At present, it appears that the appeal will not be decided in the near future. Accordingly, it would be in the interests of justice for the Court to order the interlocutory sale of the Motorhome.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court enter an Order granting its motion for an interlocutory sale pursuant to Rule 32.2(b)(7).

A proposed Order is submitted herewith in compliance with ECF Rule 4.9

    Respectfully submitted,

    J. DOUGLAS OVERBEY
    United States Attorney

By:   *s/Gretchen Mohr*
    GRETCHEN MOHR
    Assistant United States Attorney
    800 Market Street, Suite 211
    Knoxville, Tennessee 37902
    (865) 545-4167

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Stephen Louis Braga, Esq.
University of Virginia
Appellate Litigation Clinic
580 Massie Road
SI-251
Charlottesville, VA 22903

Brian R. Epling, Esq.
Bradley Arant Boult Cummings LLP
P.O. Box 340025
Nashville, TN 37203-0025

Heather Ann Tucci-Jarraf
F.C.I. Dublin
5675 Eighth Street
Camp Parks
Dublin, CA 94568

Dennis G. Terez, Esq.
P.O. Box 22128
Beachwood, OH 44122-9998

                                                          s/*Gretchen Mohr*
                                                          GRETCHEN MOHR
                                                          Assistant United States Attorney