UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:17-CR-82-TAV-DCP |
| RANDALL KEITH BEANE and HEATHER ANN TUCCI-JARRAF, | ) | |
| Defendants. | ) | |

## **ORDER FOR INTERLOCUTORY SALE OF PROPERTY**

Before the Court is the Government's motion for interlocutory sale of a 2017 Entegra Cornerstone 45B; 45 foot diesel motorhome, VIN# 4VZVU1E94HC082752; topaz in color with eight wheels (hereinafter "Motorhome") that has been named as subject to forfeiture in this criminal case [Doc. 262].

Rule 32.2(b)(7) provides as follows:

At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause." Rule G(7)(b)(i). Here, the Government has represented that the property is subject

to forfeiture and is causing the Government to incur substantial storage costs, and is depreciating in value as time passes.

The Court finds that the Government's desire to avoid storage costs and the risk of depreciation in value constitute "good cause" for the interlocutory sale of the Motorhome named in the Indictment.

The Government has shown that as of the date of this Order the appraisal value of the Motorhome is $443,090.00, the cost of storage for the Motorhome is $6,364.04 and the appeal of defendant Randall Beane is unlikely to be resolved in the near future. If the property subject to forfeiture is sold and converted to cash now, instead of at the conclusion of the appeal, and the sales proceeds deposited in an interest-bearing account, the risks, losses and costs that the Government would otherwise incur over the next several months will be avoided, while the value of the property will be preserved, for the benefit of the victim, USAA Federal Savings Bank, and the Defendant, should he prevail on appeal.

For the reasons stated above, the Government's Motion for Interlocutory Sale of Property [Doc. 262] is **GRANTED**. Accordingly, it is **HEREBY ORDERED**, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, and Rule G(7) of the Federal Rules of Civil Procedure, that the United States may sell, the Motorhome listed in the Indictment filed on July 18, 2017 by commercially feasible means.

It is **FURTHER ORDERED**, that the net proceeds of the sale will be deposited into an interest-bearing account maintained by the U.S. Marshals Service and substituted as the property subject to forfeiture in this action pending a final judgment in this case. The

net proceeds from the sale of the property will include all money realized from the sale of the property, less the costs incurred by the United States, its agencies, or contractors in connection with the maintenance, repair, marketing, and sale of the property.

It is **FURTHER ORDERED**, that the Government may, in its sole discretion, reject any offer to purchase any item of property subject to this Order where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

The Clerk of the Court shall send copies of this order to counsel for the parties.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE