UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RANDALL KEITH BEANE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-375-TAV-DCP |
| | ) | 3:17-CR-82-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Randall Keith Beane has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 271; Case No. 3:21-cv-375 ("Civil Case"), Doc. 1],[1] as well as several supplements [Civil Case, Docs. 2, 3, 4, 5], a motion to recuse [Civil Case, Doc. 10], and a motion for summary judgment [Civil Case, Doc. 13]. The government responded in opposition [Civil Case, Doc. 14], and petitioner has replied [Civil Case, Doc. 15]. First, petitioner's motion for recusal [Civil Case, Doc. 10] will be **DENIED**. Furthermore, because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 271; Civil Case, Doc. 1] and motion for summary judgment [Civil Case, Doc. 13] will be **DENIED**.

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

## I. Background

The Court presumes familiarity with the facts of this case and will only provide a brief description of the relevant facts. On February 1, 2018, a jury found petitioner guilty of five counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Doc. 119]. The Court entered a final judgment sentencing petitioner to 155 months' imprisonment on July 25, 2018 [Doc. 228].

Petitioner subsequently filed a notice of appeal [Doc. 230]. On September 24, 2019, the Sixth Circuit affirmed petitioner's convictions [Sixth Circuit CM/ECF, Case No. 18-5777, Doc. 28-2]. Petitioner did not file a petitioner for certiorari with the United States Supreme Court. On November 4, 2021, petitioner filed the instant § 2255 motion [Doc. 271].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619,

637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III. Analysis**

    **A. Motion to Recuse**

Petitioner moves for recusal based on the facts that "[t]he current judge/former trial judge is a named co-conspirator" and the undersigned granted the government an extension of time to respond to the pending § 2255 motion [Civil Case, Doc. 10, pp. 1–2].

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the judge's] impartiality might reasonably be questioned." Additionally, in relevant part, 28 U.S.C. § 455(b)(1) requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party[.]"

The plaintiff has the burden of establishing objective evidence of bias, *i.e.*, whether a reasonable person, knowing all the surrounding circumstances, would consider the judge impartial. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1992 WL 99456, at *5 (6th Cir. May 12, 1992); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases [and] … arises out of the judge's background and associations." *Sammons*, 918 F.2d at 599 (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th Cir. 1989)).

3

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Indeed, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.* at 551. Moreover, judicial "expressions of impatience, dissatisfaction, annoyance, and even anger" are insufficient to support a recusal motion. *Id.* at 555–56.

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980).

Petitioner's primary argument in favor of recusal is merely a disagreement with the undersigned's rulings, specifically, granting the government additional time to respond to petitioner's § 2255 motion [Civil Case, Doc. 10, pp. 1–2]. This is precisely within the scope of the Supreme Court's admonition in *Liteky* and is not a basis for disqualification. Moreover, to the extent that petitioner asserts that the undersigned is a "named co-conspirator" for purposes of his § 2255 motion [*See* Civil Case, Doc. 10, pp. 1–2], the

4

Court notes that a review of all of the filings in this proceeding indicate that such allegation stems from petitioner's disagreement with the undersigned's rulings in petitioner's underlying criminal proceedings, which he now challenges through § 2255. Accordingly, petitioner has not established any appropriate grounds for recusal in this case, and his motion for recusal [Civil Case, Doc. 10] is **DENIED**.

**B.     Section 2255 Motion**

As an initial matter, the Court notes that petitioner asserts that "there is no statute of limitations for constitutional violations" [Civil Case, Doc. 1, p. 59]. However, petitioner is incorrect. Section 2255 provides a remedy for constitutional violations. And the Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. The Court will thus address whether petitioner's § 2255 motion is timely under each of section of § 2255(f).

5

### 1. Subsection (f)(1)

For purposes of § 2255(f)(1), when a defendant files a direct appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524 (2003). Here, that was 90 days after the Sixth Circuit's final judgment was entered on September 24, 2019 [Sixth Circuit CM/ECF, Case No. 18-5777, Doc. 28-2]. *See* Sup. Ct. R. 13 (providing that a petition for a writ of certiorari must be filed within 90 days after entry of the judgment of the United States court of appeals). Petitioner's conviction thus became final on December 26, 2019, and his § 2255 motion would be due one year later, on December 26, 2020. Thus, when petitioner filed his § 2255 motion on November 4, 2021, the limitations period under § 2255(f)(1) had been expired for over 10 months. Petitioner does not appear to contest this, and the Court finds that his § 2255 motion is untimely under § 2255(f)(1).

### 2. Subsection (f)(2)

Petitioner appears to contend that his § 2255 motion is timely under § 2255(f)(2), because he has been "false[ly] imprisoned and denied access to research and information by the government" [Civil Case, Doc. 1, p. 59]. However, the reference to an impediment "created by governmental action in violation of the Constitution or laws of the United States" in this section rationally cannot mean imprisonment after a criminal conviction. The purpose of § 2255 is to provide a means to challenge the constitutionality of a petitioner's criminal convictions and sentence. *See* 28 U.S.C. § 2255. If subsection (f)(2)

6

prevented the limitations period under § 2255(f) from beginning to run until the allegedly unconstitutional imprisonment ended, § 2255(f) would be meaningless. And "a basic rule of statutory construction mandates that a court should read statutes as a whole and not interpret one provision in a way that would render another meaningless or superfluous." *Grable & Sons Metal Prods. Inc., v. Darue Eng'g & Mfg.*, 377 F.3d 592, 596–97 (6th Cir. 2004).

Additionally, the Sixth Circuit has indicated that, under appropriate circumstances, the lack of federal materials for a prisoner to challenge his conviction could constitute an unconstitutional impediment under § 2255(f)(2). *Simmons v. United States*, 974 F.3d 791, 795–96 (6th Cir. 2020). However, the Sixth Circuit stated that "to invoke Section 2255(f)(2), it is the prisoner's responsibility to allege (1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the prisoner from filing his motion." *Id.* at 796–97.

Here, petitioner simply has not met his burden to invoke § 2255(f)(2). Petitioner does not provide any further detail about the specific research materials he was unable to access due to his imprisonment. Nor has he specified how the lack of these specific research materials prevented him from timely filing a § 2255 motion. Notably, petitioner remains imprisoned and has now filed an extensive and detailed § 2255 motion. However, he provides no information as to when he was able to obtain the research materials he needed to file this motion. Therefore, the Court cannot even evaluate when the alleged

impediment to filing petitioner's § 2255 motion was removed for purposes of § 2255(f)(2). Ultimately, petitioner has not met his burden of establishing that his § 2255 motion is timely under § 2255(f)(2).

### 3. Subsection (f)(3)

Petitioner does not allege that his § 2255 motion is based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Accordingly, § 2255(f)(3) does not apply.

### 4. Subsection (f)(4)

Finally, Petitioner appears to invoke § 2255(f)(4), claiming that he learned of a government conspiracy to violate his rights through a complaint received in March 2021 [Civil Case, Doc. 1, p. 59]. Specifically, he states that he did not know that "a 2015 disposed of South Carolina arrest warrant was used to arrest" him, because "[t]he prosecutors hid this fraud from" him [*Id.* at 61]. He also claims that he did not know that the arrest warrant issued by this Court was signed by a "fictitious deputy clerk" [*Id.*].

Petitioner bears the burden of showing that he exercised due diligence for purposes of § 2255(f)(4). *See Johnson v. United States*, 457 F. App'x 462, 568 (6th Cir. 2012). And, after a review of the record, it appears that petitioner did or could have learned of both of these matters prior to March 2021 through the exercise of due diligence. As to the fact that the federal arrest warrant was signed by a "fictitious deputy clerk," a copy of the arrest warrant signed by "A. Brush" a "Deputy Clerk" was entered on the docket on July 31, 2017

[Doc. 16]. Petitioner has not explained how the filing of this executed arrest warrant was insufficient to inform him of this alleged issue or what further information he later learned.

As to the issue of the South Carolina warrant, during trial, on January 23, 2018, there was testimony regarding an outstanding South Carolina warrant for petitioner, and petitioner's codefendant claimed that there was no copy of the alleged South Carolina warrant provided in discovery [Doc. 162, p. 67]. At his sentencing hearing, on July 24, 2018, petitioner mentioned this matter again, stating "[a]s far as the allegations of resisting arrest in South Carolina, there is no proof of anything I was arrested for" [Doc. 240, pp. 19–20]. Again, petitioner has not explained what information he was missing at these times that would have prevented him from raising a claim on this ground in a timely § 2255 motion. Accordingly, the Court finds that petitioner has not established that his § 2255 motion is timely under § 2255(f)(4).

### 5. Equitable Tolling

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v.*

9

*Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."). Petitioner has not alleged that equitable tolling applies here. And, to the extent that petitioner relies on any of the arguments addressed *supra* for purposes of equitable tolling, the Court finds that he has not established that he has been pursuing his rights diligent and some extraordinary circumstance stood in his way, for the same reasons previously discussed.

For these reasons, the Court finds that petitioner's § 2255 is barred by the AEDPA limitations period, and therefore, his motion will be **DENIED**.[3]

**IV. Conclusion**

For the reasons stated above, petitioner's motion for recusal [Civil Case, Doc. 10] is **DENIED**. Furthermore, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 271; Civil Case, Doc. 1] and motion for summary judgment [Civil Case, Doc. 13] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to

---

[3] The Court notes that, even if petitioner's § 2255 motion was timely, it would be denied on the merits. His lengthy filings in support of his § 2255 motion appear to repeat many of the arguments he raised before trial, which the Sixth Circuit characterized as "frivolous" and "pointless" on appeal [Sixth Circuit CM/ECF, Case No. 18-5777, Doc. 28-2, p. 4].

make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE